IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MARLAYNA G. TILLMAN, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | No. 04-1314 |
| | : | |
| THE PEPSI BOTTLING GROUP, INC., et. al. | : | |
| | : | |
| Defendants. | : | |

**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM OF
DEFENDANT BOTTLING GROUP LLC**

      Defendant, Bottling Group LLC ("PBG"), incorrectly identified as, The Pepsi Bottling Group Inc. in plaintiff's Complaint, by its undersigned counsel, answers the Complaint of plaintiff Marylana Tillman as follows:

**I.     INTRODUCTION**

      1.     PBG denies the allegations in the introduction except to the extent that plaintiff purports to assert such claims in this case. PBG denies that plaintiff has a valid claim or is entitled to any relief under any of the statutes or law cited, including the relief sought.

**II.    PARTIES**

      2.     PBG admits that plaintiff is Black and female. PBG is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 relating to plaintiff's residence and therefore denies the same. PBG denies the allegations in paragraph 2 that plaintiff has a valid claim or is entitled to any relief under any of the statutes or law cited, including the relief sought.

      3.     PBG admits the allegations in paragraph 3.

  4. PBG admits the allegations in paragraph 4.

**III. JURISDICTION AND VENUE**

  5. The allegations in paragraph 5 state conclusions of law to which no response is required and are therefore denied.

  6. The allegations in paragraph 6 state conclusions of law to which no response is required and are therefore denied.

  7. The allegations in paragraph 7 state conclusions of law to which no response is required and are therefore denied.

  8. The allegations in paragraph 8 state conclusions of law to which no response is required and are therefore denied.

  9. The allegations in paragraph 9 state conclusions of law to which no response is required and are therefore denied.

  10. The allegations in paragraph 10 state conclusions of law to which no response is required and are therefore denied.

**IV. FACTUAL BACKGROUND**

  11. PBG denies the allegations in paragraph 11 as stated. By way of further answer, PBG admits that it hired plaintiff on May 8, 2001 as a non-union merchandiser.

  12. PBG denies the allegations in paragraph 12 as stated. By way of further answer, PBG admits that plaintiff was required to use her vehicle for company travel and was reimbursed at the appropriate rate.

  13. PBG denies the allegations in paragraph 13.

  14. PBG denies the allegations in paragraph 14.

  15. PBG denies the allegations in paragraph 15.

16. PBG denies the allegations in paragraph 16 as stated. By way of further answer, PBG admits that plaintiff was the only female in the merchandising department at that time.

17. PBG denies the allegations in paragraph 17 as stated except admits that plaintiff was a non-union employee between May 2001 and July 2002. By way of further answer, no response is required to the remaining allegations in paragraph 17 because the Court dismissed plaintiff's claims that require the Court to interpret the collective bargaining agreement between PBG and Teamsters Local Union 830.

18. PBG denies the allegations in paragraph 18.

19. PBG denies the allegations in paragraph 19 as stated except admits that plaintiff was a non-union employee between May 2001 and July 2002. By way of further answer, no response is required to the remaining allegations in paragraph 19 because the Court dismissed plaintiff's claims that require the Court to interpret the collective bargaining agreement between PBG and Teamsters Local Union 830.

20. PBG denies the allegations in paragraph 20.

21. PBG denies the allegations in paragraph 21.

22. PBG employed plaintiff from May 8, 2001 until December 2, 2004. PBG denies the remaining allegations in paragraph 22.

23. PBG denies the allegations in paragraph 23 as stated. By way of further answer, no response is required to the allegations in paragraph 23 because the Court dismissed plaintiff's claims that require the Court to interpret the collective bargaining agreement between PBG and Teamsters Local Union 830.

24. The allegations of paragraph 24 state conclusions of law to which no response is required and are therefore denied.

25. PBG denies the allegations in paragraph 25. By way of further answer, no response is required to the allegations in paragraph 25 because the Court dismissed plaintiff's claims that require the Court to interpret the collective bargaining agreement between PBG and Teamsters Local Union 830.

26. PBG denies the allegations in paragraph 26.

27. PBG denies the allegations in paragraph 27.

28. PBG denies the allegations in paragraph 28 as a matter of fact and a conclusion of law. By way of further answer, PBG admits that plaintiff was not a supervisor.

29. PBG denies the allegations in paragraph 29.

30. PBG denies the allegations in paragraph 30.

31. PBG denies the allegations in paragraph 31.

32. PBG denies the allegations in paragraph 32.

33. PBG denies the allegations in paragraph 33 as stated. PBG admits that merchandisers were not required to use a timeclock on the weekends.

