IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MARLAYNA G. TILLMAN,  :
          Plaintiff  :
   :
   : C.A. NO. 04-1314
v.  :
   :
THE PEPSI BOTTLING GROUP, INC., and  :
TEAMSTERS LOCAL UNION 830  :
          Defendants  :

**ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANT TEAMSTERS LOCAL UNION 830**

Defendant Teamsters Local Union No. 830 ("Local 830"), by and through undersigned counsel, answers the Complaint of plaintiff Marlayna Tillman as follows:

1. Denied as stated. Local 830 admits that the Complaint was brought under the provisions noted in this paragraph of the Complaint. Local 830 specifically denies the validity of plaintiff's claims.

2. Denied as stated. It is admitted that plaintiff is an African American female. It is further admitted that plaintiff has filed an action against Defendants for discriminatory actions on the basis of race, gender, sexual harassment, retaliation and unpaid wages. It is specifically denied that plaintiff has a valid claim on any count or is entitled to any relief. With respect to the remaining factual averments of this paragraph, Local 830 is without sufficient information or knowledge to form an opinion as to the truth of these averments, and, therefore, said averments are denied.

3. Denied. Local 830 is without sufficient information or knowledge to form an opinion as to the truth of these averments, and, therefore, said averments are denied.

4. Admitted.

5.  Denied. The allegations in this paragraph state conclusions of law to which no response is required. To the extent deemed factual, they are denied.

6.  Denied. The allegations in this paragraph state conclusions of law to which no response is required. To the extent deemed factual, they are denied.

7.  Denied. The allegations in this paragraph state conclusions of law to which no response is required. To the extent deemed factual, they are denied.

8.  Denied. The allegations in this paragraph state conclusions of law to which no response is required. To the extent deemed factual, they are denied.

9.  Denied. The allegations in this paragraph state conclusions of law to which no response is required. To the extent deemed factual, they are denied.

10. Denied. The allegations in this paragraph state conclusions of law to which no response is required. To the extent deemed factual, they are denied.

11. Denied. Defendant is without sufficient information or knowledge to form an opinion as to the truth of these averments, and, therefore, said averments are denied.

12. Denied. Defendant is without sufficient information or knowledge to form an opinion as to the truth of these averments, and, therefore, said averments are denied.

13. Denied. Defendant is without sufficient information or knowledge to form an opinion to the truth of these averments, and, therefore, said averments are denied.

14. Denied. Defendant is without sufficient information or knowledge to form an opinion as to the truth of these averments, and, therefore, said averments are denied.

15. Denied. Defendant is without sufficient information or knowledge to form an opinion as to the truth of these averments, and, therefore, said averments are denied.

16. Denied. Defendant is without sufficient information or knowledge to form an opinion as to the truth of these averments, and, therefore, said averments are denied.

17. Denied. It is specifically denied that plaintiff was never made a member of the union despite her repeated requests. With respect to the remaining averments in this paragraph, no response is required because the Court dismissed plaintiff's claims that require the Court to interpret the collective bargaining agreement between Employer and Local 830.

18. Denied. Defendant is without sufficient information or knowledge to form an opinion as to the truth of these averments, and, therefore, said averments are denied.

19. Denied as stated. With respect to the allegations concerning the collective bargaining agreement between Employer and Local 830, no response is required because the Court dismissed plaintiff's claims that require the Court to interpret the collective bargaining agreement between Employer and Local 830. With respect to the remaining factual allegations, Defendant is without sufficient information or knowledge to form an opinion as to the truth of these averments, and, therefore, said averments are denied.

20. Denied. Defendant is without sufficient information or knowledge to form an opinion as to the truth of these averments, and, therefore, said averments are denied.

21. Denied. Defendant is without sufficient information or knowledge to form an opinion as to the truth of these averments, and, therefore, said averments are denied.

22. Admitted.

23. Denied as stated. No response required to the allegations contained in this paragraph because the Court dismissed plaintiff's claims that require the Court to interpret the collective bargaining agreement between Employer and Local 830. To the extent that a response

is required, Local 830 is without sufficient information or knowledge to form an opinion as to the truth of these averments, and, therefore, said averments are denied.

24.     Denied. The allegations in this paragraph state conclusions of law to which no response is required. To the extent deemed factual, they are denied.

25.     Denied. Denied. Defendant is without sufficient information or knowledge to form an opinion as to the truth of these averments, and, therefore, said averments are denied.

26.     Denied. The allegations in this paragraph state conclusions of law to which no response is required. To the extent deemed factual, they are denied.

27.     Denied. The allegations in this paragraph state conclusions of law to which no response is required. To the extent deemed factual, they are denied.

