IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MARLAYNA G. TILLMAN, | : | C.A. No.: 04-1314(SLR) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| THE PEPSI BOTTLING GROUP, INC., | : | |
| and TEAMSTERS LOCAL UNION | : | |
| 830, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**PLAINTIFF'S MOTION TO QUASH SUBPOENA**
**DIRECTED TO BEVERLY BOVE, ESQUIRE**

Plaintiff, Marlayna G. Tillman, through counsel, hereby moves this court pursuant to Rule 45(c)(3)(A) of the Federal Rules of Civil Procedure for an order, quashing the subpoena of defendant, The Pepsi Bottling Group, Inc. directed to Beverly Bove, Esquire, and states the following in support thereof:

1. On October 31, 2006, defendant, The Pepsi Bottling Group, Inc. served upon Beverly Bove, Esquire, Tillman's prior worker's compensation attorney in a Delaware claim, its subpoena for production of:

> "[a]ny executed settlement agreement evidencing the settlement of Ms. Tillman's worker's compensation claim. Any notes regarding conversations about the settlement. Any letters sent to Ms. Tillman regarding, enclosing or communicating the terms of the settlement agreement and/or settlement agreements."

2. The subpoena bears a return date of November 14, 2006. A true and correct copy of the subpoena is attached hereto, made a part hereof and marked exhibit "A".

1

3. Ms. Tillman's Delaware worker's compensation claim, formerly handled by Beverly Bove, Esquire, has no relevance to this action and defendant, Pepsi could never meet its required showing to demonstrate or explain how or why any factual or legal issue in the compensation claim, would bear on any factual or legal issue in this action.

4. Defendant, Pepsi could never meet its required showing to demonstrate or explain how or why any documents that might exist in the compensation claim, would reasonably lead to the discovery of admissible evidence in this action. F.R.Civ.P. 26(b)(1).

5. Under the Federal Rules, defendant, Pepsi improperly seeks production of documents and materials in this action that are expressly privileged under an attorney-client relationship between Tillman and prior counsel in a completely unrelated claim, and therefore protected from discovery without exception. F.R.Civ.P. 26(b)(1).

6. Because none of the subpoenaed material is discoverable under subpart (b)(1) of Rule 26, whether Pepsi can make a showing that it has any need for the materials in preparation of a defense, or that it could not without undue hardship obtain the substantial equivalent of the materials by other means, is equally irrelevant to any inquiry on enforcement of the subpoena. F.R.Civ.P. 26(b)(3).

7. Assuming *arguendo,* even if defendant, Pepsi could demonstrate a need for any of the material under subpoena, Pepsi's subpoena is overly broad and violates the Federal Rules, in that it improperly demands disclosure of mental impressions, conclusions, opinions or legal theories of Tillman's personal attorney during the same period Tillman's cause of action against Pepsi (and the Union) was accruing in this action. F.R.Civ.P. 26(b)(3).

8. Tillman's action against Pepsi is not a worker's compensation claim, and Tillman does

2

not (nor could she by law) seek a damage in this action duplicative of any damage she might have recovered in the worker's compensation claim nor could Pepsi make any showing that she is making such a duplicative claim.

9. The subpoena is a putative direct attempt by defendant, Pepsi to obtain from a non-party in an unrelated claim, factual discovery of Tillman beyond the scope and limits of allowable discovery in this action under the Federal Rules. F.R.Civ.P. 26(b)(1).

10. Tillman has not waived in this action her right to invoke the attorney-client relationship or privilege between herself and her worker's compensation attorney in that claim, by any act, statement, conduct, document or pleading of Tillman in this action.

11. Tillman has not raised in this action any issue or claim that would involve or invoke the attorney-client relationship between herself and her worker's compensation attorney in the compensation claim.

12. Defendant, Pepsi's counterclaim against Tillman does not attach the issue of Tillman's attorney-client relationship with her worker's compensation attorney, or need for documents or materials based on a putative claim of a waiver, and Pepsi can show none.

13. Because Tillman has not authorized the production of any document referenced or demanded under the subpoena or waived her privilege, the party to whom the subpoena is directed has no obligation or right to produce such documents or materials to defendant, Pepsi through this subpoena, and Rule 45 protections apply.

14. The Federal Rules permit this court to quash or modify the subpoena if it requires disclosure of privileged or other protected matter and no exception applies. F.R.Civ.P. 45(c)(3)(A)(iii).

15. Defendant, Pepsi has no right and can make no showing of a need to inspect or copy Tillman's attorney's files and documents in an unrelated legal claim.

