IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARLAYNA G. TILLMAN,<br><br>        Plaintiff,<br>v.<br><br>THE PEPSI BOTTLING GROUP, INC.,<br>and TEAMSTERS LOCAL UNION 830,<br><br>        Defendants. | :<br>:<br>:<br>:<br>:   C.A. Number: 04-1314<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## OPPOSITION OF DEFENDANT BOTTLING GROUP, LLC TO PLAINTIFF'S MOTION TO QUASH

This is an employment case in which Plaintiff, a former employee of the Pepsi Bottling Group, Inc. ("PBG"), alleges discrimination, retaliation and violations of the Fair Labor Standards Act. PBG asserts counterclaims for fraud and unjust enrichment against Plaintiff stemming from her unlawful receipt of worker's compensation benefits.

In June 2004, the Law Offices of Beverly Bove, Esquire, represented Plaintiff in a worker's compensation action brought against PBG. That claim was settled when Plaintiff entered into an agreement with PBG under which she received monetary compensation. The settlement agreement resolved Plaintiff's claim of "total disability" for the time period of November 6, 2003 through April 18, 2004. (See Letter to Erik C. Grandell, Esquire with enclosures, attached as Exhibit A.) However, during this period, when Plaintiff was asserting to PBG that she had a "total disability" and was unable to work because of medical reasons, Plaintiff applied for and accepted employment with RJM Vending Company ("RJM"). (See Documentation of Employment at RJM Vending Company, attached as Exhibit B.)

At her deposition in the instant action, Plaintiff was asked about the settlement of her worker's compensation claim and her work at RJM during the same time period. Plaintiff maintained that, although she received compensation from PBG in 2004, she had no knowledge that her worker's compensation claim had been settled, as her attorney neither showed her the settlement agreement nor explained to her its terms. (See Tillman Dep. at 89-98, attached as Exhibit C.) In addition, Plaintiff asserted that she never received the settlement check made out to her from Sedgwick Claims Management Services, Inc., PBG's worker's compensation insurance carrier, nor did she recall ever giving her attorney permission to sign the check on her behalf. (Id.) In short, Plaintiff asserted as a defense to PBG's claims for fraud and unjust enrichment that she was not aware that her receipt of worker's compensation benefits was based on an assertion that she was totally disabled from November 6, 2003 through April 18, 2004.

It is well established that a party can waive the attorney client privilege by asserting claims or defenses that put her attorney's advice at issue in the litigation. See Livingstone v. North Belle Vernon Borough, 91 F.3d 515, 537 (3d. Cir. 1996) (citing Rhone-Poulenc Rorer Inc. v. Home Indem. Co., 32 F.3d 851, 863 (3d Cir. 1994)). By placing her attorney's advice, or lack thereof, at issue in this litigation, Plaintiff has waived the attorney-client privilege with respect to any communications with her worker's compensation attorney about the settlement of her worker's compensation claim. Case law in this circuit directly supports this conclusion. See, Livingstone, 91 F.3d at 537 (holding that plaintiff's "assertion that she did not appreciate the release-dismissal agreement's legal implications is tantamount to a claim that her attorney did not give her accurate legal advice" thus "[i]t would be unfair to allow [plaintiff] to make this claim without permitting the opposing parties to investigate her attorney's version of the relevant events."); Synalloy Corp. v. Gray, 142 F.R.D. 266, 270 (D. Del. 1993)

("Because [the defendant] raised the issues of its lack of understanding of the Agreement and fraudulent misrepresentation, in circumstances in which perhaps the only people who would have explained the agreement to it were its attorneys, the [defendant's] assertion in the counterclaim was an implicit waiver of the privilege.").

