# Exhibit D

LAW OFFICES
# BALLARD SPAHR ANDREWS & INGERSOLL, LLP

919 NORTH MARKET STREET, 12TH FLOOR
WILMINGTON, DELAWARE 19801-3034
(302) 252-4465
FAX: (302) 252-4466
WWW.BALLARDSPAHR.COM

PHILADELPHIA, PA
BALTIMORE, MD
DENVER, CO
SALT LAKE CITY, UT
VOORHEES, NJ
WASHINGTON, DC

WILLIAM M. KELLEHER
DIRECT DIAL: 302-252-4460
PERSONAL FAX: 302-355-0723
KELLEHERW@BALLARDSPAHR.COM

October 31, 2006

Beverly Bove, Esq.
1020 West 18th Street, Suite 2
P.O. Box 1607
Wilmington, DE 19899

Re: Marlayna Tillman v. The Pepsi Bottling Group
File No.: 06175-00465
IAB Hearing No. 1242671

Dear Ms. Bove:

This office represents the Pepsi Bottling Group ("PBG"), in a discrimination lawsuit brought by former employee, Marlayna Tillman. In 2004, your office represented Ms. Tillman in a worker's compensation action brought against PBG. That claim was settled when Ms. Tillman entered into a settlement agreement with PBG under which she received monetary compensation. The settlement was for a claim of "total disability" for the time period of November 6, 2004 through April 14, 2004. However, during this period, when Ms. Tillman was asserting to PBG that she had a "total disability" and was unable to work because of medical reasons, Ms. Tillman applied for and accepted employment with another company. Accordingly, PBG has filed a counterclaim against Ms. Tillman for fraud and unjust enrichment.

At her deposition in the discrimination action, Ms. Tillman maintained that, although she received compensation from PBG in 2004, she had no knowledge that her worker's compensation claim had been settled, as her attorney neither showed her the settlement agreement nor explained to her its terms. In addition, Ms. Tillman asserted that she never received the settlement check made out to her from Sedgwick Claims Management Services, Inc., and did not recall giving her attorney permission to sign the check for her. (A copy of the relevant pages of the deposition transcript are attached hereto). It is PBG's position that by placing her attorney's advice, or lack thereof, at issue in this litigation, Ms. Tillman has waived the attorney-client privilege with respect to any communications with her attorney about the settlement of her worker's compensation claim. Third Circuit case law supports this contention. See, e.g., Livingstone v. North Belle Vernon Borough, 91 F.3d 515, 537 (3d. Cir. 1996) (holding that plaintiff's "assertion that she did not appreciate the release-dismissal agreement's legal implications is tantamount to a claim that her attorney did not give her accurate legal advice"

DMEAST #9653531 v1

Beverly Bove, Esq.
October 31, 2006
Page 2

thus "[i]t would be unfair to allow [plaintiff] to make this claim without permitting the opposing parties to investigate her attorney's version of the relevant events."); Synalloy Corp. v. Gray, 142 F.R.D. 266, 270 (D. Del. 1993) ("Because [the defendant] raised the issues of its lack of understanding of the Agreement and fraudulent misrepresentation, in circumstances in which perhaps the only people who would have explained the agreement to it were its attorneys, the [defendant's] assertion in the counterclaim was an implicit waiver of the privilege.")

In accordance with this waiver, we request information including but not limited: (1) any executed settlement agreements evidencing the settlement of Ms. Tillman's worker's compensation claim; (2) any notes regarding conversations about the settlement; and (3) any letters sent to Ms. Tillman regarding, enclosing or communicating the terms of the settlement agreement and/or settlement agreements. A subpoena outlining this request is enclosed.

If you have any questions, please do not hesitate to call me.

Best regards,

William M. Kelleher

WMK/ab
Enclosures

cc:   J. Stephen Woodside, Esq.
      Marc Gelman, Esq.
      Daniel V. Johns, Esq.
      Lucretia C. Clemons, Esq.
      Aisha M. Barbour, Esq.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MARLAYNA G. TILLMAN,
v.
THE PEPSI BOTTLING GROUP, et al.

**SUBPOENA IN A CIVIL CASE**
Case Number: 04-1314
District of Delaware

TO: Beverly Bove, Esq.
1020 West 18th Street
P.O. Box 1607
Wilmington, DE 19899

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM – |
| --- | --- |
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
Any executed settlement agreements evidencing the settlement of Ms. Tillman's worker's compensation claim. Any notes regarding conversations about the settlement. Any letters sent to Ms. Tillman regarding, enclosing or communicating the terms of the settlement agreement and/or settlement agreemetns.

| PLACE: BALLARD SPAHR ANDREWS & INGERSOLL, LLP 1735 MARKET STREET, 51st FLOOR PHILADELPHIA, PA 19103 | DATE AND TIME November 14, 2006 at 9:00 A.M. |
| --- | --- |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT): Attorney for Defendant  *W. KELLEHER* | DATE October 31, 2006 |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
William M. Kelleher, Esquire
BALLARD SPAHR ANDREWS & INGERSOLL, LLP 919 Market Street, 12th Floor
Wilmington, DE 19801; (302) 252-4465
*You may contact the issuing attorney to set an alternative means of production.

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

DMEAST #9653605 v1

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                          DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. They court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty and appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.