IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MARLAYNA G. TILLMAN, | : | C.A. No.: 04-1314(SLR) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| THE PEPSI BOTTLING GROUP, INC., | : | |
| and TEAMSTERS LOCAL UNION | : | |
| 830, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY OF DEFENDANT,
THE PEPSI BOTTLING GROUP, INC., TO EXTEND FACTUAL DISCOVERY
DEADLINE, AND FOR RULE 37(a)(4) EXPENSES**

Plaintiff, Marlayna G. Tillman, through her undersigned counsel, hereby moves this court

pursuant to Rule 37(a)(2)(B) and Rule 6(b) of the Federal Rules of Civil Procedure and Delaware

Local Rules for an order, compelling factual discovery of defendant, The Pepsi Bottling Group,

Inc. ("Pepsi") including the depositions of fact witnesses of Pepsi, extending the deadline for

completion of fact-based discovery and for other relief, and states the following in support

thereof:

A. <u>To compel depositions of Pepsi witnesses</u>

1. Factual discovery is scheduled to close under the August 23, 2006 scheduling order of

this court, on December 1, 2006.

2. On November 20, 2006, plaintiff noticed (by telefax and U.S. mail), pursuant to Rule

30(b), the depositions of the following eight witnesses of defendant, Pepsi, to appear on the

designated date and time:

1

| Jim Kelleher | November 27, 2006; 10 a.m. |
| Sara Swartz | November 29, 2006; 10 a.m. |
| Scott Steiger | November 30, 2006; 10 a.m. |
| Peyton Spencer | December 1, 2006; 10 a.m. |
| James Felicetti | December 1, 2006; 2 p.m. |
| Glenn Matthews | December 4, 2006; 10 a.m. |
| Tracy Drzewieki | December 6, 2006; 10 a.m. |
| Mike Johnson | December 7, 2006; 10 a.m. |

3. All of the notices were in compliance with Delaware Local Rule 30.1, which requires a period of "not less than five days" as "reasonable notice" by counsel for any oral deposition.

4. On November 22, 2006, defendant, Pepsi's counsel, Ms. Clemons telefaxed a letter to plaintiff's counsel, advising she refused to produce a single Pepsi witness for any deposition, on any date or time, as noticed. Counsel's letter is attached to this motion at Ex.A.[1]

5. Ms. Clemons provided no explanation for repudiating the deposition schedule or notices and refusing to bring in *any witnesses*, other than a general statement that: "[d]ue to scheduling difficulties and because several of the requested deponents reside outside of this jurisdiction, PBG cannot and will not produce witnesses next week."

6. Plaintiff's counsel telephoned Ms. Clemons on November 22, 2006 but did not get through and the call was not returned, and later wrote to Ms. Clemons on November 24, 2006,

---

[1]The Rule 30(b) notices were not signed by Delaware counsel and therefore, not accepted for filing, however, Pepsi's counsel did not refuse to produce the deponents for this reason (see, Clemon's Nov. 22 letter) and in fact, did not raise any issue of deficient notices until November 28 when she wrote to plaintiff's counsel, still complaining about the "reasonableness" of the schedule and addressing the other discovery issues.

requesting compliance with the deposition schedule. See, Ex. A.

7. Ms. Clemons wrote to plaintiff's counsel on November 28, 2006, again rejecting the deposition schedule but identifying for the first time three witnesses who resided outside of Delaware, but refused to produce any Pepsi witnesses before or after December 1, 2006.

8. In her letter, Ms. Clemons proposed she would "attempt to produce the requested deponents" if counsel agreed to request that this Court extend the deadlines for both discovery (December 1) and dispositive motions (December 15, 2006), which in turn would automatically advance the trial date, which counsel refused to do. See, Ex.A (¶Fourth, Nov.28 letter).

9. Plaintiff's counsel telephoned Ms. Clemons on November 29, 2006 to discuss Ms. Clemons' November 28 letter, again requesting production of all deponents within the jurisdiction the week of December 4, 2006, and, in any event, before December 15, 2006.

10. Plaintiff's counsel explained production of Pepsi witnesses should not affect the dispositive motion deadline inasmuch as Pepsi, not plaintiff, has the burden on opening briefs and Ms. Clemons has not noticed her own witnesses depositions or any other depositions and otherwise presented no reason why she could not meet the December 15 deadline.

