**EXHIBIT A**

LAW OFFICES

**BALLARD SPAHR ANDREWS & INGERSOLL, LLP**

1735 MARKET STREET, 51ST FLOOR
PHILADELPHIA, PENNSYLVANIA 19103-7599
215-665-8500
FAX: 215-864-8999
WWW.BALLARDSPAHR.COM

BALTIMORE, MD
DENVER, CO
SALT LAKE CITY, UT
VOORHEES, NJ
WASHINGTON, DC
WILMINGTON, DE

LUCRETIA C. CLEMONS
DIRECT DIAL: 215-864-6152
PERSONAL FAX: 215-864-9041
CLEMONSL@BALLARDSPAHR.COM

November 22, 2006

**VIA FACSIMILE**

J. Stephen Woodside
One Montgomery Plaza
425 Swede Street
Suite 605
Norristown, PA 19401

      Re:    <u>Marlayna Tillman v. The Pepsi Bottling Group, et al.</u>

Dear Mr. Woodside:

      We write in response to your letter of November 20, 2006 which arrived at our offices by facsimile after the close of business. Enclosed with your letter and also dated November 20, 2006 were notices for eight depositions of employees and/or former employees of Bottling Group, LLC ("PBG"). I was out of the office yesterday morning and did not have an opportunity to assess your letter and enclosures until the afternoon.

      Simply put, plaintiff's request that PBG produce eight witnesses for deposition between November 27, 2006 and December 4, 2006 is utterly unreasonable for a number of reasons. First, as plaintiff is well aware, the discovery deadline in this matter is December 1, 2006. You participated in the scheduling conference held by the Court on August 21, 2006 which set this deadline. Second, because you were admitted *pro hac vice* in this matter on July 19, 2006, you should have been aware of the identities of the requested deponents for several months as each of the requested deponents was listed as a potential witness in plaintiff's initial disclosures dated September 23, 2005 and/or plaintiff's responses to interrogatories dated December 5, 2005. Yet, you waited until the Monday evening before the Thanksgiving holiday, and a week before discovery is set to close, to request even a single deposition in this matter. Further, in our many telephone conversations and e-mail exchanges regarding discovery in this matter, you have not once mentioned a desire to take depositions of any witness, yet alone eight following a holiday and after the close of discovery. We have also been unable to reach counsel for Local 830 to determine whether he would be available to attend depositions on the requested dates.

      Due to scheduling difficulties and because several of the requested deponents reside outside of this jurisdiction, PBG cannot and will not produce witnesses next week. Moreover, PBG will oppose any request by plaintiff to extend the discovery deadline in this

DMEAST #9671761 v1

J. Stephen Woodside
November 22, 2006
Page 2

matter because the Court was clear at the aforementioned scheduling conference that this case has a tight timeline as depositive motions are due on December 15, 2006 and trial is scheduled for April 2, 2007 (a date upon which plaintiff insisted).

Lastly, I will be leaving the office shortly and will not return until the afternoon of Tuesday, November 28, 2006. I will be happy to discuss this matter with you further at that time.

Very truly yours,

Lucretia C. Clemons

LCC/jd
cc: Marc Gelman, Esquire

DMEAST #9871761 v1

Law Offices
**J. STEPHEN WOODSIDE**
A Professional Corporation
One Montgomery Plaza
425 Swede Street
Suite 605
Norristown, PA 19401

Telephone (610) 278-2442
Telecopier (610) 278-2644

Admitted to practice in PA and NJ

November 24, 2006

TELEFAX TO 215-864-8999
and U.S. MAIL

Lucretia Clemons, Esquire
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
51ST Floor
1735 Market Street
Philadelphia, PA 19103

Re: Tillman v. The Pepsi Bottling Group, Inc., et al.
    No. 04-1314(SR)

Dear Ms. Clemons:

Your position in your November 22, 2006 letter, refusing to produce a *single witness* for a deposition before December 1, 2006, is unreasonable. The notices and schedule of depositions is reasonable, and rule-compliant. You have not explained any scheduling difficulties. From available discovery to date, all of the requested witnesses should be located at Pepsi in Wilmington, Delaware, or travel to the plant on a regular basis, and you have not identified those outside the jurisdiction. I will bring the matter to the court's attention, at the earliest opportunity, in accordance with all required procedure, the week of November 27, 2006.

Very truly yours,

J. Stephen Woodside

/rr
cc: Barbara Stratton, Esq.
    Marc Gelman, Esq.
    Marlayna Tillman

Law Offices
**J. STEPHEN WOODSIDE**
A Professional Corporation
One Montgomery Plaza
425 Swede Street
Suite 605
Norristown, PA 19401

Telephone (610) 278-2442
Telecopier (610) 278-2644

Admitted to practice in PA and NJ

November 27, 2006

TELEFAX TO 215-864-8999
and U.S. MAIL

Lucretia Clemons, Esquire
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
51ST Floor
1735 Market Street
Philadelphia, PA 19103

    Re: Tillman v. The Pepsi Bottling Group, Inc., et al.
        No. 04-1314(SR)

Dear Ms. Clemons:

    I received in today's mail defendant, Pepsi's objections and answers to plaintiff's interrogatories (first set) and requests for production of documents (second set). Your answers and responses are not rule-compliant.

    Objections only, but no answers, were interposed to nos. 3, 6, 9 and 17. No answers, except an oblique reference to Rule 33(d), were provided to the balance of the interrogatories, except nos.1 and 2, and no. 24, which also was not answered for a different reason. Because the interrogatories are not answered, Pepsi's response to the document request, interposing the same objections and referring plaintiff only to the initial set of responsive production but making no production, likewise fails as a response.

