**EXHIBIT C**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARLAYNA G. TILLMAN, | : |
| Plaintiff, | : C.A. Number: 04-1314 |
| v. | : |
| THE PEPSI BOTTLING GROUP, INC., and TEAMSTERS LOCAL UNION 830 | : |
| Defendants. | : |

### DEFENDANT BOTTLING GROUP, LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANT

Defendant, Bottling Group, LLC ("PBG" or "Defendant"), incorrectly identified as Pepsi Bottling Group, Inc., in Plaintiff's Complaint, by its undersigned counsel, hereby responds to Plaintiff's Second Request for Production of Documents as follows:

### I.   GENERAL OBJECTIONS

The following general objections apply to each document request and are incorporated into each specific response. Defendant's investigation is continuing, and it reserves the right to supplement any of the following responses as necessary. Defendant also reserves the right to raise objections at trial regarding the admissibility of any of the information that it provides or agrees to provide.

A.   Defendant objects to each document request to the extent that it seeks information which is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

B.   Defendant objects to each document request to the extent that it is overly broad as to time or scope.

C.  Defendant objects to each document request to the extent that it seeks information that is protected from discovery by the attorney-client privilege or the work-product doctrine or which constitutes or discloses the mental impressions, conclusions, opinions or legal theories of an attorney in this or any other litigation, or which is protected from disclosure by any other privilege or immunity.

D.  Defendant objects to each document request to the extent that it is unduly burdensome or harassing.

E.  Defendant objects to each document request to the extent that it seeks information that is not in the possession or the control of Defendant.

F.  Defendant objects to each document request to the extent that it seeks information already within the possession of Plaintiff.

G.  Defendant objects to each document request to the extent that it seeks information of a private, personal and/or confidential nature about individual employees or former employees of Defendant other than Plaintiff, the disclosure of which would result in an undue invasion of privacy with respect to such individuals.

H.  Defendant objects to each document request to the extent that it is vague or ambiguous.

I.  Defendant objects to each document request to the extent that it seeks to impose obligations on Defendant which are greater than those imposed by the Federal Rules of Civil Procedure.

## II.    OBJECTIONS AND RESPONSES TO REQUEST FOR DOCUMENTS

Subject to, and without waiving its objections set forth above, PBG responds as follows:

1. Produce all documents you have identified in your answers to plaintiffs interrogatories addressed to defendant, Pepsi (first set).

**RESPONSE:**    See documents produced in response to Plaintiff's request for documents.

2. Produce all documents you have been requested to produce as part of your answers to plaintiffs interrogatories addressed to defendant, Pepsi (first set).

**OBJECTION:**    PBG incorporates by reference each objection made in its responses to Plaintiff's first set of interrogatories. Subject to and without waiving the foregoing objections:

**RESPONSE:**    See documents produced in response to Plaintiff's request for documents.

3. Produce any and all documents that refer to, relate to, concern or discuss, for each employee identified, the information provided in your answers to subparts (a) through (d), inclusive, of interrogatory no. 4.

**OBJECTION:**    PBG incorporates by reference each objection made in its responses to Plaintiff's first set of interrogatories. Subject to and without waiving the foregoing objections:

**RESPONSE:**    See documents produced in response to Plaintiff's request for documents.

4. Produce any and all documents that refer to, relate to, concern or discuss, for each employee identified, the information provided in your answers to subparts (a) through (g), inclusive, of interrogatory no. 8.

**OBJECTION:**    PBG incorporates by reference each objection made in its responses to Plaintiff's first set of interrogatories. Subject to and without waiving the foregoing objections:

**RESPONSE:**     See documents produced in response to Plaintiff's request for documents.

5. Produce any and all documents that refer to, relate to, concern or discuss the information pertaining to Marlayna Tillman provided in your answers to subparts (a) through (f), inclusive, of interrogatory no. 14.

**OBJECTION:**     PBG incorporates by reference each objection made in its responses to Plaintiff's first set of interrogatories. Subject to and without waiving the foregoing objections:

**RESPONSE:**     See documents produced in response to Plaintiff's request for documents.

6. Produce any and all documents that refer to, relate to, concern or discuss, for each employee identified, the information provided in your answers to subparts (a) through (f), inclusive, of interrogatory no. 15.

**OBJECTION:**     PBG incorporates by reference each objection made in its responses to Plaintiff's first set of interrogatories. Subject to and without waiving the foregoing objections:

**RESPONSE:**     See documents produced in response to Plaintiff's request for documents.

7. Produce any and all documents that refer to, relate to, concern or discuss, for each employee identified, the information provided in your answers to subparts (a) through (f), inclusive, of interrogatory no. 16.

**OBJECTION:**     PBG incorporates by reference each objection made in its responses to Plaintiff's first set of interrogatories. Subject to and without waiving the foregoing objections:

**RESPONSE:**     See documents produced in response to Plaintiff's request for documents.

8.  Produce any and all documents that refer to, relate to, concern or discuss, for each person identified, the information provided in your answers to subparts (a) through (i), inclusive, of interrogatory no. 17.

**OBJECTION:** PBG incorporates by reference each objection made in its responses to Plaintiff's first set of interrogatories. Subject to and without waiving the foregoing objections:

9.  Produce any and all documents that refer to, relate to, concern or discuss the information provided in your answers to interrogatory no. 18.

**OBJECTION:** PBG incorporates by reference each objection made in its responses to Plaintiff's first set of interrogatories. Subject to and without waiving the foregoing objections:

**RESPONSE:** See documents produced in response to Plaintiff's request for documents.

10. Produce any and all documents that refer to, relate to, concern or discuss the information provided in your answers to interrogatory no. 19.

**OBJECTION:** PBG incorporates by reference each objection made in its responses to Plaintiff's first set of interrogatories. Subject to and without waiving the foregoing objections:

**RESPONSE:** See documents produced in response to Plaintiff's request for documents.

11. Produce any and all documents that refer to, relate to, concern or discuss, for each person identified, the information provided in your answers to subparts (a) through (k), inclusive., of interrogatory no. 20.

**OBJECTION:** PBG incorporates by reference each objection made in its responses to Plaintiff's first set of interrogatories. Subject to and without waiving the foregoing objections:

**RESPONSE:**   See documents produced in response to Plaintiff's request for documents.

Date: November 22, 2006

_____
William M. Kelleher (I.D. No. 3961)
Ballard Spahr Andrews & Ingersoll, LLP
919 Market Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 252-4465
Facsimile: (302) 252-4466

Attorneys for Defendant
Bottling Group, LLC

OF COUNSEL:
Daniel V. Johns
Lucretia C. Clemons
Aisha M. Barbour
Ballard Spahr Andrews & Ingersoll, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: (215) 665-8500
Facsimile: (215) 864-8999

## **CERTIFICATE OF SERVICE**

I, William M. Kelleher, hereby certify that on this date I served a copy of the foregoing Defendant Bottling Group, LLC's Objections And Responses To Plaintiff's Second Request For Production Of Documents Directed To Defendant via first-class mail, postage prepaid, upon the following:

Marc Gelman
Jennings Sigmond
Penn Mutual Towers
510 Walnut Street, 16th Floor
Philadelphia, PA 19106
Counsel for Teamsters Local Union 830

J. Stephen Woodside
One Montgomery Plaza
425 Swede Street
Suite 605
Norristown, PA 19401

Dated: November 22, 2006

William M. Kelleher