**EXHIBIT D**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

MARLAYNA G. TILLMAN,　　　　　　　：

　　　　　　Plaintiff,　　　　　　　：　　　　C.A. Number: 04-1314

　　　　v.　　　　　　　　　　　　：

THE PEPSI BOTTLING GROUP, INC.,　：
and TEAMSTERS LOCAL UNION 830　：

　　　　　　Defendants.　　　　　　：

## DEFENDANT BOTTLING GROUP, LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANT

Defendant, Bottling Group, LLC ("PBG" or "Defendant"), incorrectly identified as Pepsi Bottling Group, Inc., in Plaintiff's Complaint, by its undersigned counsel, hereby responds to Plaintiff's First Request for Production of Documents as follows:

## I.　　GENERAL OBJECTIONS

The following general objections apply to each document request and are incorporated into each specific response. Defendant's investigation is continuing, and it reserves the right to supplement any of the following responses as necessary. Defendant also reserves the right to raise objections at trial regarding the admissibility of any of the information that it provides or agrees to provide.

A.　　Defendant objects to each document request to the extent that it seeks information which is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

B.　　Defendant objects to each document request to the extent that it is overly broad as to time or scope.

C.    Defendant objects to each document request to the extent that it seeks information that is protected from discovery by the attorney-client privilege or the work-product doctrine or which constitutes or discloses the mental impressions, conclusions, opinions or legal theories of an attorney in this or any other litigation, or which is protected from disclosure by any other privilege or immunity.

D.    Defendant objects to each document request to the extent that it seeks information that is protected from discovery by the self-critical analysis privilege.

E.    Defendant objects to each document request to the extent that it is unduly burdensome or harassing.

F.    Defendant objects to each document request to the extent that it seeks information that is not in the possession or the control of Defendant.

G.    Defendant objects to each document request to the extent that it seeks information already within the possession of Plaintiff.

H.    Defendant objects to each document request to the extent that it seeks information of a private, personal and/or confidential nature about individual employees or former employees of Defendant other than Plaintiff, the disclosure of which would result in an undue invasion of privacy with respect to such individuals.

I.    Defendant objects to each document request to the extent that it is vague or ambiguous.

J.    Defendant objects to each document request to the extent that it seeks to impose obligations on Defendant which are greater than those imposed by the Federal Rules of Civil Procedure.

## II.   OBJECTIONS AND RESPONSES TO REQUEST FOR DOCUMENTS

Subject to, and without waiving its objections set forth above, PBG responds as follows:

1.    Produce any and all "Seniority Lists" and/or similar lists for the Union Department and all documents comprising such lists, that refer to, relate to, concern or discuss Marlayna Tillman's employment at the Company, by name, job classification (job title, grade level, etc.), seniority (by job department and union seniority), time in service, qualifications, rate of pay, and other relevant data including gender and minority status, for the relevant time period.

**OBJECTION:**    PBG objects to this request to the extent that it is overbroad as to scope and time and seeks information of a private, personal and/or confidential nature about individual employees or former employees of PBG other than Plaintiff, the disclosure of which would result in an undue invasion of privacy with respect to such individuals. PBG further objects to this request to the extent that it seeks information already in Plaintiff's possession and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections:

**RESPONSE:**    PBG will make responsive documents available at a mutually agreed upon time and date.

2.    Produce any and all "Seniority Lists" and/or similar lists for the Non-Union Department and all documents comprising such lists, that refer to, relate to, concern or discuss Marlayna Tillman's employment at the Company, by name, job classification (job title, grade level, etc.), seniority (by job department and union seniority), time in service, qualifications, rate of pay, and other relevant data including gender and minority status, for the relevant time period.

**OBJECTION:**    PBG objects to this request to the extent that it is overbroad as to scope and time and seeks information of a private, personal and/or confidential nature about

individual employees or former employees of PBG other than Plaintiff, the disclosure of which

would result in an undue invasion of privacy with respect to such individuals. PBG further

objects to this request to the extent that it seeks information already in Plaintiff's possession and

seeks information that is neither relevant to the subject matter of this action nor reasonably

calculated to lead to the discovery of admissible evidence. Subject to and without waiving the

foregoing objections:

**RESPONSE:**        PBG will make responsive documents available at a

mutually agreed upon time and date.

3.    Produce all organizational and/or salutation charts for each job department
in the Union Department showing identity of each employee, and for each employee in each job
classification: gender, age, position, location, grade/rank of employment, hire date(s), promotion
date(s), identity of supervisor(s), rates of pay, minority status and any other information as
presented, for the relevant time period.

**OBJECTION:**        PBG objects to this request to the extent that it is overbroad

as to scope and time and seeks information of a private, personal and/or confidential nature about

individual employees or former employees of PBG other than Plaintiff, the disclosure of which

would result in an undue invasion of privacy with respect to such individuals. PBG further

objects to this request to the extent that it seeks information already in Plaintiff's possession and

seeks information that is neither relevant to the subject matter of this action nor reasonably

calculated to lead to the discovery of admissible evidence. Subject to and without waiving the

foregoing objections:

**RESPONSE:**        PBG will make responsive documents available at a

mutually agreed upon time and date.

4.    Produce all organizational and/or salutation charts for each job department
in the Non- Union Department showing identity of each employee, and for each employee in
each job classification: gender, age, position, location, grade/rank of employment, hire date(s),
promotion date(s), identity of supervisors), rates of pay, minority status and any other
information as presented, for the relevant time period.

**OBJECTION:**      PBG objects to this request to the extent that it is overbroad

as to scope and time and seeks information of a private, personal and/or confidential nature about

individual employees or former employees of PBG other than Plaintiff, the disclosure of which

would result in an undue invasion of privacy with respect to such individuals. PBG further

objects to this request to the extent that it seeks information already in Plaintiff's possession and

seeks information that is neither relevant to the subject matter of this action nor reasonably

calculated to lead to the discovery of admissible evidence. Subject to and without waiving the

foregoing objections:

**RESPONSE:**      PBG will make responsive documents available at a

mutually agreed upon time and date.

