# EXHIBIT B

Case 1:04-cv-01314-SLR   Document 89-3   Filed 12/08/2006   Page 1 of 3

LAW OFFICES

# BALLARD SPAHR ANDREWS & INGERSOLL, LLP

1735 MARKET STREET, 51ST FLOOR
PHILADELPHIA, PENNSYLVANIA 19103-7599
215-665-8500
FAX: 215-864-8999
WWW.BALLARDSPAHR.COM

BALTIMORE, MD
DENVER, CO
SALT LAKE CITY, UT
VOORHEES, NJ
WASHINGTON, DC
WILMINGTON, DE

LUCRETIA C. CLEMONS
DIRECT DIAL: 215-864-8137
PERSONAL FAX: 215-864-9041
CLEMONSL@BALLARDSPAHR.COM

November 22, 2006

**VIA FACSIMILE**

J. Stephen Woodside
One Montgomery Plaza
425 Swede Street
Suite 605
Norristown, PA 19401

Re:  Marlayna Tillman v. The Pepsi Bottling Group, et al.

Dear Mr. Woodside:

We write in response to your letter of November 20, 2006 which arrived at our offices by facsimile after the close of business. Enclosed with your letter and also dated November 20, 2006 were notices for eight depositions of employees and/or former employees of Bottling Group, LLC ("PBG"). I was out of the office yesterday morning and did not have an opportunity to assess your letter and enclosures until the afternoon.

Simply put, plaintiff's request that PBG produce eight witnesses for deposition between November 27, 2006 and December 4, 2006 is utterly unreasonable for a number of reasons. First, as plaintiff is well aware, the discovery deadline in this matter is December 1, 2006. You participated in the scheduling conference held by the Court on August 21, 2006 which set this deadline. Second, because you were admitted *pro hac vice* in this matter on July 19, 2006, you should have been aware of the identities of the requested deponents for several months as each of the requested deponents was listed as a potential witness in plaintiff's initial disclosures dated September 23, 2005 and/or plaintiff's responses to interrogatories dated December 5, 2005. Yet, you waited until the Monday evening before the Thanksgiving holiday, and a week before discovery is set to close, to request even a single deposition in this matter. Further, in our many telephone conversations and e-mail exchanges regarding discovery in this matter, you have not once mentioned a desire to take depositions of any witness, yet alone eight following a holiday and after the close of discovery. We have also been unable to reach counsel for Local 830 to determine whether he would be available to attend depositions on the requested dates.

Due to scheduling difficulties and because several of the requested deponents reside outside of this jurisdiction, PBG cannot and will not produce witnesses next week. Moreover, PBG will oppose any request by plaintiff to extend the discovery deadline in this

DMEAST #9671761 v1

J. Stephen Woodside
November 22, 2006
Page 2

matter because the Court was clear at the aforementioned scheduling conference that this case has a tight timeline as depositive motions are due on December 15, 2006 and trial is scheduled for April 2, 2007 (a date upon which plaintiff insisted).

Lastly, I will be leaving the office shortly and will not return until the afternoon of Tuesday, November 28, 2006. I will be happy to discuss this matter with you further at that time.

Very truly yours,

Lucretia C. Clemons

LCC/jd
cc:   Marc Gelman, Esquire

DMEAST #9671761 v1