# EXHIBIT E

LAW OFFICES
## BALLARD SPAHR ANDREWS & INGERSOLL, LLP
1735 MARKET STREET, 51st FLOOR
PHILADELPHIA, PENNSYLVANIA 19103-7599
215-865-8500
FAX: 215-864-8999
WWW.BALLARDSPAHR.COM

BALTIMORE, MD
DENVER, CO
SALT LAKE CITY, UT
VOORHEES, NJ
WASHINGTON, DC
WILMINGTON, DE

LUCRETIA C. CLEMONS
DIRECT DIAL: 215-864-8137
PERSONAL FAX: 215-864-9041
CLEMONSL@BALLARDSPAHR.COM

November 28, 2006

**Via Facsimile and First Class Mail**

J. Stephen Woodside
One Montgomery Plaza
425 Swede Street
Suite 605
Norristown, PA 19401

Re: <u>Marlayna Tillman v. The Pepsi Bottling Group, et al.</u>

Dear Mr. Woodside:

       I write in response to your voicemail of November 22, 2006 and letters of November 24 and 27, 2006. As noted in my letter of November 22, 2006, I was out of the office from November 22, 2006 until this afternoon. I, therefore, have just had an opportunity to review your voicemail and letters and respond to the issues raised therein.

       First, PBG's responses to Plaintiff's first set of interrogatories and second set of document requests were not overdue as stated in your first letter of November 24, 2006. Plaintiff served her first set of interrogatories and second set of document requests on PBG by first class mail on October 20, 2006. As such and pursuant to Federal Rules of Civil Procedure 33(b)(3), 34(b) and 6(e), PBG's responses were due on November 22, 2006. Accordingly, PBG's responses, which were mailed on November 22, 2006, were timely.

       Second, in your subsequent letter dated November 24, 2006, you baldly contend that PBG's inability to produce witnesses for deposition this week is unreasonable. To the contrary, it is unreasonable for you to expect that eight witnesses and counsel for both defendants would be available without any prior notice of your desire to take the depositions of any witness, yet alone eight following a holiday and after the close of discovery. PBG could not produce witnesses this week due to scheduling difficulties and because several of the requested deponents reside outside of this jurisdiction. Specifically, I have various previously scheduled obligations in other matters this week which would not have permitted me to prepare witnesses for and attend depositions. Counsel for Local 830 is also unavailable to attend depositions this week. Furthermore, neither Tracey Drzewieki, Scott Steiger, nor Sara Swartz reside or work in Delaware. For these reasons, and those noted in my letter of November 22, 2006, PBG cannot and will not produce witnesses this week for deposition.

DMEAST #9674281 v1

November 28, 2006
Page 2

Third, in your second letter dated November 24, 2006 you also contend that the deposition notices are rule-compliant. Quite the reverse is true. This fact is evidenced by the Court's deficiency notice of November 27, 2006. In short, the deposition notices are invalid and not binding.

Fourth, in your voicemail of November 22, 2006, you stated that you intend to ask the Court to extend the discovery deadline for the purpose of scheduling depositions but that you do not intend to request that the deadline for dispositive motions be extended. Such a request is simply unreasonable. As noted in my previous letter, PBG will oppose any request by Plaintiff to extend the discovery deadline in this matter because the Court was clear at the scheduling conference that this case has a tight timeline with dispositive motions due on December 15, 2006 and trial scheduled for April 2, 2007 (a date upon which Plaintiff insisted). Despite the unreasonableness and ill-timing of your requests, PBG will attempt to produce the requested deponents if you agree to request that the Court extend the deadlines for both discovery and dispositive motions and the Court grants your request.

Fifth, in your letter dated November 27, 2006, you contend that PBG's responses to Plaintiff's first set of interrogatories and second set of document requests are evasive. This contention has no basis in fact. Plaintiff's interrogatories and document requests are overbroad, harassing, unduly burdensome and otherwise objectionable. As such, PBG maintains and asserts each of its objections as set forth in its responses. Should Plaintiff reasonably tailor her interrogatories and requests, PBG will, of course, re-evaluate its objections and responses.

Lastly, in the future please direct all correspondence sent by facsimile to my direct fax number (215-864-9041) rather than our office's general fax number.

I will be happy to discuss this matter with you further if you so desire.

Very truly yours,

Lucretia C. Clemons

LCC/jd
cc:  Marc Gelman, Esquire
     Barbara Stratton, Esquire

DMEAST #9674281 v1