# EXHIBIT F

Law Offices
J. STEPHEN WOODSIDE
A Professional Corporation
One Montgomery Plaza
425 Swede Street
Suite 605
Norristown, PA 19401

Telephone (610) 278-2442
Telecopier (610) 278-2644

Admitted to practice in PA and NJ

November 27, 2006

TELEFAX TO 215-864-8999
and U.S. MAIL

Lucretia Clemons, Esquire
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
51ST Floor
1735 Market Street
Philadelphia, PA 19103

  Re: Tillman v. The Pepsi Bottling Group, Inc., et al.
    No. 04-1314(SR)

Dear Ms. Clemons:

  I received in today's mail defendant, Pepsi's objections and answers to plaintiff's interrogatories (first set) and requests for production of documents (second set). Your answers and responses are not rule-compliant.

  Objections only, but no answers, were interposed to nos. 3, 6, 9 and 17. No answers, except an oblique reference to Rule 33(d), were provided to the balance of the interrogatories, except nos.1 and 2, and no. 24, which also was not answered for a different reason. Because the interrogatories are not answered, Pepsi's response to the document request, interposing the same objections and referring plaintiff only to the initial set of responsive production but making no production, likewise fails as a response.

  Any answer to an interrogatory on the basis of Rule 33(d) requires the responder referencing a "business record" to make such "[s]pecification ... in sufficient detail to permit the interrogating party to locate and to identify...the records from which the answer may be ascertained", provided Pepsi can also show the burden of deriving the answer from the record is the same for the plaintiff as it is for Pepsi. Fed.R.Civ.P.33(d). Your interrogatory answers, directing me to examine nearly 1600 documents of Pepsi under Rule 33(d), fail to do this, and otherwise provide *no information* at all.

Lucretia Clemons, Esquire
November 27, 2006
Page 2

    Under Rule 33(d), because defendant, Pepsi's interrogatory answers are evasive and, at a minimum, incomplete, under Rule 37(a)(3), these discovery responses are to be treated as a failure to answer or respond, activating the sanctions provisions under Rule 37.

    Accordingly, I am requesting you withdraw your objections, and serve amended answers in compliance with the clear provisions of Rule 33(d) and make full production, or I will be compelled to bring the matter to the court's attention, at the earliest opportunity, in accordance with all required procedure, the week of November 27, 2006. This should not be necessary.

                                Very truly yours,

                                J. Stephen Woodside

/rr
cc: Barbara Stratton, Esq.
    Marc Gelman, Esq.
    Marlayna Tillman