34. PBG denies the allegations in paragraph 34 as stated. By way of further answer, PBG admits that plaintiff met with Rhonda Curry.

35. PBG denies the allegations in paragraph 35 as stated. By way of further answer, PBG admits that plaintiff requested a transfer to union warehouse position in or about April 2002.

36. PBG denies the allegations of paragraph 36.

37. PBG denies the allegations in paragraph 37.

38. PBG admits the allegations in paragraph 38.

39. PBG denies the allegations in paragraph 37 as stated. By way of further answer, PBG admits plaintiff transferred to a union warehouse position on July 28, 2002.

40. PBG denies the allegations in paragraph 40.

41. PBG denies the allegations in paragraph 41 as stated. By way of further answer, PBG admits that Mr. Eastlack, Mr. Lewis and Mr. Robles were hired as warehouse employees prior to plaintiff's transfer and had more seniority than she.

42. PBG denies the allegations in paragraph 42 except admits that plaintiff met with Sara Swartz many times during her employment about a number of issues.

43. PBG denies the allegations in paragraph 43.

44. PBG denies the allegations in paragraph 44.

45. PBG denies the allegations in paragraph 45. By way of further answer, no response is required to the allegations in paragraph 45 because the Court dismissed plaintiff's claims of sexual harassment.

46. PBG denies the allegations in paragraph 46. By way of further answer, no response is required to the allegations in paragraph 46 because the Court dismissed plaintiff's claims of sexual harassment.

47. PBG denies the allegations in paragraph 47. By way of further answer, no response is required to the allegations in paragraph 47 because the Court dismissed plaintiff's claims of sexual harassment.

48. PBG denies the allegations in paragraph 48. By way of further answer, no response is required to the allegations in paragraph 48 because the Court dismissed plaintiff's claims of sexual harassment.

49. PBG denies the allegations in paragraph 49. By way of further answer, no response is required to the allegations in paragraph 49 because the Court dismissed plaintiff's claims of sexual harassment.

50. PBG denies the allegations in paragraph 50. By way of further answer, no response is required to the allegations in paragraph 50 because the Court dismissed plaintiff's claims of sexual harassment.

51. PBG denies the allegations in paragraph 51.

52. PBG denies the allegations in paragraph 52 as stated. By way of further answer, PBG states that plaintiff was not disciplined for "walking the dog."

53. PBG admits the allegations in paragraph 53.

54. PBG denies the allegations in paragraph 54.

55. PBG denies the allegations in paragraph 55 as stated. By way of further answer, PBG admits that plaintiff was laid off on or about September 22, 2002.

56. PBG denies the allegations in paragraph 56.

57. PBG denies the allegations in paragraph 57 as stated. By way of further answer, PBG admits that it recalled plaintiff on or about October 20, 2002.

58. PBG denies the allegations in paragraph 58 as stated. By way of further answer, PBG admits that plaintiff filed a grievance related to her layoff and that the grievance was resolved by paying plaintiff four weeks of pay.

59. PBG denies the allegations in paragraph 59.

60. PBG denies the allegations in paragraph 60 as stated. By way of further answer, PBG admits that plaintiff was verbally disciplined for using her personal cellular telephone during working hours.

61. PBG denies the allegations in paragraph 61 as stated. By way of further answer, PBG admits that plaintiff filed numerous grievances while employed by PBG.

62. PBG denies the allegations in paragraph 62 .

63. PBG denies the allegations in paragraph 63 as stated. By way of further answer, PBG states that plaintiff's complaints regarding Mr. Rizzo were thoroughly investigated and determined to be unfounded.

64. PBG admits the allegations in paragraph 64.

65. PBG denies the allegations in paragraph 65 as stated. By way of further answer, PBG admits that plaintiff was out of work for medical reasons from November 11, 2003 through April 19, 2004.

66. PBG denies the allegations in paragraph 66 as stated. By way of further answer, PBG admits that plaintiff returned to work on or about April 15, 2004 and that plaintiff was out of work from June 3, 2004 to June 24, 2004 for medical reasons.

67. PBG denies the allegations in paragraph 67 as stated. By way of further answer, PBG admits that copies of Delaware Department of Labor Notices were attached as exhibits to plaintiff's Complaint.