28.     Denied. The allegations in this paragraph state conclusions of law to which no response is required. To the extent deemed factual, Local 830 is without sufficient information or knowledge to form an opinion as to the truth of these averments, and, therefore, said averments are denied.

29.     Denied. Local 830 specifically denies that plaintiff was working in excess of forty (40) hours per week and that plaintiff was not receiving the appropriate compensation.

30.     Denied. It is specifically denied that Local 830 had any knowledge of a violation of the FLSA.

31.     Denied. It is specifically denied that Local 830 has failed or refused to pay plaintiff overtime. Local 830 is not an Employer and is not responsible for payment of wages.

32.     Denied. It is specifically denied that plaintiff's time records, work schedules, or any other relevant information are under the explicit control of Local 830.

4

33.     Denied. Defendant is without sufficient information or knowledge to form an opinion as to the truth of these averments, and, therefore, said averments are denied.

34.     Denied. Defendant is without sufficient information or knowledge to form an opinion as to the truth of these averments, and, therefore, said averments are denied.

35.     Denied. Defendant is without sufficient information or knowledge to form an opinion as to the truth of these averments, and, therefore, said averments are denied.

36.     Denied. Defendant is without sufficient information or knowledge to form an opinion as to the truth of these averments, and, therefore, said averments are denied.

37.     Denied. Defendant is without sufficient information or knowledge to form an opinion as to the truth of these averments, and, therefore, said averments are denied.

38.     Denied. Defendant is without sufficient information or knowledge to form an opinion as to the truth of these averments, and, therefore, said averments are denied.

39.     Denied. Defendant is without sufficient information or knowledge to form an opinion as to the truth of these averments, and, therefore, said averments are denied.

40.     Denied. Defendant is without sufficient information or knowledge to form an opinion as to the truth of these averments, and, therefore, said averments are denied.

41.     Denied. Defendant is without sufficient information or knowledge to form an opinion as to the truth of these averments, and, therefore, said averments are denied.

42.     Denied as stated. It is admitted that plaintiff raised concerns with Local 830 after Mr. Eastlack, Mr. Lewis and Mr. Robles were hired. It is denied that "nothing was done." By way of further response, Local 830 dutifully investigated plaintiff's complaints and determined that no contractual violation had occurred.

43. Denied. Defendant is without sufficient information or knowledge to form an opinion as to the truth of these averments, and, therefore, said averments are denied.

44. Denied. Defendant is without sufficient information or knowledge to form an opinion as to the truth of these averments, and, therefore, said averments are denied.

45. Denied. Defendant is without sufficient information or knowledge to form an opinion as to the truth of these averments, and, therefore, said averments are denied. By way of further answer, no response is required because the Court dismissed plaintiff's claims of sexual harassment.

46. Denied. Defendant is without sufficient information or knowledge to form an opinion as to the truth of these averments, and, therefore, said averments are denied. By way of further answer, no response is required because the Court dismissed plaintiff's claims of sexual harassment.

47. Denied. Defendant is without sufficient information or knowledge to form an opinion as to the truth of these averments, and, therefore, said averments are denied. By way of further answer, no response is required because the Court dismissed plaintiff's claims of sexual harassment.

48. Denied. Defendant is without sufficient information or knowledge to form an opinion as to the truth of these averments, and, therefore, said averments are denied. By way of further answer, no response is required because the Court dismissed plaintiff's claims of sexual harassment.

49. Denied. Defendant is without sufficient information or knowledge to form an opinion as to the truth of these averments, and, therefore, said averments are denied. By way of

further answer, no response is required because the Court dismissed plaintiff's claims of sexual harassment.

50. Denied. Defendant is without sufficient information or knowledge to form an opinion as to the truth of these averments, and, therefore, said averments are denied. By way of further answer, no response is required because the Court dismissed plaintiff's claims of sexual harassment.

51. Denied. Defendant is without sufficient information or knowledge to form an opinion as to the truth of these averments, and, therefore, said averments are denied.

52. Denied. Defendant is without sufficient information or knowledge to form an opinion as to the truth of these averments, and, therefore, said averments are denied.

53. Admitted.

54. Denied. Defendant is without sufficient information or knowledge to form an opinion as to the truth of these averments, and, therefore, said averments are denied.

55. Denied. Defendant is without sufficient information or knowledge to form an opinion as to the truth of these averments, and, therefore, said averments are denied.

56. Denied. Defendant is without sufficient information or knowledge to form an opinion as to the truth of these averments, and, therefore, said averments are denied.

57. Admitted.

58. Denied as stated. It is admitted that as result of Local 830's intervention, plaintiff was made whole for the time period in which she was out of work in late 2002.