16. The subpoena on its face is unlawful in its scope and amounts to nothing more than an improper fishing expedition, and the subpoena should be quashed.

17. Tillman's claim of privilege under the attorney-client relationship, asserted in this motion, satisfies the requirements of subpart (d)(2) of Rule 45, in that all of the documents and materials commanded under the subpoena are protected under the privilege, enabling Pepsi to contest the claim.

18. This motion to quash is timely under Rule 45.

19. Good cause exists to quash the subpoena directed to Beverly Bove, Esquire.

WHEREFORE, for the foregoing reasons, plaintiff requests that the attached order, quashing the subpoena directed to Beverly Bove, Esquire be entered.

KNEPPER & STRATTON

/s/ Barbara H. Stratton
Barbara H. Stratton, Esq.
1228 North King Street
Wilmington, DE 19801
(302) 658-1717
Delaware Bar ID#2785
bhs@knepperstratton.net
Attorney for Plaintiff

Pro Hac Vice Counsel:

J. Stephen Woodside, Esquire
One Montgomery Plaza
425 Swede Street, Suite 605
Norristown, PA 19401
(610) 278-2442

Dated:   November 14, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARLAYNA G. TILLMAN, | : C.A. No.: 04-1314(SLR) |
| Plaintiff, | : |
| v. | : |
| THE PEPSI BOTTLING GROUP, INC., and TEAMSTERS LOCAL UNION 830, | : |
| Defendants. | : |

## RULE 7 STATEMENT

J. Stephen Woodside, pro hac vice counsel for plaintiff, hereby certifies pursuant to Local Rule 7.1.1 that he has made a reasonable effort to reach agreement with opposing counsel, William Kelleher, Esquire, on the matters set forth in the foregoing motion.

/s/ J. Stephen Woodside
J. Stephen Woodside

Dated:  November 14, 2006

5

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MARLAYNA G. TILLMAN, | : | C.A. No.: 04-1314(SLR) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| THE PEPSI BOTTLING GROUP, INC., | : | |
| and TEAMSTERS LOCAL UNION 830, | : | |
| | : | |
| Defendants. | : | |
| | : | |

CERTIFICATE OF SERVICE

I, Barbara H. Stratton, hereby certify that on November 14, 2006, J. Stephen Woodside caused a true and correct copy of plaintiff's motion to quash subpoena to be served upon the following, by telefax (or email) and first class United States Mail, postage prepaid:

> William M. Kelleher, Esquire
> BALLARD SPAHR ANDREWS & INGERSOLL, LLP
> 919 North Market Street, 12th Floor
> Wilmington, DE 19801-3034

        (Attorney for The Pepsi Bottling Group, Inc.)

        Lucretia Clemons, Esquire
        BALLARD SPAHR ANDREWS & INGERSOLL, LLP
        51ST Floor
        1735 Market Street
        Philadelphia, PA 19103
        (Attorney for The Pepsi Bottling Group, Inc.)

        Marc L. Gelman, Esquire
        JENNINGS SIGMUND, P.C.
        510 Walnut Street
        Philadelphia, PA 19106
        (Attorney for Local 830)

        Beverly Bove, Esquire
        1020 West 18th Street
        P.O. Box 1607
        Wilmington, DE 19899


                KNEPPER & STRATTON

        /s/ Barbara H. Stratton
        Barbara H. Stratton, Esq.
        1228 North King Street
        Wilmington, DE 19801
        (302) 658-1717
        Delaware Bar ID#2785
        bhs@knepperstratton.net
        Attorney for Plaintiff


Pro Hac Vice Counsel:
J. Stephen Woodside, Esq.
One Montgomery Plaza
425 Swede Street, Suite 605
Norristown, PA 19401
(610) 278-2442


Dated: November 14, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARLAYNA G. TILLMAN, | : C.A. No.: 04-1314(SLR) |
| Plaintiff, | : |
| v. | : |
| THE PEPSI BOTTLING GROUP, INC., and TEAMSTERS LOCAL UNION 830, | : |
| Defendants. | : |

## **ORDER**

AND NOW, this     day of             , 2006, upon consideration of plaintiff's motion to quash subpoena directed to Beverly Bove, Esquire, and defendant, The Pepsi Bottling Group, Inc.'s response thereto;

IT IS hereby ORDERED that the subpoena directed to Beverly Bove, Esquire, is QUASHED.

IT IS SO ORDERED.

BY THE COURT:

_____
United States District Judge