PBG hereby respectfully requests that the Court deny Plaintiff's motion to quash. PBG addresses each of Plaintiff's averments as follows:

1. Admitted. (A copy of the subpoena and cover letter served on Beverly Bove, Esquire is attached as Exhibit D.)

2. Admitted.

3. Denied. Contrary to Plaintiff's assertion, the settlement of Plaintiff's worker's compensation claim against PBG is highly relevant to the instant action. As set forth above, Plaintiff's worker's compensation settlement resolved her claim of "total disability" for the time period of November 6, 2003 through April 18, 2004. Despite her claim to PBG that she was totally disabled and unable to work because of medical reasons during this time period, Plaintiff applied for and accepted employment with RJM Vending Company. (See Exhibits A and B.) When asked at her deposition about the settlement of her worker's compensation claim, Plaintiff asserted that, although she received compensation from PBG in 2004, she had no knowledge that her claim had been settled, as her attorney neither showed her the settlement agreement nor explained to her its terms. (See Exhibit C.) Additionally, Plaintiff claimed that she never received the settlement check made out to her from Sedgwick Claims Management Services, Inc., and did not recall giving her attorney permission to sign the check on he behalf. (See Exhibit. C.) By placing her attorney's conduct at issue in this litigation, Plaintiff has

waived the attorney-client privilege with respect to any communications with her attorney about the settlement of her worker's compensation claim.

4. Denied. See Paragraph 3 above.

5. Denied. By placing her attorney's advice, or lack thereof, at issue in this litigation, Plaintiff has waived the attorney-client privilege with respect to any communications with her attorney about the settlement of her worker's compensation claim. As such, this information is not subject to the attorney-client privilege.

6. Denied. See Paragraphs 3 and 5 above.

7. Denied. PBG's subpoena to Ms. Bove does not demand disclosure of "mental impressions, conclusions, opinions or legal theories." To the contrary, PBG seeks information including but not limited to: (1) any executed settlement agreements evidencing the settlement of Plaintiff's worker's compensation claim; (2) any notes regarding conversations about the settlement; and (3) any letters sent to Plaintiff regarding, enclosing or communicating the terms of the settlement agreement and/or settlement agreements. (See Exhibit C.) Such information is directly relevant to Plaintiff's defense to PBG's fraud and unjust enrichment counterclaims.

8. Admitted. However, Plaintiff's contention that she is not seeking duplicative damages misses the mark. The requested information is relevant to PBG's counterclaims of fraud and unjust enrichment against Plaintiff and Plaintiff's defense that she has no knowledge about the settlement of her worker's compensation claim.

9. Denied. See Paragraphs 3 and 5.

10. Denied. See Exhibit C.

11. Denied. See Exhibit C.

12. Denied as stated. While PBG's counterclaim against Plaintiff does not attach the issue of Plaintiff's attorney-client relationship with her worker's compensation attorney, Plaintiff's own statements at her deposition placed her attorney's advice at issue in this litigation.

13. Denied. See Paragraphs 3 and 5. In addition, pursuant to Rule 1.6(b)(5) of the Delaware Rules of Professional conduct, an attorney may reveal information relating to the representation of a client "to respond to allegations in <u>any</u> proceeding concerning the lawyer's representation of the client."(emphasis added). Thus, Ms. Bove clearly has the right and the obligation to produce the requested information.

14. Denied. See Paragraphs 3, 5 and 13.

15. Denied. See Paragraphs 3 and 5.

16. Denied. See Paragraphs 3, 5 and 13.

17. Denied. See Paragraphs 3, 5 and 13.

18. Admitted.

19. Denied.

WHEREFORE, PBG respectfully requests that this Honorable Court deny Plaintiff's Motion to Quash.

Date: November 17, 2006

_____
William M. Kelleher (I.D. No. 3961)
Ballard Spahr Andrews & Ingersoll, LLP
919 Market Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 252-4465
Facsimile: (302) 252-4466

Attorneys for Defendant
Bottling Group, LLC

OF COUNSEL:
Daniel V. Johns
Lucretia C. Clemons
Aisha M. Barbour
Ballard Spahr Andrews & Ingersoll, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: (215) 665-8500
Facsimile: (215) 864-8999