11. Pepsi's counsel is holding the completion of factual discovery proceedings, and plaintiff's discovery depositions, hostage to an extension of the dispositive motion deadline and the trial date in this action - all improper discovery conduct under court rules.

12. Pepsi's counsel is intentionally delaying the discovery proceedings, with the object of in turn delaying the trial date, which is unnecessary if the deponents within this jurisdiction are produced before December 15, 2006.

13. All of the depositions relate to the subject matter of this action, seek relevant and

3

material testimony as part of factual discovery, and testimony that is reasonably calculated to lead to the discovery of admissible evidence at trial. Rule 26(b)(1).

14. All of the depositions, except for the three witnesses scheduled immediately following close of factual discovery (December 4, 6 and 7, 2006), were scheduled to be completed within the date for close of factual discovery.

15. To date, defendant, Pepsi refuses to produce a single witness for a deposition.

16. Pepsi has not filed for a protective order under Rule 26(c) with respect to any of the noticed deponents above, as required under Rule 37 if Pepsi refuses to produce deponent witnesses. F.R.Civ.P. 37(d).

17. This motion to compel depositions is timely, and necessitated for the reasons stated herein.

18. Plaintiff, on this motion, is compliant with Rule 37(a)(2)(A)(second sentence) and Delaware Local Rule 7.1.1.

19. Good cause exists for the entry of an order, compelling defendant, Pepsi to produce the aforesaid witnesses within this jurisdiction for their depositions prior to December 15, 2006.

20. Plaintiff is entitled to an award of reasonable expenses incurred in making this motion, including attorney's fees. F.R.Civ.P. 37(a)(4).

B. To compel answers to plaintiff's interrogatories (first set) addressed to Pepsi and production in  response to plaintiff's request for production addressed to Pepsi (second set)

21. On October 20, 2006, plaintiff served defendant, Pepsi with interrogatories (first set) and her request for production of documents addressed to Pepsi (second set).

22. On November 22, 2006, counsel for Pepsi served plaintiff with its objections and

4

answers to the interrogatories, and a response to the request for production.

23. Defendant, Pepsi's objections and answers to plaintiff's interrogatories (first set) are attached hereto, made a part hereof and marked Ex.B.

24. Defendant, Pepsi's objections and response to the request for production (second set) are attached hereto, made a part hereof and marked Ex.C.

25. Due to the voluminous nature of the objected-to interrogatories and for sake of brevity, plaintiff requests she be excused from the requirement under Delaware Local Rule 37.1 that the motion contain a verbatim recitation of each interrogatory, answer and objection which is the subject of the motion, and incorporates in this motion all of the discovery attached at Exhibit "B" and "C".

26. Pepsi interposed objections only, but no answers, to interrogatory nos. 3, 6, 9 and 17. See, Ex.B.[2]

27. Pepsi provided no answers, except an oblique reference to Rule 33(d), to the balance of the interrogatories (not nos. 1 and 2), except interrogatory no. 24, which also was not answered for a different reason. These interrogatories are nos.: 4, 7, 8, 10, 11, 12, 13, 14, 15, 16, 18, 19, 20, 21, 22 and 23. See, Ex.B.

28. Because the interrogatories were not answered, Pepsi's response to the document request, interposing the same objections and referring plaintiff only to the initial set of responsive

---

[2]The objection interposed to each interrogatory states: "PBG objects to each interrogatory to the extent that it calls for a legal conclusion. PBG also objects to this interrogatory to the extent that it is vague, harassing, unduly burdensome, seeks to impose obligations on defendant which are greater than those imposed by the Federal Rules of Civil Procedure and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence." Interrogatory no. 17 was not objected to on the grounds of a "legal conclusion."

production but making no production, likewise fails as a response under Rule 34. See, Ex.C.

29. Any answer to an interrogatory on the basis of Rule 33(d) requires the responder referencing a "business record" to make such "[s]pecification ... in sufficient detail to permit the interrogating party to locate and to identify...the records from which the answer may be ascertained", provided Pepsi can also show the burden of deriving the answer from the record is the same for the plaintiff as it is for Pepsi. Fed.R.Civ.P.33(d).