    Any answer to an interrogatory on the basis of Rule 33(d) requires the responder referencing a "business record" to make such "[s]pecification ... in sufficient detail to permit the interrogating party to locate and to identify...the records from which the answer may be ascertained", provided Pepsi can also show the burden of deriving the answer from the record is the same for the plaintiff as it is for Pepsi. Fed.R.Civ.P.33(d). Your interrogatory answers, directing me to examine nearly 1600 documents of Pepsi under Rule 33(d), fail to do this, and otherwise provide *no information* at all.

Lucretia Clemons, Esquire
November 27, 2006
Page 2

    Under Rule 33(d), because defendant, Pepsi's interrogatory answers are evasive and, at a minimum, incomplete, under Rule 37(a)(3), these discovery responses are to be treated as a failure to answer or respond, activating the sanctions provisions under Rule 37.

    Accordingly, I am requesting you withdraw your objections, and serve amended answers in compliance with the clear provisions of Rule 33(d) and make full production, or I will be compelled to bring the matter to the court's attention, at the earliest opportunity, in accordance with all required procedure, the week of November 27, 2006. This should not be necessary.

                                 Very truly yours,

                                   J. Stephen Woodside

/rr
cc: Barbara Stratton, Esq.
    Marc Gelman, Esq.
    Marlayna Tillman

LAW OFFICES
## BALLARD SPAHR ANDREWS & INGERSOLL, LLP

1735 MARKET STREET, 51st FLOOR
PHILADELPHIA, PENNSYLVANIA 19103-7599
215-665-8500
FAX: 215-864-8999
WWW.BALLARDSPAHR.COM

BALTIMORE, MD
DENVER, CO
SALT LAKE CITY, UT
VOORHEES, NJ
WASHINGTON, DC
WILMINGTON, DE

LUCRETIA C. CLEMONS
DIRECT DIAL: 215-864-0137
PERSONAL FAX: 215.864.9041
CLEMONSL@BALLARDSPAHR.COM

November 28, 2006

**Via Facsimile and First Class Mail**

J. Stephen Woodside
One Montgomery Plaza
425 Swede Street
Suite 605
Norristown, PA 19401

Re:   Marlayna Tillman v. The Pepsi Bottling Group, et al.

Dear Mr. Woodside:

I write in response to your voicemail of November 22, 2006 and letters of November 24 and 27, 2006. As noted in my letter of November 22, 2006, I was out of the office from November 22, 2006 until this afternoon. I, therefore, have just had an opportunity to review your voicemail and letters and respond to the issues raised therein.

First, PBG's responses to Plaintiff's first set of interrogatories and second set of document requests were not overdue as stated in your first letter of November 24, 2006. Plaintiff served her first set of interrogatories and second set of document requests on PBG by first class mail on October 20, 2006. As such and pursuant to Federal Rules of Civil Procedure 33(b)(3), 34(b) and 6(e), PBG's responses were due on November 22, 2006. Accordingly, PBG's responses, which were mailed on November 22, 2006, were timely.

Second, in your subsequent letter dated November 24, 2006, you baldly contend that PBG's inability to produce witnesses for deposition this week is unreasonable. To the contrary, it is unreasonable for you to expect that eight witnesses and counsel for both defendants would be available without any prior notice of your desire to take the depositions of any witness, yet alone eight following a holiday and after the close of discovery. PBG could not produce witnesses this week due to scheduling difficulties and because several of the requested deponents reside outside of this jurisdiction. Specifically, I have various previously scheduled obligations in other matters this week which would not have permitted me to prepare witnesses for and attend depositions. Counsel for Local 830 is also unavailable to attend depositions this week. Furthermore, neither Tracey Drzewieki, Scott Steiger, nor Sara Swartz reside or work in Delaware. For these reasons, and those noted in my letter of November 22, 2006, PBG cannot and will not produce witnesses this week for deposition.

DMEAST #9674281 v1

J. Stephen Woodside
November 28, 2006
Page 2

Third, in your second letter dated November 24, 2006 you also contend that the deposition notices are rule-compliant. Quite the reverse is true. This fact is evidenced by the Court's deficiency notice of November 27, 2006. In short, the deposition notices are invalid and not binding.

Fourth, in your voicemail of November 22, 2006, you stated that you intend to ask the Court to extend the discovery deadline for the purpose of scheduling depositions but that you do not intend to request that the deadline for dispositive motions be extended. Such a request is simply unreasonable. As noted in my previous letter, PBG will oppose any request by Plaintiff to extend the discovery deadline in this matter because the Court was clear at the scheduling conference that this case has a tight timeline with dispositive motions due on December 15, 2006 and trial scheduled for April 2, 2007 (a date upon which Plaintiff insisted). Despite the unreasonableness and ill-timing of your requests, PBG will attempt to produce the requested deponents if you agree to request that the Court extend the deadlines for both discovery and dispositive motions and the Court grants your request.

Fifth, in your letter dated November 27, 2006, you contend that PBG's responses to Plaintiff's first set of interrogatories and second set of document requests are evasive. This contention has no basis in fact. Plaintiff's interrogatories and document requests are overbroad, harassing, unduly burdensome and otherwise objectionable. As such, PBG maintains and asserts each of its objections as set forth in its responses. Should Plaintiff reasonably tailor her interrogatories and requests, PBG will, of course, re-evaluate its objections and responses.

Lastly, in the future please direct all correspondence sent by facsimile to my direct fax number (215-864-9041) rather than our office's general fax number.

I will be happy to discuss this matter with you further if you so desire.

Very truly yours,

Lucretia C. Clemons

LCC/jd
cc:    Marc Gelman, Esquire
       Barbara Stratton, Esquire

DMEAST #9674281 v1