5.    Produce any and all documents labeled, stored, categorized and/or
declared by The Company to be "records concerning impact" under 29 CFR §1607.4A or B,
either by race, ethnic group or national origin, that refer to, relate to, concern or discuss the
Union Department, covering the relevant time period.

**OBJECTION:**      PBG objects to this request to the extent that it is harassing,

unduly burdensome, seeks to impose obligations on Defendant which are greater than those

imposed by the Federal Rules of Civil Procedure and seeks information that is neither relevant to

the subject matter of this action nor reasonably calculated to lead to the discovery of admissible

evidence. PBG further objects to this request to the extent that it seeks information that is

protected from discovery by the self-critical analysis privilege.

6.    Produce any and all documents labeled, stored, categorized and/or
declared by The Company to be "records concerning impact" under 29 CFR §1607.4A or B,
either by race, ethnic group or national origin, that refer to, relate to, concern or discuss the Non-
Union Department, covering the relevant time period.

**OBJECTION:**      PBG objects to this request to the extent that it is harassing,

unduly burdensome, seeks to impose obligations on Defendant which are greater than those

imposed by the Federal Rules of Civil Procedure and seeks information that is neither relevant to

the subject matter of this action nor reasonably calculated to lead to the discovery of admissible

evidence. PBG further objects to this request to the extent that it seeks information that is

protected from discovery by the self-critical analysis privilege.

7.    Produce any and all documents that refer to, relate to, concern or discuss any selection procedure(s) designed, maintained or implemented within or concerning the Union Department, during the relevant time period, to promote, transfer, re-assign or demote within The Company on the basis of merit, employees within a particular race, ethnic group or national origin, whether part of any affirmative action program or otherwise.

**OBJECTION:**        PBG objects to this request to the extent that it is vague,

harassing, unduly burdensome, seeks to impose obligations on Defendant which are greater than

those imposed by the Federal Rules of Civil Procedure and seeks information that is neither

relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of

admissible evidence. PBG further objects to this request to the extent that it seeks information

that is protected from discovery by the self-critical analysis privilege.

8.    Produce any and all documents that refer to, relate to, concern or discuss any selection procedure(s) designed, maintained or implemented within or concerning the Non-Union Department, during the relevant time period, to promote, transfer, re-assign or demote within The Company on the basis of merit, employees within a particular race, ethnic group or national origin, whether part of any affirmative action program or otherwise.

**OBJECTION:**        PBG objects to this request to the extent that it is vague,

harassing, unduly burdensome, seeks to impose obligations on Defendant which are greater than

those imposed by the Federal Rules of Civil Procedure and seeks information that is neither

relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of

admissible evidence. PBG further objects to this request to the extent that it seeks information

that is protected from discovery by the self-critical analysis privilege.

9.    Produce any and all documents and all records of The Company that would identify, refer to, relate to, concern or discuss the impact (and content of such impact) that various tests and all selection procedures had upon employment opportunities/decisions including promotion, transfer, re-assignment or demotion of employees by race, ethnic group or

national origin, under 29 CFR §1607.4A and B or other law or regulation, for the Union Department during the relevant time period.

**OBJECTION:**        PBG objects to this request to the extent that it is harassing,

unduly burdensome, seeks to impose obligations on Defendant which are greater than those

imposed by the Federal Rules of Civil Procedure and seeks information that is neither relevant to

the subject matter of this action nor reasonably calculated to lead to the discovery of admissible

evidence. PBG further objects to this request to the extent that it seeks information that is

protected from discovery by the self-critical analysis privilege.

10.    Produce any and all documents and all records of The Company that would identify, refer to, relate to, concern or discuss the impact (and content of such impact) that various tests and all selection procedures had upon employment opportunities/decisions including promotion, transfer, re-assignment or demotion of employees by race, ethnic group or national origin, under 29 CFR § 1607.4A and B or other law or regulation, for the Non-Union Department during the relevant time period.

**OBJECTION:**        PBG objects to this request to the extent that it is harassing,

unduly burdensome, seeks to impose obligations on Defendant which are greater than those

imposed by the Federal Rules of Civil Procedure and seeks information that is neither relevant to

the subject matter of this action nor reasonably calculated to lead to the discovery of admissible

evidence. PBG further objects to this request to the extent that it seeks information that is

protected from discovery by the self-critical analysis privilege.

11.    Produce any and all reports, studies or other documents of The Company that refer to, relate to, concern or discuss whether the total selection process for promotion, transfer, re-assignment or demotion within the Union Department, under 29 CFR §1607.4A and B or other law or regulation, during the relevant time period, ever had an adverse impact on employment by race, ethnic group or national origin, and, if so, produce all documents including reports or studies etc. discussing whether the individual components of the selection process were evaluated for such adverse impact and the content of such impact.

**OBJECTION:**        PBG objects to this request to the extent that it is harassing,

unduly burdensome, seeks to impose obligations on Defendant which are greater than those

imposed by the Federal Rules of Civil Procedure and seeks information that is neither relevant to

the subject matter of this action nor reasonably calculated to lead to the discovery of admissible

evidence. PBG further objects to this request to the extent that it seeks information that is

protected from discovery by the self-critical analysis privilege.

12.    Produce any and all reports, studies or other documents of The Company
that refer to, relate to, concern or discuss whether the total selection process for promotion,
transfer, reassignment or demotion within the Non-Union Department, under 29 CFR §1607.4A
and B or other law or regulation, during the relevant time period, ever had an adverse impact on
employment by race, ethnic group or national origin, and, if so, produce all documents including
reports or studies etc. discussing whether the individual components of the selection process
were evaluated for such adverse impact and the content of such impact.

**OBJECTION:**    PBG objects to this request to the extent that it is harassing,

unduly burdensome, seeks to impose obligations on Defendant which are greater than those

imposed by the Federal Rules of Civil Procedure and seeks information that is neither relevant to

the subject matter of this action nor reasonably calculated to lead to the discovery of admissible

evidence. PBG further objects to this request to the extent that it seeks information that is

protected from discovery by the self-critical analysis privilege.