68. PBG admits the allegations in paragraph 68.

69. PBG denies the allegations in paragraph 69 as stated. By way of further answer, PBG admits that plaintiff was on vacation from August 8, 2004 to August 30, 2004.

70. PBG denies the allegations in paragraph 70 as stated. By way of further answer, PBG admits that plaintiff participated in a press conference with the NAACP.

71. PBG denies the allegations in paragraph 71.

## COUNT I
## RACIAL DISCRIMINATION

72.     PBG incorporates herein by reference the responses to paragraphs 1 through 71 above as though set forth in full.

73.     PBG denies the allegations in paragraph 73 as conclusions of law and as a matter of fact.

74.     PBG denies the allegations in paragraph 74 as conclusions of law and as a matter of fact.

75.     PBG denies the allegations in paragraph 75 as conclusions of law and as a matter of fact.

76.     PBG denies the allegations in paragraph 76 as conclusions of law and as a matter of fact.

WHEREFORE, PBG demands judgment in its favor and against plaintiff on Count I and an award of the costs and disbursements of this action, including reasonable attorneys' fees and such other relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 42 U.S.C. § 1981

77.      PBG incorporates herein by reference the responses to paragraphs 1 through 76 above as though set forth in full.

78.     PBG denies the allegations in paragraph 78 as conclusions of law and as a matter of fact.

79.     PBG denies the allegations in paragraph 79 as conclusions of law and as a matter of fact.

WHEREFORE, PBG demands judgment in its favor and against plaintiff on Count II and an award of the costs and disbursements of this action, including reasonable attorneys' fees and such other relief as the Court may deem just and proper.

## COUNT III
## GENDER DISCRIMINATION AND SEXUAL HARASSMENT

80. PBG incorporates herein by reference the responses to paragraphs 1 through 79 above as though set forth in full.

81. PBG denies the allegations in paragraph 81 as conclusions of law and as a matter of fact.

82. PBG denies the allegations in paragraph 82 as conclusions of law and as a matter of fact.

83. PBG denies the allegations in paragraph 83 as conclusions of law and as a matter of fact.

84. PBG denies the allegations in paragraphs 84 and 84(a) through 84(f) as conclusions of law and as a matter of fact.

85. PBG denies the allegations in paragraph 85 as conclusions of law and as a matter of fact.

WHEREFORE, PBG demands judgment in its favor and against plaintiff on Count III and an award of the costs and disbursements of this action, including reasonable attorneys' fees and such other relief as the Court may deem just and proper.

## COUNT IV
## RETALIATION

86. PBG incorporates herein by reference the responses to paragraphs 1 through 85 above as though set forth in full.

87. PBG denies the allegations in paragraph 87 as conclusions of law and as a matter of fact.

88. PBG denies the allegations in paragraphs 88 and 88(a) through 88(f) as conclusions of law and as a matter of fact.

89. PBG denies the allegations in paragraph 89 as conclusions of law and as a matter of fact.

90. PBG denies the allegations in paragraph 90 as conclusions of law and as a matter of fact.

91. PBG denies the allegations in paragraph 91 as conclusions of law and as a matter of fact.

92. PBG denies the allegations in paragraph 92 as conclusions of law and as a matter of fact.

WHEREFORE, PBG demands judgment in its favor and against plaintiff on Count IV and an award of the costs and disbursements of this action, including reasonable attorneys' fees and such other relief as the Court may deem just and proper.

## COUNT V
## DISCRIMINATION - FAILURE TO PROMOTE

93. PBG incorporates herein by reference the responses to paragraphs 1 through 92 above as though set forth in full.

94. PBG denies the allegations in paragraph 94 as conclusions of law and as a matter of fact.

95. PBG denies the allegations in paragraph 95 as conclusions of law and as a matter of fact.

96. PBG denies the allegations in paragraph 96 as conclusions of law and as a matter of fact.

97. PBG denies the allegations in paragraph 97 as conclusions of law and as a matter of fact.

WHEREFORE, PBG demands judgment in its favor and against plaintiff on Count V and an award of the costs and disbursements of this action, including reasonable attorneys' fees and such other relief as the Court may deem just and proper.