59. Denied. Defendant is without sufficient information or knowledge to form an opinion as to the truth of these averments, and, therefore, said averments are denied.

60. Denied. Defendant is without sufficient information or knowledge to form an opinion as to the truth of these averments, and, therefore, said averments are denied.

61. Denied. It is specifically denied that plaintiff filed additional grievances with Local 830.

62. Denied. Defendant is without sufficient information or knowledge to form an opinion as to the truth of these averments, and, therefore, said averments are denied.

63. Denied. Defendant is without sufficient information or knowledge to form an opinion as to the truth of these averments, and, therefore, said averments are denied.

64. Admitted.

65. Denied. Defendant is without sufficient information or knowledge to form an opinion as to the truth of these averments, and, therefore, said averments are denied.

66. Denied. Defendant is without sufficient information or knowledge to form an opinion as to the truth of these averments, and, therefore, said averments are denied.

67. Denied as stated. It is admitted that copies of Delaware Department of Labor Notices are attached to plaintiff's Complaint. With respect to the remaining allegations in this paragraph, Local 830 is without sufficient information or knowledge or form an opinion as to the truth of these averments, and, therefore, said averments are denied.

68. Admitted.

69. Denied. Defendant is without sufficient information or knowledge to form an opinion as to the truth of these averments, and, therefore, said averments are denied.

70. Denied. Defendant is without sufficient information or knowledge to form an opinion as to the truth of these averments, and, therefore, said averments are denied.

71. Denied. Defendant is without sufficient information or knowledge to form an opinion as to the truth of these averments, and, therefore, said averments are denied.

72. No response required.

73. Denied. The allegations in this paragraph state conclusions of law to which no response is required. To the extent deemed factual, they are denied.

74. Denied. The allegations in this paragraph state conclusions of law to which no response is required. To the extent deemed factual, they are denied.

75. Denied. The allegations in this paragraph state conclusions of law to which no response is required. To the extent deemed factual, they are denied.

76. Denied. The allegations in this paragraph state conclusions of law to which no response is required. To the extent deemed factual, they are denied.

77. No response required.

78. Denied. The allegations in this paragraph state conclusions of law to which no response is required. To the extent deemed factual, they are denied.

79. Denied. The allegations in this paragraph state conclusions of law to which no response is required. To the extent deemed factual, they are denied.

80. No response required.

81. Denied. The allegations in this paragraph state conclusions of law to which no response is required. To the extent deemed factual, they are denied.

82. Denied. The allegations in this paragraph state conclusions of law to which no response is required. To the extent deemed factual, they are denied.

83. Denied. The allegations in this paragraph state conclusions of law to which no response is required. To the extent deemed factual, they are denied.

84(a). Denied. The allegations in these paragraphs state conclusions of law to which no response is required. To the extent deemed factual, they are denied.

84(b). Denied. The allegations in these paragraphs state conclusions of law to which no response is required. To the extent deemed factual, they are denied.

84(c). Denied. The allegations in these paragraphs state conclusions of law to which no response is required. To the extent deemed factual, they are denied.

84(d). Denied. The allegations in these paragraphs state conclusions of law to which no response is required. To the extent deemed factual, they are denied.

84(e). Denied. The allegations in these paragraphs state conclusions of law to which no response is required. To the extent deemed factual, they are denied.

84(f). Denied. The allegations in these paragraphs state conclusions of law to which no response is required. To the extent deemed factual, they are denied.

85. Denied. The allegations in this paragraph state conclusions of law to which no response is required. To the extent deemed factual, they are denied.

86. Denied. The allegations in this paragraph state conclusions of law to which no response is required. To the extent deemed factual, they are denied.

87. Denied. The allegations in this paragraph state conclusions of law to which no response is required. To the extent deemed factual, they are denied.

88(a). Denied. The allegations in these paragraphs state conclusions of law to which no response is required. To the extent deemed factual, they are denied.

88(b). Denied. The allegations in these paragraphs state conclusions of law to which no response is required. To the extent deemed factual, they are denied.

88(c). Denied. The allegations in these paragraphs state conclusions of law to which no response is required. To the extent deemed factual, they are denied.

88(d). Denied. The allegations in these paragraphs state conclusions of law to which no response is required. To the extent deemed factual, they are denied.

88(e). Denied. The allegations in these paragraphs state conclusions of law to which no response is required. To the extent deemed factual, they are denied.

88(f). Denied. The allegations in these paragraphs state conclusions of law to which no response is required. To the extent deemed factual, they are denied.

89. Denied. The allegations in this paragraph state conclusions of law to which no response is required. To the extent deemed factual, they are denied.

90. Denied. The allegations in this paragraph state conclusions of law to which no response is required. To the extent deemed factual, they are denied.