30. Pepsi's interrogatory answers, directing plaintiff under Rule 33(d) to sift through and examine nearly *1600 documents* previously produced by Pepsi, is far beyond the scope of acceptable practice under Rule 33(d) and violates the clear provisions of the rule, if it can be invoked here at all.

31. The interrogatories were tailored to meet specific proofs in plaintiff's case-in-chief, to prove pretext, and reach the essence of plaintiff's claims: i.e.: the policy governing the interplay between non-union and union positions; an explanation of the repeated adverse employment actions suffered by Tillman; the personnel who received the union positions Tillman was denied; specific employment information on all females and African American females employed at Pepsi including seniority; wage rates for key departments; and Transport Department hires.

32. Significantly, the interrogatories sought information about Pepsi's training and policy applicable to employees seeking to obtain a CDL license and a CDL-licensed position, and pay and seniority information for all persons filling the positions during the specified time period, all relevant to Tillman's claim she could not advance or promote her career at Pepsi.

33. The interrogatories (first set) and request for production of documents (second set)

6

seek information that is relevant and reasonably calculated to lead to the discovery of admissible evidence at trial. F.R.Civ.P.26(b)(1).

34. Defendant, Pepsi's objections are without merit and should be overruled. Objections not timely interposed by Pepsi, under court rules, (Pepsi has not made additional objections) are deemed waived.

35. Notwithstanding the oblique Rule 33(d) references, Pepsi has provided *no answers* to any of the interrogatories.

36. Under Rule 33(d), because Pepsi's answers are evasive and, at a minimum, incomplete, under Rule 37(a)(3) these discovery responses are to be treated as a failure to answer or respond by Pepsi.

37. On November 27, 2006, plaintiff's counsel wrote to Ms. Clemons, requesting she withdraw her objections and provide full and complete answers to the interrogatories and responsive production to the document requests; on November 28, 2006 Ms. Clemons refused. See, Ex.A (Woodside's Nov. 27 letter; Clemons' Nov. 28 letter, ¶Fifth).

38. Defendant, Pepsi has not moved for a protective order as to any of the interrogatories or requests for production of documents. F.R.Civ.P. 26(c).

39. This motion to compel defendant, Pepsi's answers to plaintiff's interrogatories and request for production of documents is timely, and necessitated for the reasons stated herein.

40. Plaintiff, on this motion, is compliant with Rule 37(a)(2)(A)(second sentence) and Delaware Local Rule 7.1.1.

41. Good cause exists for the entry of an order, compelling defendant, Pepsi to provide full and complete answers to plaintiff's interrogatories addressed to Pepsi (first set) and request

7

for production of documents (second set).

42. Plaintiff is entitled to an award of reasonable expenses incurred in making this motion, including attorney's fees. F.R.Civ.P. 37(a)(4).

C. To compel production of documents responsive to plaintiff's request for production of documents addressed to Pepsi (first set)

43. On August 24, 2006, plaintiff served defendant, Pepsi with her request for production of documents addressed to Pepsi (first set).

44. On October 10, 2006, counsel for Pepsi served plaintiff with its objections and responses to the document requests, and served approximately 1600 bates-stamped documents Pepsi deemed responsive to the request.

45. A true and correct copy of defendant, Pepsi's objections and responses to plaintiff's request for production (first set) is attached hereto, made a part hereof and marked Ex. "D".

46. Due to the voluminous nature of the objected-to document requests and for sake of brevity, plaintiff requests she be excused from the requirement under Delaware Local Rule 37.1, that the motion contain a verbatim recitation of each request, response and objection which is the subject of the motion, and incorporates in her motion all of the discovery attached at Exhibit "D".