13.    Produce any and all reports, studies or other documents of The Company
discussing all enforcement action by the EEOC or other Federal or State administrative agency
against The Company with respect to the individual components of any selection process for
promotion, transfer, re-assignment or demotion within a particular race, ethnic group or by
national origin within the Union Department, during the relevant time period, under 29 CFR
1607.4A and B or any other law or regulation.

**OBJECTION:**    PBG objects to this request to the extent that it is harassing,

unduly burdensome, seeks to impose obligations on Defendant which are greater than those

imposed by the Federal Rules of Civil Procedure and seeks information that is neither relevant to

the subject matter of this action nor reasonably calculated to lead to the discovery of admissible

evidence. PBG further objects to this request to the extent that it seeks information that is

protected from discovery by the self-critical analysis privilege.

14.    Produce any and all reports, studies or other documents of The Company
discussing all enforcement action by the EEOC or other Federal or State administrative agency

against The Company with respect to the individual components of any selection process for promotion, transfer, re-assignment or demotion within a particular race, ethnic group or by national origin within the Non-Union Department, during the relevant time period, under 29 CFR 1607.4A and B or any other law or regulation.

**OBJECTION:**    PBG objects to this request to the extent that it is harassing,

unduly burdensome, seeks to impose obligations on Defendant which are greater than those

imposed by the Federal Rules of Civil Procedure and seeks information that is neither relevant to

the subject matter of this action nor reasonably calculated to lead to the discovery of admissible

evidence. PBG further objects to this request to the extent that it seeks information that is

protected from discovery by the self-critical analysis privilege.

15.    Produce any and all reports, studies, or other data of The Company required or determined by The Company to be maintained under applicable guidelines and regulations (including but not limited to 29 CFR §1607.15) to determine adverse impact under the "four-fifths rule" under 29 CFR §1607.4D and any selection process for promotion, transfer, reassignment or demotion of employees within a particular race, ethnic group or by national origin, for the Union Department, during relevant time period.

**OBJECTION:**    PBG objects to this request to the extent that it is harassing,

unduly burdensome, seeks to impose obligations on Defendant which are greater than those

imposed by the Federal Rules of Civil Procedure and seeks information that is neither relevant to

the subject matter of this action nor reasonably calculated to lead to the discovery of admissible

evidence. PBG further objects to this request to the extent that it seeks information that is

protected from discovery by the self-critical analysis privilege.

16.    Produce any and all reports, studies, or other data of The Company required or determined by The Company to be maintained under applicable guidelines and regulations (including but not limited to 29 CFR §1607.15) to determine adverse impact under the "four-fifths rule" under 29 CFR §1607.4D and any selection process for promotion, transfer, reassignment or demotion of employees within a particular race, ethnic group or by national origin, for the Non-Union Department, during relevant time period.

**OBJECTION:**    PBG objects to this request to the extent that it is harassing,

unduly burdensome, seeks to impose obligations on Defendant which are greater than those

imposed by the Federal Rules of Civil Procedure and seeks information that is neither relevant to

the subject matter of this action nor reasonably calculated to lead to the discovery of admissible

evidence. PBG further objects to this request to the extent that it seeks information that is

protected from discovery by the self-critical analysis privilege.

17.    Produce any and all documents that identify, disclose or discuss all
affirmative action programs, policies and/or procedures drafted, adopted or implemented by The
Company that address, impact or discuss promotions, transfers, re-assignments or demotions by
race, ethnic group or national origin within the Union Department, during the relevant period.

**OBJECTION:**        PBG objects to this request to the extent that it is harassing,

unduly burdensome, seeks to impose obligations on Defendant which are greater than those

imposed by the Federal Rules of Civil Procedure and seeks information that is neither relevant to

the subject matter of this action nor reasonably calculated to lead to the discovery of admissible

evidence. PBG further objects to this request to the extent that it seeks information that is

protected from discovery by the self-critical analysis privilege.

18.    Produce any and all documents that identify, disclose or discuss all
affirmative action programs, policies and/or procedures drafted, adopted or implemented by The
Company that address, impact or discuss promotions, transfers, re-assignments or demotions by
race, ethnic group or national origin within the Non-Union Department, during the relevant
period.

**OBJECTION:**        PBG objects to this request to the extent that it is harassing,

unduly burdensome, seeks to impose obligations on Defendant which are greater than those

imposed by the Federal Rules of Civil Procedure and seeks information that is neither relevant to

the subject matter of this action nor reasonably calculated to lead to the discovery of admissible

evidence. PBG further objects to this request to the extent that it seeks information that is

protected from discovery by the self-critical analysis privilege.

19.    Produce all documents that refer to, relate to, concern or could be
construed as "validity studies" for purposes of satisfying the EEO guidelines of The Company
and/or the EEO guidelines as established under 29 CFR § 1601.1 et seq., as reference or used in

accordance with 29 CFR § 1607.5, within the Union Department, during the relevant time period.

**OBJECTION:**     PBG objects to this request to the extent that it is harassing,

unduly burdensome, seeks to impose obligations on Defendant which are greater than those

imposed by the Federal Rules of Civil Procedure and seeks information that is neither relevant to

the subject matter of this action nor reasonably calculated to lead to the discovery of admissible

evidence. PBG further objects to this request to the extent that it seeks information that is

protected from discovery by the self-critical analysis privilege.

      20.     Produce all documents that refer to, relate to, concern or could be construed as "validity studies" for purposes of satisfying the EEO guidelines of The Company and/or the EEO guidelines as established under 29 CFR §1601.1 et seq., as referenced or used in accordance with 29 CFR §1607.5, within the Non-Union Department, during the relevant time period.

**OBJECTION:**     PBG objects to this request to this request to the extent that it is harassing,

unduly burdensome, seeks to impose obligations on Defendant which are greater than those

imposed by the Federal Rules of Civil Procedure and seeks information that is neither relevant to

the subject matter of this action nor reasonably calculated to lead to the discovery of admissible

evidence. PBG further objects to this request to the extent that it seeks information that is

protected from discovery by the self-critical analysis privilege.