## COUNT VI
## VIOLATION OF THE FAIR LABOR STANDARDS ACT ("FLSA")

98. PBG incorporates herein by reference the responses to paragraphs 1 through 97 above as though set forth in full.

99. PBG denies the allegations in paragraph 99 as conclusions of law and as a matter of fact.

100. PBG denies the allegations in paragraph 100 as conclusions of law and as a matter of fact.

101. PBG denies the allegations in paragraph 101 as conclusions of law and as a matter of fact.

WHEREFORE, PBG demands judgment in its favor and against plaintiff on Count VI and an award of the costs and disbursements of this action, including reasonable attorneys' fees and such other relief as the Court may deem just and proper.

## COUNT VII
## VIOLATION OF THE WAGE PAYMENT AND COLLECTION ACT

102. PBG incorporates herein by reference the responses to paragraphs 1 through 101 above as though set forth in full.

103. No response is required to the allegations in paragraph 103 because the Court dismissed plaintiff's claims pursuant to the Delaware Wage Payment and Collection Act.

104. No response is required to the allegations in paragraph 104 because the Court dismissed plaintiff's claims pursuant to the Delaware Wage Payment and Collection Act.

105. No response is required to the allegations in paragraph 105 because the Court dismissed plaintiff's claims pursuant to the Delaware Wage Payment and Collection Act.

## COUNT VIII
## VIOLATION OF THE EQUAL PAY ACT

106. PBG incorporates herein by reference the responses to paragraphs 1 through 105 above as though set forth in full.

107. PBG denies the allegations in paragraph 107 as conclusions of law and as a matter of fact.

WHEREFORE, PBG demands judgment in its favor and against plaintiff on Count VIII and an award of the costs and disbursements of this action, including reasonable attorneys' fees and such other relief as the Court may deem just and proper.

## COUNT IX
## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

108. PBG incorporates herein by reference the responses to paragraphs 1 through 107 above as though set forth in full.

109. No response is required to the allegations in paragraph 109 because the Court dismissed plaintiff's claims for breach of covenant of good faith and fair dealing.

110. No response is required to the allegations in paragraph 110 because the Court dismissed plaintiff's claims for breach of covenant of good faith and fair dealing.

WHEREFORE, PBG requests that the Complaint be dismissed and that judgment be entered in its favor and against plaintiff, including an award to defendant of the costs, attorneys' fees and expenses of this action and such other relief as this Court may deem just and proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or part by the applicable statute of limitations, the doctrine of laches, the doctrine of unclean hands and/or the doctrines of estoppel and waiver.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her damages and/or is not entitled to compensatory or punitive damages.

### FOURTH AFFIRMATIVE DEFENSES

This Court lacks subject matter jurisdiction over any claim that may be stated in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to some or all of the relief sought.

### SIXTH AFFIRMATIVE DEFENSE

At all material times, defendants acted in good faith towards plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE

PBG did not violate any duty to or right of plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

If plaintiff suffered any damages or losses, such losses were caused, in whole or in part, by plaintiff's own conduct, acts or omissions.

### NINTH AFFIRMATIVE DEFENSE

Any damage suffered by plaintiff, the existence of which is denied, was caused by persons other than defendant, outside of their control, and for whom they are not responsible.

### TENTH AFFIRMATIVE DEFENSE

At all times, any actions taken with respect to plaintiff were undertaken for legitimate business reasons unrelated to race, gender or protected activity.

### ELEVENTH AFFIRMATIVE DEFENSE

The Delaware Workers' Compensation Act bars plaintiff's claims, in whole or in part.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff failed to exhaust her administrative remedies.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because PBG exercised reasonable care to prevent and correct promptly any discriminatory, harassing and/or retaliatory behavior and plaintiff unreasonably failed to take advantage of corrective and preventive opportunities provided by PBG or to avoid harm otherwise.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for failure to promote is barred because she failed to apply for any promotional opportunities and/or was not qualified for a promotion opportunity.

### FIFTEENTH AFFIRMATIVE DEFENSE

At all times, PBG compensated similarly situated male and female employees equally for substantially equal work.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any relief for any period she has been unwilling to work or unable to work.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to a jury trial on some or all of the asserted claims.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff was compensated in accordance with applicable law for all hours worked while employed by PBG.

WHEREFORE, PBG requests that the Complaint be dismissed and that judgment be entered in its favor and against plaintiff, including an award to defendant of the costs, attorneys' fees and expenses of this action and such other relief as this Court may deem just and proper.