91. Denied. Defendant is without sufficient information or knowledge to form an opinion as to the truth of these averments, and, therefore, said averments are denied.

92. Denied. Defendant is without sufficient information or knowledge to form an opinion as to the truth of these averments, and, therefore, said averments are denied.

93. No response required.

94. Denied. It is specifically denied that Local 830 denied plaintiff opportunity for career advancement.

95. Denied. It is specifically denied that Local 830 denied plaintiff career advancement opportunities.

96. Denied. The allegations in this paragraph state conclusions of law to which no response is required. To the extent deemed factual, they are denied.

97. Denied. The allegations in this paragraph state conclusions of law to which no response is required. To the extent deemed factual, they are denied.

98. No response required.

99. Denied. The allegations in this paragraph state conclusions of law to which no response is required. To the extent deemed factual, they are denied.

100. Denied. Defendant is without sufficient information or knowledge to form an opinion as to the truth of these averments, and, therefore, said averments are denied.

101. Denied. The allegations in this paragraph state conclusions of law to which no response is required. To the extent deemed factual, they are denied.

102. No response required.

103. Denied. No response is required because the Court dismissed plaintiff's claims pursuant to the Delaware Wage Payment and Collection Act. To the extent a response is required, it is specifically denied that Local 830 is an Employer within the meaning of 19 DEL C § 1101(a)(3).

104. Denied. No response is required because the Court dismissed plaintiff's claims pursuant to the Delaware Wage Payment and Collection Act. To the extent a response is required, it is specifically denied that Local 830 is an Employer within the meaning of 19 DEL C § 1101(a)(3).

105. Denied. No response is required because the Court dismissed plaintiff's claims pursuant to the Delaware Wage Payment and Collection Act. To the extent a response is required, it is specifically denied that Local 830 is an Employer within the meaning of 19 DEL C § 1101(a)(3).

106. No response required.

107. Denied. The allegations in this paragraph state conclusions of law to which no response is required. To the extent deemed factual, they are denied.

108. No response required.

109. No response required because the Court dismissed plaintiff's claims for breech of covenant of good faith and fair dealing.

110. No response required because the Court dismissed plaintiff's claims for breech of covenant of good faith and fair dealing.

**WHEREFORE,** Defendant Local 830 requests that the Complaint be dismissed and that judgment be entered in its favor against plaintiff, including an award of costs, attorneys' fees and expenses and any other such relief as this Court may deem just and proper.

### AFFIRMATIVE DEFENSES

#### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

#### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by any and all statute of limitations and/or by the doctrine of laches.

#### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands and/or the doctrines of estoppel and waiver.

#### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her damages.

## FIFTH AFFIRMATIVE DEFENSE

Any damages or losses incurred by plaintiff were caused by her own conduct, acts or omissions.

## SIXTH AFFIRMATIVE DEFENSE

Any damages incurred by plaintiff were caused by persons or parties other than Defendant Local 830.

## SEVENTH AFFIRMATIVE DEFENSE

At all material times, Local 830 acted in good faith toward plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

At all times, Defendant Local 830 adequately fulfilled all statutory and legal obligations and duties, to the extent any existed, to plaintiff.

**WHEREFORE,** Defendant Local 830 requests that the Complaint be dismissed and that judgment be entered in its favor against plaintiff, including an award of costs, attorneys' fees and expenses and any other such relief as this Court may deem just and proper.

Respectfully submitted,

By: _____

**Clifford B. Hearn Jr., Esquire**
606 Market Street Mall
P.O. Box 1205
Wilmington , DE  19899

Of Counsel:
**Marc L. Gelman, Esquire**
Jennings Sigmond
510 Walnut St., 16th Fl.
Phila., PA 19106

Attorneys for Defendant Teamsters Local Union 830

Date: _October 19, 2005_

## CERTIFICATE OF SERVICE

I, Clifford B. Hearn, Esquire, state under penalty of perjury that I caused a true and correct copy of Defendant Teamsters Local 830's Answer and Affirmative Defenses to Plaintiff's Complaint to be forwarded by United States mail, first class, postage prepaid to the following on the date set forth below:

Jeffrey K. Martin, Esquire
Margolis Edelstein
1509 Gilpin Avenue
Wilmington, DE 19806

Attorney for Plaintiff Marlayna G. Tillman

William M. Kelleher, Esquire
Ballard Spahr Andrews & Ingersoll, LLP
919 Market St., 17th Fl.
Wilmington, DE 19801

Daniel V. Johns, Esquire
Ballard Spahr Andrews & Ingersoll, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599

Attorneys for Defendant Pepsi Bottling Group, Inc.

_____
CLIFFORD B. HEARN, JR.

Date: October 19, 2005