47. Document requests nos. 5 through 20, inclusive, requested production by Pepsi of documents and information bearing on:

a. documents and records concerning impact under specific provisions of the Code of Federal Regulations (29 CFR §1607.4A and B), by race or ethnic group, including the "four-fifths" rule, and the impact on such groups that Pepsi's selection procedures had on employment opportunities including promotion, transfer, reassignment in the union and non-

8

union department;

       b. documents and records on whether the selection process for employment decisions at Pepsi under the cited CFR sections had an adverse impact on a particular race or ethnic group in the union and non-union department;

       c. documents and records relating to any enforcement action by the EEOC or any administrative agency against Pepsi with respect to the impact on any particular race, of the selection process for employment decisions at Pepsi in the union and non-union departments;

       d. documents and records maintained or required to be held by Pepsi under 29 CFR §1607.15 to determine adverse impact under the "four-fifths rule" (29 CFR §1607.4D) of any selection process for employment decisions at Pepsi in the union and non-union departments;

       e. all affirmative action policies and procedures of Pepsi that address or impact employment decisions of Pepsi by race or ethnic group for the union and non-union departments, and all documents relating to "validity studies" to satisfy EEO guidelines of Pepsi or as required by Federal law, in the union and non-union departments.

48. Pepsi produced no documents in response to the foregoing requests, but only objections, that the requests were vague, harassing, burdensome, not relevant or calculated to lead to discovery of admissible evidence, and that the requests seek information that is protected from discovery under the "self-critical analysis privilege". See, Ex.C.

49. Tillman's complaint pleads intentional race and gender discrimination under Title VII, under a theory of disparate treatment based on specific facts that Pepsi embraced or caused a pattern of repeated discrimination towards Tillman, preventing her advancement and promotion

at Pepsi.

50. Although statistical and compliance data and reports of Pepsi of the type sought by Tillman here are highly relevant and often central to proving discrimination in impact cases, the standards for disparate treatment and impact are the same, Wards Cove Packing Co. v. Atonio, 490 U.S. 642 109 S.Ct. 2115 (1989), and such statistics and data are relevant to proving the Title VII claim. See, Watson v. Fort Worth Bank and Trust, 487 U.S. 977, 987, 109 S.Ct. 2777, 2784 (1988); Griggs v. Duke Power Co., 401 U.S. 424, 91 S.Ct. 2720 (1971).

51. The discovery is relevant to Tillman's claims that her promotion and advancement all suffered under a pattern of discriminatory employment decisions against advancement or promotion of African-American women, including herself, which appears to be occurring at Pepsi, even though Tillman's disparate impact case would not require her to advance as an element of proof what facially neutral standard or test created the discriminatory pattern. See, Lanning v. SEPTA, 181 F.3d 478, 485 (3rd Cir.1999).

52. The employee rosters of Pepsi produced through discovery, for the years 2001 through 2004, reveal Pepsi employed a *mere 7% women* in the Wilmington plant and of that percentage for those years, the percentage of African-American women ranged between 18% and 26%.

53. From the same employee rosters, except for a woman named Alice Fleming who worked briefly in the Warehouse Department from 06/07/01 through 01/31/02, Marlayna Tillman was the *only African-American woman* working in any of the enumerated Union-classified positions (see, n.2) during the period of her tenure - which is where all of the trouble for Tillman

10

arose.[3]

54. Pepsi's workforce make-up is suspect for an even higher degree of gender and race-based discrimination, under the Federal regulations guidelines (29 CFR §1607.1 *et seq.*), considering Tillman was the only African-American female employed in a union position (except for Fleming's brief employment) during 2001-2004.

55. In a Title VII claim, where the evidence is the Employer does not hire women (or African-American women) into union positions, and the Employee is hired into a union position as the only African-American woman employee and she suffers repeated adverse employment consequences, the affirmative action plans and compliance and reporting data are highly relevant to the claim.[4]

56. Plaintiff should be permitted to inspect all of Pepsi's employment compliance and reporting data and statistics, affirmative action plans and compliance, and enforcement data of Pepsi which, particularly in Tillman's employment, would tend to prove that Pepsi's employment decisions and selection criteria rose to a level of discriminatory practice or conduct prohibited under Title VII.

57. Defendant, Pepsi's objections are without merit, and should be overruled. Objections not timely interposed by Pepsi, under court rules, (Pepsi has not made additional

---

[3]Pepsi is a union-shop manufacturer of can-filled and bottled soda products, employing all of its Manufacturing, Sales, Transport and Service labor needs through a collective bargaining agreement with the Teamsters Local 830. Plaintiff's calculations from Pepsi data reflect the total workforce at the plant, including the non-Union labor component (management, administrative and merchandising) which is a small percentage of the total Wilmington workforce.