      21.     Produce any and all documents that refer to, relate to, concern or discuss The Company's selection policies and/or procedures utilized or followed by management or supervisory personnel to determine selection and distribution of overtime work and/or weekend work within the Union Department, and/or each job department therein, during the relevant time period.

**OBJECTION:**     PBG objects to this request to the extent that it is overbroad

as to scope and time, vague, ambiguous, harassing and unduly burdensome. PBG further objects

to this request to the extent that it seeks information that is neither relevant to the subject matter

of this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections:

**RESPONSE:**     PBG will make responsive documents available at a mutually agreed upon time and date.

22.     Produce any and all documents that refer to, relate to, concern or discuss The Company's selection policies and/or procedures utilized or followed by management or supervisory personnel to determine selection and distribution of overtime work and/or weekend work within the Non-Union Department, and/or each job department therein, during the relevant time period.

**OBJECTION:**     PBG objects to this request to the extent that it is overbroad as to scope and time, vague, ambiguous, harassing and unduly burdensome. PBG further objects to this request to the extent that it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections:

**RESPONSE:**     PBG will make responsive documents available at a mutually agreed upon time and date.

23.     Produce any and all documents that refer to, relate to, concern or discuss The Company's policies and/or procedures utilized or followed by management or supervisory personnel to determine when The Company will pay an employee for overtime work and/or weekend work within the Union Department and the Non-Union Department, and/or each job department therein, during the relevant time period.

**OBJECTION:**     PBG objects to this request to the extent that it is overbroad as to scope and time, vague, ambiguous, harassing and unduly burdensome. PBG further objects to this request to the extent that it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections:

**RESPONSE:**     PBG will make responsive documents available at a mutually agreed upon time and date.

24.    Produce any and all documents that refer to, relate to, concern or discuss The Company's selection policies and/or procedures for promotion, transfer, re-assignment or demotion, within the Union Department, during the relevant time period.

**OBJECTION:**    PBG objects to this request to the extent that it is overbroad as to scope and time, vague, ambiguous, harassing and unduly burdensome. PBG further objects to this request to the extent that it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections:

**RESPONSE:**    PBG will make responsive documents available at a mutually agreed upon time and date.

25.    Produce any and all documents that refer to, relate to, concern or discuss The Company's selection policies and/or procedures for promotion, transfer, re-assignment or demotion, within the Non-Union Department, during the relevant time period.

**OBJECTION:**    PBG objects to this request to the extent that it is overbroad as to scope and time, vague, ambiguous, harassing and unduly burdensome. PBG further objects to this request to the extent that it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections:

**RESPONSE:**    PBG will make responsive documents available at a mutually agreed upon time and date.

26.    Produce any and all documents determined or construed by The Company to constitute "impact or validity evidence" as that term is defined in 29 CFR §1607.15, that refer to, relate to, concern or discuss the Union Department, during the relevant time period.

**OBJECTION:**    PBG objects to this request to the extent that it is harassing, unduly burdensome, seeks to impose obligations on Defendant which are greater than those imposed by the Federal Rules of Civil Procedure and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible

evidence. PBG further objects to this request to the extent that it seeks information that is protected from discovery by the self-critical analysis privilege.

27.    Produce any and all documents determined or construed by The Company to constitute "impact or validity evidence" as that term is defined in 29 CFR §1607.15, that refer to, relate to, concern or discuss the Non-Union Department, during the relevant time period.

**OBJECTION:**    PBG objects to this request to the extent that it is harassing, unduly burdensome, seeks to impose obligations on Defendant which are greater than those imposed by the Federal Rules of Civil Procedure and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. PBG further objects to this request to the extent that it seeks information that is protected from discovery by the self-critical analysis privilege.

28.    Produce any and all documents that refer to, relate to, concern or discuss the race, ethnic group or national origin makeup of the Union Department, during the relevant time period.

**OBJECTION:**    PBG objects to this request to the extent that it is overbroad as to scope and time, vague, ambiguous, harassing and unduly burdensome. PBG further objects to this request to the extent that it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections:

**RESPONSE:**    PBG will make responsive documents available at a mutually agreed upon time and date.

29.    Produce any and all documents that refer to, relate to, concern or discuss the race, ethnic group or national origin makeup of the Non-Union Department, during the relevant time period.

**OBJECTION:**    PBG objects to this request to the extent that it is overbroad as to scope and time, vague, ambiguous, harassing and unduly burdensome. PBG further objects to this request to the extent that it seeks information that is neither relevant to the subject matter

of this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject

to and without waiving the foregoing objections:

**RESPONSE:**        PBG will make responsive documents available at a

mutually agreed upon time and date.

30.    Produce any and all documents, including (but not limited to)
Organizational Charts and/or Salutation Charts of The Company, that refer to, relate to, concern
or discuss promotion, transfer, re-assignment or demotion by race, ethnic group and national
origin within the Union Department, during the relevant time period.

**OBJECTION:**        PBG objects to this request to the extent that it is overbroad

as to scope and time, vague, ambiguous, harassing and unduly burdensome. PBG further objects

to this request to the extent that it seeks information that is neither relevant to the subject matter

of this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject

to and without waiving the foregoing objections:

**RESPONSE:**        PBG will make responsive documents available at a

mutually agreed upon time and date.

31.    Produce any and all documents, including (but not limited to)
Organizational Charts and/or Salutation Charts of The Company, that refer to, relate to, concern
or discuss promotion, transfer, re-assignment or demotion by race, ethnic group and national
origin within the Union Department, during the relevant time period.

**OBJECTION:**        PBG objects to this request to the extent that it is overbroad

as to scope and time, vague, ambiguous, harassing and unduly burdensome. PBG further objects

to this request to the extent that it seeks information that is neither relevant to the subject matter

of this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject

to and without waiving the foregoing objections:

**RESPONSE:**        PBG will make responsive documents available at a

mutually agreed upon time and date.

32.    Produce the entire personnel folder/file, and all documents contained therein, for Marlayna G. Tillman, for her entire employment tenure at The Company.