## COUNTERCLAIM

Defendant, Bottling Group LLC ("PBG"), for its counterclaims against Plaintiff, Marylana Tillman ("Tillman") whereby incorporates its answers and affirmative defenses herein, and additionally avers as follows:

**I       FACTUAL BACKGROUND**

1. Plaintiff was absent from work at PBG for medical reasons from November 6, 2003 through April 14, 2004.

2. During this absence for medical reasons, Plaintiff asserted that she was disabled and unable to work at PBG.

3. Plaintiff entered into a workers compensation settlement agreement with PBG under which she received monetary compensation in the amount of $8724.58 (including attorneys fees) from PBG. This settlement was for a claim of "total disability" for the time period of November 6, 2004 through April 14, 2004.

4. During this period when Plaintiff was asserting to PBG that she had a "total disability" and was unable to work because of medical reasons, Plaintiff applied for and accepted employment with RJM Vending Company.

**II      COUNT I -FRAUD**

5. The averments contained in paragraphs 1 through 4 are incorporated herein by reference.

6. Plaintiff committed fraud against PBG by falsely representing that she was "totally disabled" and extracting monetary compensation from PBG as part of the workers compensation settlement.

7. Plaintiff falsely represented to PBG that she was "totally disabled" and could not return to work during November 2003 through April 2004.

8.  By applying for and accepting a new position at RJM Vending Company Plaintiff knew that she was falsely representing to PBG that she was "totally disabled" and could not return to work.

9.  Plaintiff falsely represented her "total disability" to PBG in order to induce PBG to provide monetary compensation to Plaintiff as part of a workers compensation settlement with PBG.

10.  PBG justifiably relied upon Plaintiff's representation that she was "totally disabled" when entering into the workers compensation settlement with Plaintiff.

11.  PBG paid Plaintiff monetary compensation as a result of Plaintiff's fraud and thus suffered damages.

12.  As a result of Plaintiff's fraud, PBG seeks compensatory and punitive damages from Plaintiff.

WHEREFORE, PBG respectfully requests that the Court enter judgment in its favor and against Plaintiff, and grant PBG compensatory and punitive damages, attorneys fees, and court costs.

### III  COUNT II - UNJUST ENRICHMENT

13.  The averments contained in paragraphs 1 through 12 are incorporated herein by reference.

14.  Plaintiff was unjustly enriched in violation of Delaware law by accepting the monetary compensation provided in the workers compensation settlement agreement between Plaintiff and PBG.

15. Plaintiff's retention of this monetary compensation from PBG while at the same time applying for and accepting employment at another employer violated the fundamental principles of justice or equity and good conscience.

16. Plaintiff secured a benefit of monetary compensation in the amount of $8724.58 (including attorneys fees) as a result of her unjust enrichment.

17. It is unconscionable to allow Plaintiff to retain this monetary compensation considering Plaintiff's false representation that she was "totally disabled" from November 2003 through April 2004.

18. As a result of Plaintiff's unjust enrichment, PBG seeks compensatory and punitive damages from Plaintiff.

WHEREFORE, PBG respectfully requests that the Court enter judgment in its favor and against Plaintiff, and grant PBG compensatory and punitive damages, attorneys fees, and court costs.

Ballard Spahr Andrews & Ingersoll, LLP

Dated: October 14, 2005

/s/ William M. Kelleher
William M. Kelleher, Esquire (No. 3961)
919 Market Street, 12th Floor
Wilmington, DE 19801
Phone: (302) 252-4465
Facsimile: (302) 252-4466
E-mail: kelleherw@ballardspahr.com

OF COUNSEL:
Daniel V. Johns (PA I.D. No. 76203)
Lucretia C. Clemons (PA I.D. No. 83988)
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Phone: (215) 665-8500

## CERTIFICATE OF SERVICE

I, William M. Kelleher, Esquire hereby certify that on this date I caused a true and correct copy of the Answer, Affirmative Defenses, and Counterclaim to be served on counsel via first-class mail, postage prepaid, at the following address:

> Jeffrey K. Martin, Esquire
> Margolis Edelstein
> 1509 Gilpin Avenue
> Wilmington, DE  19806
> Counsel for plaintiff
>
> Marc Gelman
> Jennings Sigmond
> Penn Mutual Towers
> 510 Walnut Street, 16th Floor
> Philadelphia, PA 19106
> Counsel for Teamsters Local Union 830

Dated: October 14, 2005        /s/ William M. Kelleher
                               William M. Kelleher, Esquire (No. 3961)

OF COUNSEL:
Daniel V. Johns (PA I.D. No. 76203)
Lucretia C. Clemons (PA I.D. No. 83988)
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Phone: (215) 665-8500