[4]See, 29 CFR §1607.1 *et seq.*; 29 CFR §1608.1 *et seq.* (the regulations encompass disparate treatment as one of the proscribed practices/conduct tending to prove "adverse affect" which the regulations were implemented to address. 29 CFR §§1608.3, 1608.4).

objections) are deemed waived.

58. In the same telephone call with Ms. Clemons on November 29, 2006, counsel requested that defendant, Pepsi, withdraw its objections and produce all responsive documents, and Ms. Clemons refused.

59. Defendant, Pepsi has not moved for a protective order as to any of the enumerated document requests. F.R.Civ.P. 26(c).

60. This motion to compel Pepsi's production in response to plaintiff's enumerated document requests is timely, and necessitated for the reasons stated herein.

61. Plaintiff, on this motion, is compliant with Rule 37(a)(2)(A)(second sentence) and Delaware Local Rule 7.1.1.

62. Good cause exists for the entry of an order, compelling defendant, Pepsi to provide full and complete production in response to requests nos. 5 through 20, inclusive, of plaintiff's request for production of documents addressed to defendant, Pepsi (first set).

63. Plaintiff is entitled to an award of reasonable expenses incurred in making this motion, including attorney's fees. F.R.Civ.P. 37(a)(4).

D. To extend the deadline for factual discovery under the scheduling order

64. Extension of the fact-based discovery deadline is required to compel defendant, Pepsi's compliance with relevant factual discovery initiated by plaintiff prior to the discovery deadline date.

65. But for Pepsi's conduct, all of the discovery, except for three depositions, would have been completed within the discovery deadline of December 1, 2006.

66. Extending the deadline for factual discovery, for a period of time to accommodate

12

defendant, Pepsi's compliance, will not delay the dates for opening briefs (by either defendant) or answering brief (by plaintiff), nor delay the trial date or pre-trial deadlines under the scheduling order.

67.  Pepsi first informed plaintiff on November 28, 2006 that two of the noticed deponents are former Human Resource managers residing outside this jurisdiction in distant states, although addresses and telephone numbers were not provided.

68.  Accordingly, plaintiff must be permitted the right to depose, upon proper notice within the limits of the scheduling order, additional depositions of Pepsi witnesses, to conclude by December 15, 2006 to obtain necessary discovery.

69.  This motion to extend time is timely under Rule 6(b) and Delaware Local Rule 16.5.

70.  Plaintiff, on this motion, has taken his certifications under Delaware Local Rule 7.1.1. and, for this portion of the motion, under Delaware Local Rule 16.5.

71.  Good cause exists for the entry of an order extending the deadline for fact-based discovery to December 15, 2006, or such other date as determined by the court having considered the positions of the parties.

WHEREFORE, for all the foregoing reasons, plaintiff, Marlayna G. Tillman, respectfully requests that the relief requested in this motion be granted, and the attached form of order entered.

13

KNEPPER & STRATTON

/s/ Barbara H. Stratton
Barbara H. Stratton, Esq.
1228 North King Street
Wilmington, DE 19801
(302) 658-1717
Delaware Bar ID#2785
bhs@knepperstratton.net
Attorney for Plaintiff

Pro Hac Vice Counsel:

J. Stephen Woodside, Esq.
J. STEPHEN WOODSIDE, P.C.
One Montgomery Plaza
425 Swede Street, Suite 605
Norristown, PA 19401
(610) 278-2442

Dated:   November 30, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MARLAYNA G. TILLMAN, | : | C.A. No.: 04-1314(SLR) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| THE PEPSI BOTTLING GROUP, INC., | : | |
| and TEAMSTERS LOCAL UNION | : | |
| 830, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## RULE 7 STATEMENT

J. Stephen Woodside, pro hac vice counsel for plaintiff, hereby certifies pursuant to Local

Rule 7.1.1 that he has made a reasonable effort to reach agreement with opposing counsel,

Lucretia Clemons, Esquire, on the matters set forth in the foregoing motion.