**RESPONSE:**    PBG will make responsive documents available at a mutually agreed upon time and date.

33.    Produce all employment reviews, ratings, performance ratings, evaluations and/or critiques that refer to, relate to, concern or discuss Marlayna Tillman's employment with The Company.

**RESPONSE:**    PBG will make responsive documents available at a mutually agreed upon time and date.

34.    Produce all documents labeled or determined to be "Employee Profile" reports and all documents that refer to, relate to, concern or discuss the Employee Profile content for Marlayna Tillman during her employment at The Company.

**OBJECTION:**    PBG objects to this request to the extent that it seeks information already in Plaintiff's possession, is overbroad as to scope and unduly burdensome. PBG further objects to this request to the extent that it seeks information that is protected from discovery by the attorney-client privilege or the work-product doctrine. Subject to and without waiving the foregoing objections:

**RESPONSE:**    PBG will make responsive documents available at a mutually agreed upon time and date.

35.    Produce all documents labeled or determined to be "Disciplinary Action Reports" and all documents that refer to, relate to, concern or discuss the content of such reports for Marlayna Tillman during her employment at The Company.

**OBJECTION:**    PBG objects to this request to the extent that it seeks information already in Plaintiff's possession, is overbroad as to scope and unduly burdensome. PBG further objects to this request to the extent that it seeks information that is protected from discovery by the attorney-client privilege or the work-product doctrine. Subject to and without waiving the foregoing objections:

**RESPONSE:**     PBG will make responsive documents available at a mutually agreed upon time and date.

36.     Produce all documents labeled or determined to be "Payroll Registers" and all documents that refer to, relate to, concern or discuss the content of such reports/registers for Marlayna Tillman during her employment at The Company.

**OBJECTION:**     PBG objects to this request to the extent that it seeks information already in Plaintiff's possession, is overbroad as to scope and unduly burdensome. PBG further objects to this request to the extent that it seeks information that is protected from discovery by the attorney-client privilege or the work-product doctrine. Subject to and without waiving the foregoing objections:

**RESPONSE:**     PBG will make responsive documents available at a mutually agreed upon time and date.

37.     Produce all documents labeled or determined to be "Earnings Statements" or "Payroll Reports" and all documents that refer to, relate to, concern or discuss the content of such statements/reports for Marlayna Tillman during her employment at The Company.

**OBJECTION:**     PBG objects to this request to the extent that it seeks information already in Plaintiff's possession, is overbroad as to scope and unduly burdensome. PBG further objects to this request to the extent that it seeks information that is protected from discovery by the attorney-client privilege or the work-product doctrine. Subject to and without waiving the foregoing objections:

**RESPONSE:**     PBG will make responsive documents available at a mutually agreed upon time and date.

38.     Produce all documents labeled or determined to be "Employee Absence Occurrence Reports" and all documents that refer to, relate to, concern or discuss the content of such reports for Marlayna Tillman during her employment at The Company.

**OBJECTION:**     PBG objects to this request to the extent that it seeks information already in Plaintiff's possession, is overbroad as to scope and unduly burdensome.

PBG further objects to this request to the extent that it seeks information that is protected from discovery by the attorney-client privilege or the work-product doctrine. Subject to and without waiving the foregoing objections:

**RESPONSE:**    PBG will make responsive documents available at a mutually agreed upon time and date.

39.    Produce all documents labeled or determined to be "Productivity Reports" and all documents that refer to, relate to, concern or discuss the content of such reports for Marlayna Tillman during her employment at The Company.

**OBJECTION:**    PBG objects to this request to the extent that it seeks information already in Plaintiff's possession, is overbroad as to scope and unduly burdensome. PBG further objects to this request to the extent that it seeks information that is protected from discovery by the attorney-client privilege or the work-product doctrine. Subject to and without waiving the foregoing objections:

**RESPONSE:**    PBG will make responsive documents available at a mutually agreed upon time and date.

40.    Produce any and all documents that refer to, relate to, concern or discuss Marlayna Tillman's requests, application(s) for or attempts at promotion, transfer or re-assignment at The Company within or outside any job department in the Union Department, during the relevant time period.

**OBJECTION:**    PBG objects to this request to the extent that it seeks information already in Plaintiff's possession, is overbroad as to scope and unduly burdensome. PBG further objects to this request to the extent that it seeks information that is protected from discovery by the attorney-client privilege or the work-product doctrine. Subject to and without waiving the foregoing objections:

**RESPONSE:**    PBG will make responsive documents available at a mutually agreed upon time and date.

41.    Produce any and all documents that refer to, relate to, concern or discuss Marlayna Tillman's requests, application(s) for or attempts at promotion, transfer or re-assignment at The Company within or outside any job department in the Non-Union Department, during the relevant time period.

**OBJECTION:**    PBG objects to this request to the extent that it seeks information already in Plaintiff's possession, is overbroad as to scope and unduly burdensome. PBG further objects to this request to the extent that it seeks information that is protected from discovery by the attorney-client privilege or the work-product doctrine. Subject to and without waiving the foregoing objections:

**RESPONSE:**    PBG will make responsive documents available at a mutually agreed upon time and date.

42.    Produce any and all documents, including policies, procedures, protocols and rules of The Company that refer to, relate to, concern or discuss the allegations in ¶ ¶ 15-18 and 23-27 of the complaint, that plaintiff was not made a member of the Local 830 and was not afforded Local 830 wages, overtime or time-and-a-half pay, double pay in her position in the Conventional Department.

**OBJECTION:**    PBG objects to this request to the extent that it seeks information already in Plaintiff's possession, is overbroad as to scope and unduly burdensome. PBG further objects to this request to the extent that it seeks information that is protected from discovery by the attorney-client privilege or the work-product doctrine. Subject to and without waiving the foregoing objections:

**RESPONSE:**    PBG will make responsive documents available at a mutually agreed upon time and date.

43.    Produce any and all documents, including policies, procedures, protocols and rules of The Company, that refer to, relate to, concern or discuss the allegations in ¶ ¶ 19-20 of the complaint that The Company did not assist or address plaintiffs complaints concerning Local 830 membership and wage rates and conditions of pay.