/s/ J. Stephen Woodside
J. Stephen Woodside

Dated:   November 30, 2006

15

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MARLAYNA G. TILLMAN, | : | C.A. No.: 04-1314(SLR) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| THE PEPSI BOTTLING GROUP, INC., | : | |
| and TEAMSTERS LOCAL UNION | : | |
| 830, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## **RULE 16.5 CERTIFICATION**

J. Stephen Woodside, pro hac vice counsel for plaintiff, hereby certifies pursuant to

Delaware Local Rule 16.5 that he has sent a copy of this motion and exhibits to his client,

Marlayna G. Tillman.

/s/ J. Stephen Woodside
J. Stephen Woodside

Dated:   November 30, 2006

16

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MARLAYNA G. TILLMAN,    :  C.A. No.: 04-1314(SLR)
               :
  Plaintiff,       :
               :
    v.        :
               :
THE PEPSI BOTTLING GROUP, INC., :
and TEAMSTERS LOCAL UNION  :
830,             :
               :
  Defendants.     :
               :

## ORDER

AND NOW, this day of   , 2006, upon consideration of plaintiff's motion to compel discovery of defendant, The Pepsi Bottling Group, Inc. ("Pepsi") and to extend deadline for fact-based discovery and other relief, defendant, Pepsi's response thereto, and argument thereon (if any);

IT IS hereby ORDERED as follows:

1. Defendant, Pepsi shall produce all deponents residing within this jurisdiction, as noticed on November 20, 2006 by plaintiff, on mutually agreeable dates and times with all parties so as to conclude no later than December 15, 2006;

2. Defendant, Pepsi shall serve full and complete answers to plaintiff's interrogatories addressed to Pepsi (first set) within days of this order; all objections interposed by Pepsi are overruled.

3. Defendant, Pepsi shall serve a response, and produce all documents responsive to plaintiff's request for production of documents addressed to Pepsi (second set) within days of

this order; all objections interposed by Pepsi are overruled.

4. Defendant, Pepsi shall serve a response, and produce all documents responsive to requests nos. 5 through 20, inclusive, of plaintiff's request for production of documents addressed to Pepsi (first set) within     days of this order; all objections interposed by Pepsi are overruled.

5. The deadline for fact-based discovery shall be extended as to all parties, to December 15, 2006, all other dates set forth in the scheduling order dated August 23, 2006 shall remain unchanged.

6. Plaintiff shall be permitted, upon proper notice, such additional depositions within the limits of the scheduling order, to be completed by December 15, 2006.

7. Plaintiff shall be awarded expenses on the motion to compel, including attorney's fees, under Rule 37(a)(4) upon application to the court which must be made within     days of this order. Defendant, Pepsi's response shall be submitted within     days of plaintiff's submission.

IT IS so ORDERED.

BY THE COURT:

_____
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MARLAYNA G. TILLMAN,               :    C.A. No.: 04-1314(SLR)
                                   :
        Plaintiff,                 :
                                   :
        v.                         :
                                   :
THE PEPSI BOTTLING GROUP, INC.,    :
and TEAMSTERS LOCAL UNION          :
830,                               :
                                   :
        Defendants.                :
                                   :

## CERTIFICATE OF SERVICE

I, Barbara H. Stratton, hereby certify that on November 30, 2006, J. Stephen Woodside

caused a true and correct copy of plaintiff's motion to compel discovery and to extend deadline for

factual discovery to be served upon the following, by telefax (or email) and first class United States

Mail, postage prepaid:

> Lucretia Clemons, Esquire
> BALLARD SPAHR ANDREWS & INGERSOLL, LLP
> 51ST Floor
> 1735 Market Street
> Philadelphia, PA 19103
> (Attorney for The Pepsi Bottling Group, Inc.)
>
> Marc L. Gelman, Esquire
> JENNINGS SIGMUND, P.C.
> 510 Walnut Street
> Philadelphia, PA 19106
> (Attorney for Local 830)

17

KNEPPER & STRATTON

/s/ Barbara H. Stratton
Barbara H. Stratton, Esq.
1228 North King Street
Wilmington, DE 19801
(302) 658-1717
Delaware Bar ID#2785
bhs@knepperstratton.net
Attorney for Plaintiff

Pro Hac Vice Counsel:

J. Stephen Woodside, Esq.
J. STEPHEN WOODSIDE, P.C.
One Montgomery Plaza
425 Swede Street, Suite 605
Norristown, PA 19401
(610) 278-2442

Dated:    November 30, 2006

18