**OBJECTION:**    PBG objects to this request to the extent that it seeks information already in Plaintiff's possession, is overbroad as to scope and unduly burdensome.

PBG further objects to this request to the extent that it seeks information that is protected from discovery by the attorney-client privilege or the work-product doctrine. Subject to and without waiving the foregoing objections:

**RESPONSE:**    PBG will make responsive documents available at a mutually agreed upon time and date.

44.    Produce any and all documents, including policies, procedures, protocols and rules of The Company, that refer to, relate to, concern or discuss the allegations in ¶36 of the complaint concerning Tillman's transfer back to the Merchandising Department of The Company in May, 2002.

**OBJECTION:**    PBG objects to this request to the extent that it is overbroad as to scope and unduly burdensome. PBG further objects to this request to the extent that it seeks information that is protected from discovery by the attorney-client privilege or the work-product doctrine. Subject to and without waiving the foregoing objections:

**RESPONSE:**    PBG will make responsive documents available at a mutually agreed upon time and date.

45.    Produce any and all documents, including policies, procedures, protocols and rules of The Company, that refer to, relate to, concern or discuss any and all of the allegations in ¶¶ 40-43 of the complaint concerning the hiring and staffing of: (a) Chris Eastlack, (b) Leroy Lewis and (c) Santos Robles.

**OBJECTION:**    PBG objects to this request to the extent that it is overbroad as to scope and unduly burdensome. PBG further objects to this request to the extent that it seeks information that is protected from discovery by the attorney-client privilege or the work-product doctrine. Subject to and without waiving the foregoing objections:

**RESPONSE:**    PBG will make responsive documents available at a mutually agreed upon time and date.

46.    Produce any and all documents that refer to, relate to, concern or discuss any and all of the allegations in ¶ 44 of the complaint.

**OBJECTION:**    PBG objects to this request to the extent that it is overbroad as to scope and unduly burdensome. PBG further objects to this request to the extent that it seeks information that is protected from discovery by the attorney-client privilege or the work-product doctrine. Subject to and without waiving the foregoing objections:

**RESPONSE:**    PBG will make responsive documents available at a mutually agreed upon time and date.

47.    Produce any and all documents, including policies, procedures, protocols and rules of The Company, that refer to, relate to, concern or discuss any and all of the allegations in ¶¶ 55 - 58 of the complaint concerning Tillman's layoff, recall and grievance.

**OBJECTION:**    PBG objects to this request to the extent that it is overbroad as to scope and unduly burdensome. PBG further objects to this request to the extent that it seeks information that is protected from discovery by the attorney-client privilege or the work-product doctrine. Subject to and without waiving the foregoing objections:

**RESPONSE:**    PBG will make responsive documents available at a mutually agreed upon time and date.

48.    Produce any and all documents that refer to, relate to, concern or discuss all job openings in the Transport Department to which plaintiff applied, including postings and announcements, and Tillman's application.

**OBJECTION:**    PBG objects to this request to the extent that it is overbroad as to scope and unduly burdensome. PBG further objects to this request to the extent that it seeks information that is protected from discovery by the attorney-client privilege or the work-product doctrine. Subject to and without waiving the foregoing objections:

**RESPONSE:**    PBG will make responsive documents available at a mutually agreed upon time and date.

49.    For each person who was selected for and filled any position in the Transport Department to which plaintiff had applied, produce all documents that identify each person(s) who interviewed for the position, the supervisor recommending the applicant (if any), the criteria for selection and qualifications (including date of CDL license) and, for each selectee, all data appearing on all seniority lists existing at the time of the selection and rate of pay offered.

**OBJECTION:**    PBG objects to this request to the extent that it is overbroad as to scope and unduly burdensome.  PBG further objects to this request to the extent that it seeks information that is protected from discovery by the attorney-client privilege or the work-product doctrine and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections:

**RESPONSE:**    PBG will make responsive documents available at a mutually agreed upon time and date.

50.    Produce separately from Tillman's employment file, any and all adverse or derogatory employment or performance reviews concerning her work performance, conduct or leave record throughout her employment tenure at The Company.

**OBJECTION:**    PBG objects to this response as harassing.

51.    Produce any and all documents that refer to, relate to, concern or discuss any action, decision, investigation, review or conclusion by The Company's EEO office or Office of Ethics (or similar department) in connection with any issue, complaint, grievance, charge, act of discrimination or any other act, of or relating to any aspect of Tillman's employment at The Company, whether or not specifically described in the complaint.

**OBJECTION:**    PBG objects to this request to the extent that it is overbroad as to scope and unduly burdensome.  Subject to and without waiving the foregoing objections:

**RESPONSE:**    There are no documents responsive to this request.

52.    Produce any and all documents that refer to, relate to, concern or discuss any action, decision, investigation, review or conclusion by The Company's Human Resource Department in connection with any issue, complaint, grievance, charge, act of discrimination or any other act, of or relating to any aspect of Tillman's employment at The Company, whether or not specifically described in the complaint.

**OBJECTION:**    PBG objects to this request to the extent that it is overbroad as to scope and unduly burdensome. PBG further objects to this request to the extent that it seeks information that is protected from discovery by the attorney-client privilege or the work-product doctrine, seeks information already in Plaintiff's possession and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections:

**RESPONSE:**    PBG will make responsive documents available at a mutually agreed upon time and date.

53.    Produce any and all documents that refer to, relate to, concern or discuss any action, decision, investigation, review or conclusion by The Company as regards whether The Company did or did not violate any term or provision of the Collective Bargaining Agreement in connection with Tillman's employment.

**OBJECTION:**    PBG objects to this request to the extent that it is overbroad as to scope and time, vague, ambiguous, harassing and unduly burdensome. PBG further objects to this request to the extent that it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections:

**RESPONSE:**    PBG will make responsive documents available at a mutually agreed upon time and date.

54.    Produce all documents that identify all employees of The Company who entered into membership in Local 830 during the relevant time period.

**OBJECTION:**    PBG objects to this request to the extent that it is overbroad as to scope and time, vague, ambiguous, harassing and unduly burdensome. PBG further objects to this request to the extent that it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections:

**RESPONSE:**         PBG will make responsive documents available at a mutually agreed upon time and date.

55.    Produce all documents that identify all employees of The Company who did not enter into membership in Local 830 during the relevant time period.

**OBJECTION:**         PBG objects to this request to the extent that it is overbroad as to scope and time, vague, ambiguous, harassing and unduly burdensome. PBG further objects to this request to the extent that it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections:

**RESPONSE:**         PBG will make responsive documents available at a mutually agreed upon time and date.

56.    Produce any and all documents, including policies, procedures, protocols and rules of The Company, that refer to, relate to, concern or discuss the criteria for determining when a particular employee would be enrolled and/or made a member of the Local 830 during the relevant time period.

**OBJECTION:**         PBG objects to this request to the extent that it is overbroad as to scope and time, vague, ambiguous, harassing and unduly burdensome. PBG further objects to this request to the extent that it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections:

**RESPONSE:**         PBG will make responsive documents available at a mutually agreed upon time and date.

57.    Produce any and all documents, including policies, procedures, protocols and rules of The Company, that refer to, relate to, concern or discuss the criteria for determining when a particular employee who was enrolled and/or made a member of the Local 830, would receive a wage in accordance with Local 830 rates and conditions of pay.

**OBJECTION:**         PBG objects to this request to the extent that it is overbroad

as to scope and time, vague, ambiguous, harassing and unduly burdensome. PBG further objects

to this request to the extent that it seeks information that is neither relevant to the subject matter

of this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject

to and without waiving the foregoing objections:

**RESPONSE:**    PBG will make responsive documents available at a

mutually agreed upon time and date.

58.    Produce any and all documents, including policies, procedures, protocols
and rules of The Company, that refer to, relate to, concern or discuss (1) the criteria by which
any employee would be selected for training for a CDL license; (2) the procedure by which any
employee so selected, would be trained and receive a CDL license.

**OBJECTION:**    PBG objects to this request to the extent that it is overbroad

as to scope and time, vague, ambiguous, harassing and unduly burdensome. PBG further objects

to this request to the extent that it seeks information that is neither relevant to the subject matter

of this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject

to and without waiving the foregoing objections:

**RESPONSE:**    PBG will make responsive documents available at a

mutually agreed upon time and date.

59.    Produce all documents of Human Resources (not produced under any
above request) that refer to, relate to, concern or discuss any of the information, content or
documents requested to be produced in this document request.

**OBJECTION:**    PBG objects to this request to the extent that it is overbroad

as to scope and time, vague, ambiguous, harassing and unduly burdensome.

60.    Produce any and all documents that The Company produced or submitted
to the Delaware Department of Labor or the Equal Employment Opportunity Commission in
connection with the action filed by Tillman against Local 830 under no. 17CA300373 on or
about April 22, 2003, including all transmittal correspondence, investigations, and conclusions
and any and all documents related thereto.

**OBJECTION:**        PBG objects to this request to the extent that it is overbroad

as to scope, harassing and unduly burdensome. PBG further objects to this request to the extent

that it seeks information already in Plaintiff's possession.

61.    Produce any and all documents that The Company produced or submitted to the Delaware Department of Labor or the Equal Employment Opportunity Commission in connection with the action filed by Tillman against The Company under no. 17CA200627 on or about August 28, 2002 , including all transmittal correspondence, investigations, and conclusions and any and all documents related thereto.

**OBJECTION:**        PBG objects to this request to the extent that it is overbroad

as to scope, harassing and unduly burdensome. PBG further objects to this request to the extent

that it seeks information already in Plaintiff's possession. Subject to and without waiving the

foregoing objections:

**RESPONSE:**        PBG will make responsive documents available at a

mutually agreed upon time and date.

62.    Produce any and all documents that refer to, relate to, concern or discuss any allegation in your Eighth Affirmative Defense.

**OBJECTION:**        PBG objects to this request to the extent that it seeks to

impose obligations on Defendant which are greater than those imposed by the Federal Rules of

Civil Procedure. PBG further objects to this request to the extent that it seeks information

already in Plaintiff's possession. Subject to and without waiving the foregoing objections:

**RESPONSE:**        PBG will make responsive documents available at a

mutually agreed upon time and date.

63.    Produce any and all documents that refer to, relate to, concern or discuss any allegation in your Tenth Affirmative Defense.

**OBJECTION:**        PBG objects to this request to the extent that it seeks to

impose obligations on Defendant which are greater than those imposed by the Federal Rules of

Civil Procedure. PBG further objects to this request to the extent that it seeks information

already in Plaintiff's possession. Subject to and without waiving the foregoing objections:

**RESPONSE:**    PBG will make responsive documents available at a mutually agreed upon time and date.

64.    Produce any and all documents that refer to, relate to, concern or discuss any allegation in your Thirteenth Affirmative Defense.

**OBJECTION:**    PBG objects to this request to the extent that it seeks to impose obligations on Defendant which are greater than those imposed by the Federal Rules of Civil Procedure. PBG further objects to this request to the extent that it seeks information already in Plaintiff's possession. Subject to and without waiving the foregoing objections:

**RESPONSE:**    PBG will make responsive documents available at a mutually agreed upon time and date.

65.    Produce any and all documents that refer to, relate to, concern or discuss any allegation in your Fourteenth Affirmative Defense.

**OBJECTION:**    PBG objects to this request to the extent that it seeks to impose obligations on Defendant which are greater than those imposed by the Federal Rules of Civil Procedure. PBG further objects to this request to the extent that it seeks information already in Plaintiff's possession.

**RESPONSE:**    PBG will make responsive documents available at a mutually agreed upon time and date.

66.    Produce any and all documents that refer to, relate to, concern or discuss any allegation in your Fifteenth Affirmative Defense.

**OBJECTION:**    PBG objects to this request to the extent that it seeks to impose obligations on Defendant which are greater than those imposed by the Federal Rules of Civil Procedure. PBG further objects to this request to the extent that it seeks information already in Plaintiff's possession. Subject to and without waiving the foregoing objections:

**RESPONSE:**        PBG will make responsive documents available at a mutually agreed upon time and date.

67.    Produce any and all documents that refer to, relate to, concern or discuss any allegation in your Eighteenth Affirmative Defense.

**OBJECTION:**        PBG objects to this request to the extent that it seeks to impose obligations on Defendant which are greater than those imposed by the Federal Rules of Civil Procedure. PBG further objects to this request to the extent that it seeks information already in Plaintiff's possession. Subject to and without waiving the foregoing objections:

**RESPONSE:**        PBG will make responsive documents available at a mutually agreed upon time and date.

68.    Produce any and all documents that refer to, relate to, concern or discuss any allegation in Count I of your counterclaim.

**OBJECTION:**        PBG objects to this request to the extent that it seeks information already in Plaintiff's possession, is overbroad as to scope and unduly burdensome. PBG further objects to this request to the extent that it seeks information that is protected from discovery by the attorney-client privilege or the work-product doctrine. Subject to and without waiving the foregoing objections:

**RESPONSE:**        PBG will make responsive documents available at a mutually agreed upon time and date.

69.    Produce any and all documents that refer to, relate to, concern or discuss any allegation in Count II of your counterclaim.

**OBJECTION:**        PBG objects to this request to the extent that it seeks information already in Plaintiff's possession, is overbroad as to scope and unduly burdensome. PBG further objects to this request to the extent that it seeks information that is protected from discovery by the attorney-client privilege or the work-product doctrine. Subject to and without

waiving the foregoing objections:

**RESPONSE:**    PBG will make responsive documents available at a mutually agreed upon time and date.

70.    Produce any and all documents that comprise and/or identify any computer file (see definitions) that have been identified and/or produced under any request above (unless the specific computer file has already been produced under a specific request).

**OBJECTION:**    PBG objects to this request to the extent that it is overbroad as to scope and time, vague, ambiguous, harassing and unduly burdensome. PBG further objects to this request to the extent that it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

71.    Produce any and all statements and communications from all witnesses including any statements from the parties therein or its/their respective agents, officers, servants and/or employees (not attorneys) that refer to, relate to, concern or discuss any aspect of any allegation in the complaint, or the answer to the complaint.

**OBJECTION:**    PBG objects to this request to the extent that it seeks information that is protected from discovery by the attorney-client privilege or the work-product doctrine. Subject to and without waiving the foregoing objection:

**RESPONSE:**    PBG will make responsive documents available at a mutually agreed upon time and date.

72.    Produce any and all documents that identify the names and addresses and telephone numbers of all individuals contacted as potential or actual witnesses at trial.

**RESPONSE:**    PBG has not determined the witnesses it intends to call at trial. PBG will identify the witnesses it intends to call at trial as required by Court order, Local Rule or the Federal Rules of Civil Procedure.

73.    Produce the entire reports of all experts who have been consulted and/or will testify at trial, and all documents, correspondence, notes and drafts of reports in whatever form, relied upon and/or prepared by same.

**RESPONSE:**    PBG has not determined the witnesses it intends to call at

trial. PBG will identify the witnesses it intends to call at trial as required by Court order, Local Rule or the Federal Rules of Civil Procedure.

      74.    Produce the curriculum vitae and qualifications of any and all experts who will testify at trial.

    **RESPONSE**:    PBG has not determined the witnesses it intends to call at trial. PBG will identify the witnesses it intends to call at trial as required by Court order, Local Rule or the Federal Rules of Civil Procedure.

      75.    Produce all documents that you intend to rely on, mark and/or introduce into evidence at trial or at any deposition.

    **RESPONSE**:    PBG has not determined the documents it intends to introduce at trial. PBG will identify the documents it intends to use at trial as required by Court order, Local Rule or the Federal Rules of Civil Procedure.

      76.    Produce any and all photographs, charts, drawings, diagrams, models, videotapes, recordings, sound devices, graphs, animations, displays, and related documents that refer to any claim or defense raised by any party in this action.

    **OBJECTION**:    PBG objects to this request to the extent that it seeks information that is protected from discovery by the attorney-client privilege or the work-product doctrine. Subject to and without waiving the foregoing objection:

    **RESPONSE**:    PBG has not determined the documents it intends to introduce at trial. PBG will identify the documents it intends to use at trial as required by Court order, Local Rule or the Federal Rules of Civil Procedure.

      77.    Produce any and all documents (see definitions) that may be defined, labeled or categorized as demonstrative evidence, that defendant intends to use or rely upon at trial or any deposition.

    **RESPONSE**:    PBG has not determined the documents it intends to introduce at trial. PBG will identify the documents it intends to use at trial as required by Court order, Local Rule or the Federal Rules of Civil Procedure.

Date:   October 10, 2006

_____
William M. Kelleher (I.D. No. 3961)
Ballard Spahr Andrews & Ingersoll, LLP
919 Market Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 252-4465
Facsimile: (302) 252-4466

Attorneys for Defendant
Bottling Group, LLC

OF COUNSEL:
Daniel V. Johns
Lucretia C. Clemons
Ballard Spahr Andrews & Ingersoll, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone:  (215) 665-8500
Facsimile:  (215) 864-8999

## CERTIFICATE OF SERVICE

I, William M. Kelleher, hereby certify that on this date I served a copy of the foregoing Defendant Bottling Group, Llc's Objections And Responses To Plaintiff's First Request For Production Of Documents Directed To Defendant via first-class mail, postage prepaid, upon the following:

Marc Gelman
Jennings Sigmond
Penn Mutual Towers
510 Walnut Street, 16th Floor
Philadelphia, PA 19106
Counsel for Teamsters Local Union 830

J. Stephen Woodside
One Montgomery Plaza
425 Swede Street
Suite 605
Norristown, PA 19401

Dated:  October 10, 2006

William M. Kelleher