# EXHIBIT I

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

MARLAYNA G. TILLMAN,                    :
                                        :
            Plaintiff,                   :        C.A. Number: 04-1314
                                        :
      v.                                :
                                        :
THE PEPSI BOTTLING GROUP, INC.,         :
and TEAMSTERS LOCAL UNION 830           :
                                        :
            Defendants.                  :

### DEFENDANT BOTTLING GROUP, LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANT

Defendant, Bottling Group, LLC ("PBG" or "Defendant"), incorrectly identified as Pepsi Bottling Group, Inc., in Plaintiff's Complaint, by its undersigned counsel, hereby responds to Plaintiff's First Set of Interrogatories as follows:

**I.    GENERAL OBJECTIONS**

The following general objections apply to each interrogatory and are incorporated into each specific response. Defendant's investigation is continuing, and it reserves the right to supplement any of the following responses as necessary. Defendant also reserves the right to raise objections at trial regarding the admissibility of any of the information that it provides or agrees to provide.

A.    Defendant objects to each interrogatory to the extent that it seeks information which is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

B.    Defendant objects to each interrogatory to the extent that it is overly broad as to time or scope.

DMEAST #9685589 v1

C.    Defendant objects to each interrogatory to the extent that it seeks information that is protected from discovery by the attorney-client privilege or the work-product doctrine or which constitutes or discloses the mental impressions, conclusions, opinions or legal theories of an attorney in this or any other litigation, or which is protected from disclosure by any other privilege or immunity.

D.    Defendant objects to each interrogatory to the extent that it seeks information that is protected from discovery by the self-critical analysis privilege.

E.    Defendant objects to each interrogatory to the extent that it is unduly burdensome or harassing.

F.    Defendant objects to each interrogatory to the extent that it seeks information that is not in the possession or the control of Defendant.

G.    Defendant objects to each interrogatory to the extent that it seeks information already within the possession of Plaintiff.

H.    Defendant objects to each interrogatory to the extent that it seeks information of a private, personal and/or confidential nature about individual employees or former employees of Defendant other than Plaintiff, the disclosure of which would result in an undue invasion of privacy with respect to such individuals.

I.    Defendant objects to each interrogatory to the extent that it is vague or ambiguous.

J.     Defendant objects to each interrogatory to the extent that it seeks to impose obligations on Defendant which are greater than those imposed by the Federal Rules of Civil Procedure.

K.     Defendant objects to each interrogatory to the extent that it is exceeds the number of interrogatories permitted under Rule 33 of the Federal Rules of Civil Procedure.

L.     Defendant objects to each interrogatory to the extent that it calls for a legal conclusion.

## II.     OBJECTIONS AND RESPONSES TO INTERROGATORIES

Subject to, and without waiving its objections set forth above, PBG responds as follows:

1.     Identify and state with particularity all facts and information (including specific provisions in the collective bargaining agreement) in support of Pepsi's decision (alone or with others), including the specific reasons for the decision, to transfer or re-assign Tillman from the Merchandising Department to the Conventional Department in October, 2001. Identify (see definitions) all persons who have knowledge or information in support of your answer, and identify (see definitions) all documents that you consulted, reviewed or relied upon in support of your answer.

**OBJECTION:**     PBG objects to this interrogatory to the extent that it is vague, overbroad, harassing, unduly burdensome, seeks to impose obligations on Defendant which are greater than those imposed by the Federal Rules of Civil Procedure and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. PBG further objects to this interrogatory to the extent that it seeks information that is protected from discovery by the attorney-client privilege or the work-product doctrine. Subject to and without waiving the foregoing objections:

**RESPONSE:**     In approximately October 2001 Plaintiff was temporarily transferred to the Conventional Department to perform merchandiser duties in order to assist

with the Space Race promotion. Plaintiffs temporary transfer ended in approximately May 2002. Bruce Wray and Craig Nelson have knowledge of these facts.

2.    Identify and state with particularity all facts and information (including specific provisions in the collective bargaining agreement) in support of Pepsi's decision (alone or with others), including the specific reasons for the decision, not to allow (or deny) Tillman membership in Local 830, and to pay Tillman wages of $10.57 per hour instead of a prevailing Local 830 wage rate, during the period of approximately October 13, 2001 through May 28, 2002 as described in ¶¶ 15 through 18 of the complaint. Identity (see definitions) all persons who have knowledge or information in support of your answer, and identify (see definitions) all documents that you consulted, reviewed or relied upon in support of your answer.

**OBJECTION:**    PBG objects to this interrogatory to the extent that it is vague, harassing and unduly burdensome. PBG further objects to this interrogatory to the extent that it seeks information that is protected from discovery by the attorney-client privilege or the work-product doctrine ad seeks information already in Plaintiff's possession. Subject to and without waiving the foregoing objections:

**RESPONSE:**    Plaintiff was paid $10.57 per hour because she was a merchandiser. All merchandisers, regardless of race or sex, were paid at the same rate. Plaintiff was not paid the Local 830 wage rate because she was not a dues paying member of Local 830 and was not performing bargaining unit work.

3.    Do you contend Tillman did *not* suffer an adverse employment action on the part of Pepsi, acting alone or with others, as the direct result of her transfer or re-assignment from the Merchandising Department to the Conventional Department under the circumstances described in ¶¶ 15 through 20 of the complaint, or that such employment in both departments did *not* violate the collective bargaining agreement or the protocol of Pepsi governing an employee's knowledge, skills and experience and seniority as it related to Tillman's employment at Pepsi? If answered in the affirmative, identify and state with particularity all facts and information (including specific provisions in the collective bargaining agreement) in support of your answer.

**OBJECTION:**    PBG objects to each interrogatory to the extent that it calls for a legal conclusion. PBG also objects to this interrogatory to the extent that it is vague, harassing, unduly burdensome, seeks to impose obligations on Defendant which are greater than those imposed by the Federal Rules of Civil Procedure and seeks information that is neither

relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

4.    Identity (see definitions) all employees of Pepsi, for the relevant time period, who performed work at the Pepsi plant in both a non-union department and a union department during the same pay period. For each such employee identified, state: (a) the dates of employment in each department involved, the employee's classification, grade, seniority, time in grade, time in service, summary of background (employment and education) and training, and certifications; (b) whether such employee requested and/or was permitted membership into the Local 830 and if so, date, place and decision-makers involved in such membership; (c) whether provision in Article VIII of the collective bargaining agreement entitled "Wages of Unclassified Employees; Transfers" was invoked by the employee or the Local 830, and if so, the reasons and outcome thereof; (c) all wage rates applicable to the employee to which the employee was entitled and whether the rates were paid, and if not, the reasons why not; and (d) the current status of each such employee at Pepsi, including department, rate of pay, title, position and job duties. Identify (see definitions) all persons who have knowledge or information in support of your answer, and identify (see definitions) all documents that you consulted, reviewed or relied upon in support of your answer.

**OBJECTION:**    PBG objects to this interrogatory to the extent that it is vague, overbroad, harassing, unduly burdensome, seeks to impose obligations on Defendant which are greater than those imposed by the Federal Rules of Civil Procedure and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections:

**RESPONSE:**    Pursuant to Federal Rule of Civil Procedure 33(d), see documents produced in response to Plaintiff's request for documents.

5.    Identify and state with particularity all facts and information (including specific provisions in the collective bargaining agreement) in support of Pepsi's decision (alone or with others), including the specific reasons for the decision, to transfer or re-assign Tillman from the Conventional Department to the Merchandising Department in or about May, 2002. Identify (see definitions) all persons who have knowledge or information in support of your answer, and identify (see definitions) all documents that you consulted, reviewed or relied upon in support of your answer.

**OBJECTION:**    PBG objects to this interrogatory to the extent that it is vague, harassing, unduly burdensome, seeks to impose obligations on Defendant which are

greater than those imposed by the Federal Rules of Civil Procedure and seeks information that is

neither relevant to the subject matter of this action nor reasonably calculated to lead to the

discovery of admissible evidence. PBG further objects to this interrogatory to the extent that it

seeks information that is protected from discovery by the attorney-client privilege or the work-

product doctrine. Subject to and without waiving the foregoing objections:

       **RESPONSE:**      See response to interrogatory No. 1.

      6.    Do you contend Tillman did *not* suffer an adverse employment action on
the part of Pepsi, acting alone or with others, as the direct result of her transfer or re-assignment
from the Conventional Department to the Merchandising Department under the circumstances
described in ¶¶ 36 through 38 of the complaint, or that such employment in both departments did
*not* violate the collective bargaining agreement or the protocol of Pepsi governing an employee's
knowledge, skills and experience and seniority as it related to Tillman's employment at Pepsi? If
answered in the affirmative, identify and state with particularity all facts and information
(including specific provisions in the collective bargaining agreement) in support of your answer.

       **OBJECTION:**      PBG objects to this interrogatory to the extent that it calls

for a legal conclusion. PBG also objects to this interrogatory to the extent that it is vague,

harassing, unduly burdensome, seeks to impose obligations on Defendant which are greater than

those imposed by the Federal Rules of Civil Procedure and seeks information that is neither

relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of

admissible evidence.

      7.    Identify and state with particularity all facts and information, (including
specific provisions in the collective bargaining agreement) in support of Pepsi's decision,
including the specific reasons for the decision) to transfer or re-assign Tillman from
Merchandising Department to the Warehouse Department in or about July, 2002. Identify (see
definitions) all persons who have knowledge or information in support of your answer, and
identify (see definitions) all documents that you consulted, reviewed or relied upon in support of
your answer.

       **OBJECTION:**      PBG objects to this interrogatory to the extent that it is

harassing, unduly burdensome, seeks to impose obligations on Defendant which are greater than

those imposed by the Federal Rules of Civil Procedure and seeks information that is neither

relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. PBG further objects to this interrogatory to the extent that it seeks information already in Plaintiff's possession and seeks information that is protected from discovery by the attorney-client privilege or the work-product doctrine. Subject to and without waiving the foregoing objections:

**RESPONSE:**    Pursuant to Federal Rule of Civil Procedure 33(d), see documents produced in response to Plaintiff's request for documents.

8.    Identify (see definitions) all persons who were hired by Pepsi to work in a non-union position, who were transferred (re-assigned) to a union position during the periods: (a) January 2001 through July, 2002; and (b) August 2002 through December, 2004 . For each such employee, state: (a) date and department of hire; (b) date(s) of transfer/re-assignment and departments involved; (c) supervisor and decision-maker on the transfer; (d) wage rates applicable and paid to the employee for each such position and department involved; (e) date of employee's entry into the union or if not entered, state with particularity the reasons why; (f) whether provision in Article VIII of the collective bargaining agreement entitled "Wages of Unclassified Employees; Transfers" was invoked by the employee or the Local 830, and if so, the reasons and outcome thereof; (g) seniority date, time in position, and current employment status with Pepsi. Identify (see definitions) all persons who have knowledge or information in support of your answer, and identify (see definitions) all documents that you consulted, reviewed or relied upon in support of your answer.

**OBJECTION:**    PBG objects to this interrogatory to the extent that it is harassing, unduly burdensome, seeks to impose obligations on Defendant which are greater than those imposed by the Federal Rules of Civil Procedure and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. PBG further objects to this interrogatory to the extent that it seeks information already in Plaintiff's possession and seeks information that is protected from discovery by the attorney-client privilege or the work-product doctrine. Subject to and without waiving the foregoing objections:

**RESPONSE:**    Pursuant to Federal Rule of Civil Procedure 33(d), see documents produced in response to Plaintiff's request for documents.

9.    Do you contend Tillman did *not* suffer an adverse employment action on the part of Pepsi, acting alone or with others, when Tillman was not selected to work in the Warehouse Department despite requesting such assignment, and Pepsi newly hired three (3) outside male employees to work in the Warehouse Department ahead of plaintiff, under the circumstances described in ¶¶ [39 through 43 of the complaint, or that such denial of employment to Tillman and the new hires by Pepsi did *not* violate the collective bargaining agreement or the protocol of Pepsi governing an employee's knowledge, skills and experience and seniority as it related to Tillman's employment at Pepsi? If answered in the affirmative, identify and state with particularity all facts and information (including specific provisions in the collective bargaining agreement) in support of your answer.

**OBJECTION:**    PBG objects to this interrogatory to the extent that it calls for a legal conclusion. PBG also objects to this interrogatory to the extent that it is vague, harassing, unduly burdensome, seeks to impose obligations on Defendant which are greater than those imposed by the Federal Rules of Civil Procedure and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

10.    Identify and state with particularity all facts and information (including specific provisions in the collective bargaining agreement) in support of Pepsi's decision (alone or with others), including the specific reasons for the decision, to pay Tillman $12.68 per hour instead of the prevailing union rate of $15.75 to $16.63 per hour, as described in ¶ 44 of the complaint.  Identify (see definitions) all persons who have knowledge or information in support of your answer, and identify (see definitions) all documents that you consulted, reviewed or relied upon in support of your answer.

**OBJECTION:**    PBG objects to this interrogatory to the extent that it is vague, harassing, unduly burdensome, seeks to impose obligations on Defendant which are greater than those imposed by the Federal Rules of Civil Procedure and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. PBG further objects to this interrogatory to the extent that it seeks information already in Plaintiff's possession. Subject to and without waiving the foregoing objections:

**RESPONSE:**        Pursuant to Federal Rule of Civil Procedure 33(d), see documents produced in response to Plaintiff's request for documents.

11.    Identify and state with particularity all facts and information (including specific provisions in the collective bargaining agreement) in support of Pepsi's decision (alone or with others), including the specific reasons for the decision, to pay Tillman $15.75 per hour, as described in ¶ 54 of the complaint. Identify (see definitions) the decision maker involved, and all persons who have knowledge or information in support of your answer, and identify (see definitions) all documents that you consulted, reviewed or relied upon in support of your answer.

**OBJECTION:**        PBG objects to this interrogatory to the extent that it is vague, harassing, unduly burdensome, seeks to impose obligations on Defendant which are greater than those imposed by the Federal Rules of Civil Procedure and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. PBG further objects to this interrogatory to the extent that it seeks information already in Plaintiff's possession. Subject to and without waiving the foregoing objections:

**RESPONSE:**        Pursuant to Federal Rule of Civil Procedure 33(d), see documents produced in response to Plaintiff's request for documents.

12.    Identify and state with particularity all facts and information (including specific provisions in the collective bargaining agreement) in support of Pepsi's decision (alone or with others), including the specific reasons for the decision, not to recall Tillman to work after the layoff in September, 2002, until October 21, 2002, as described in ¶¶ 55-57 of the complaint. Identify (see definitions) all persons who have knowledge or information in support of your answer, and identify (see definitions) all documents that you consulted, reviewed or relied upon in support of your answer.

**OBJECTION:**        PBG objects to this interrogatory to the extent that it is vague, harassing, unduly burdensome, seeks to impose obligations on Defendant which are greater than those imposed by the Federal Rules of Civil Procedure and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. PBG further objects to this interrogatory to the extent that it

seeks information already in Plaintiff's possession. Subject to and without waiving the foregoing objections:

**RESPONSE:**    Pursuant to Federal Rule of Civil Procedure 33(d), see documents produced in response to Plaintiff's request for documents.

13.    Identify and state with particularity all facts and information (including specific provisions in the collective bargaining agreement) in support of Pepsi's decision (alone or with others), including the specific reasons for the decision, to pay Tillman for the four weeks she was laid off, as described in ¶ 58 of the complaint. Identify (see definitions) all persons who have knowledge or information in support of your answer, and identify (see definitions) all documents that you consulted, reviewed or relied upon in support of your answer.

**OBJECTION:**    PBG objects to this interrogatory to the extent that it is vague, harassing, unduly burdensome, seeks to impose obligations on Defendant which are greater than those imposed by the Federal Rules of Civil Procedure and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. PBG further objects to this interrogatory to the extent that it seeks information already in Plaintiff's possession. Subject to and without waiving the foregoing objections:

**RESPONSE:**    Pursuant to Federal Rule of Civil Procedure 33(d), see documents produced in response to Plaintiff's request for documents.

14.    Identify (see definitions) and state with particularity all positions (vacancies) at Pepsi covered under the collective bargaining agreement for which Tillman either bid or applied, where she was denied or passed over, during her entire employment tenure at Pepsi. For each such position, state: (a) date, time, place, manner of Tillman's application/bid, to whom made and whether Tillman was considered; (b) identity of each decision-maker involved in not awarding the position to Tillman; (c) the reason(s) why Tillman was not awarded the position; (d) the identity of the person(s) awarded the position in place of Tillman; (e) the rate of pay to the employee at the outset of his/her filling the position; and (f) the most recent rate of pay the employee earned prior to his/her filling the position. Identify (see definitions) all persons who have knowledge or information in support of your answer, and identify (see definitions) all documents that you consulted, reviewed or relied upon in support of your answer.

**OBJECTION:**    PBG objects to this interrogatory to the extent that it is overbroad, harassing, unduly burdensome, seeks to impose obligations on Defendant which are greater than those imposed by the Federal Rules of Civil Procedure and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. PBG further objects to this interrogatory to the extent that it seeks information already in Plaintiff's possession. Subject to and without waiving the foregoing objections:

**RESPONSE:**    Pursuant to Federal Rule of Civil Procedure 33(d), see documents produced in response to Plaintiff's request for documents.

15.    Identify (see definitions) all African American females employed at the Pepsi plant during the relevant time period, and for each employee, state: (a) hire date; (b) position hired into: (c) all departments and positions worked; (d) supervisor(s) for each position in each department; (e) date of entry into the Local 830 (if at all); (f) termination date from Pepsi (if any); and most recent placement on any seniority list. Identify (see definitions) all persons who have knowledge or information in support of your answer, and identify (see definitions) all documents that you consulted, reviewed or relied upon in support of your answer.

**OBJECTION:**    PBG objects to this interrogatory to the extent that it is overbroad, harassing, unduly burdensome, seeks to impose obligations on Defendant which are greater than those imposed by the Federal Rules of Civil Procedure and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. PBG further objects to this interrogatory to the extent that it seeks information already in Plaintiff's possession. Subject to and without waiving the foregoing objections:

**RESPONSE:**    Pursuant to Federal Rule of Civil Procedure 33(d), see documents produced in response to Plaintiff's request for documents.

16.    Identify (see definitions) all females employed at the Pepsi plant during the relevant time period, and for each employee, state: (a) hire date; (b) position hired into; (c) all departments and positions worked; (d) supervisor(s) for each position in each department; (e)

date of entry into the Local 830 (if at all); (f) termination date from Pepsi (if any); and most recent placement on any seniority list. Identify (see definitions) all persons who have knowledge or information in support of your answer, and identify (see definitions) all documents that you consulted, reviewed or relied upon in support of your answer.

**OBJECTION:**    PBG objects to this interrogatory to the extent that it is

overbroad, harassing, unduly burdensome, seeks to impose obligations on Defendant which are

greater than those imposed by the Federal Rules of Civil Procedure and seeks information that is

neither relevant to the subject matter of this action nor reasonably calculated to lead to the

discovery of admissible evidence. PBG further objects to this interrogatory to the extent that it

seeks information already in Plaintiff's possession. Subject to and without waiving the foregoing

objections:

**RESPONSE:**    Pursuant to Federal Rule of Civil Procedure 33(d), see

documents produced in response to Plaintiff's request for documents.

17.    Identify (see definitions) all persons who applied for, trained for and obtained a CDL license (see Article XXIX of the collective bargaining agreement) while employed at the Pepsi plant, during the relevant time period. For each employee identified, state: (a) hire date; (b) date of CDL application; (c) date of training; (d) date CDL license was awarded; (e) date employee began utilizing the CDL license at Pepsi; (f) department where employed for each of the dates in subparts (a) through (e) above; (g) rate of pay in position immediately before CDL license was awarded; (h) next rate of pay (increase) after license was awarded; (i) current rate of pay, current position, and department at Pepsi. Identify (see definitions) all persons who have knowledge or information in support of your answer, and identify (see definitions) all documents that you consulted, reviewed or relied upon in support of your answer.

**OBJECTION:**    PBG objects to this interrogatory to the extent that it is

harassing, unduly burdensome, seeks to impose obligations on Defendant which are greater than

those imposed by the Federal Rules of Civil Procedure and seeks information that is neither

relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of

admissible evidence.

18.    Identify (see definitions) and state with particularity the wage rates (including overtime, weekend, holiday rates) for all positions in the Transport Department at the

Pepsi plant, for each year effective 2001, 2002, 2003, 2004 and 2005. Identify (see definitions) all persons who have knowledge or information in support of your answer, and identify (see definitions) all documents that you consulted, reviewed or relied upon in support of your answer.

**OBJECTION:**    PBG objects to this interrogatory to the extent that it is overbroad, harassing, unduly burdensome, seeks to impose obligations on Defendant which are greater than those imposed by the Federal Rules of Civil Procedure and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. PBG further objects to this interrogatory to the extent that it seeks information already in Plaintiff's possession. Subject to and without waiving the foregoing objections:

**RESPONSE:**    Pursuant to Federal Rule of Civil Procedure 33(d), see documents produced in response to Plaintiff's request for documents.

19.    Identify (see definitions) and state with particularity the wage rates (including overtime, weekend, holiday rates) for all positions in the Warehouse Department at the Pepsi plant, for each year effective 2001, 2002, 2003, 2004 and 2005. Identify (see definitions) all persons who have knowledge or information in support of your answer, and identify (see definitions) all documents that you consulted, reviewed or relied upon in support of your answer.

**OBJECTION:**    PBG objects to this interrogatory to the extent that it is overbroad, harassing, unduly burdensome, seeks to impose obligations on Defendant which are greater than those imposed by the Federal Rules of Civil Procedure and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. PBG further objects to this interrogatory to the extent that it seeks information already in Plaintiff's possession. Subject to and without waiving the foregoing objections:

**RESPONSE:**    Pursuant to Federal Rule of Civil Procedure 33(d), see documents produced in response to Plaintiff's request for documents.

20. Identify (see definitions) all persons who requested, applied for, or bid for a position or vacancy in the Transport Department at the Pepsi plant during the relevant time period. For each employee identified, state: (a) dates of bid, application or request, and position and seniority on date of such bid/application; (b) manner of bid/application or request; (c) position bid or applied for; (d) date employee was awarded the position and whether position required a CDL license; (e) date, time, place and manner of any testing for the position; (f) date, time and place of any trial periods involved in the position; (g) job duties in position; (h) department and rate of pay in position immediately before Transport position was awarded; (i) next rate of pay (increase) after position was awarded; (k) current rate of pay, current department and position at Pepsi. Identify (see definitions) all persons who have knowledge or information in support of your answer, and identify (see definitions) all documents that you consulted, reviewed or relied upon in support of your answer.

**OBJECTION:**     PBG objects to this interrogatory to the extent that it is harassing, unduly burdensome, seeks to impose obligations on Defendant which are greater than those imposed by the Federal Rules of Civil Procedure and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE:**     See response to interrogatory No. 14.

21. Identify and state with particularity all facts and information (including specific provisions in the collective bargaining agreement) in support of defendant, Pepsi's Thirteenth Affirmative Defense. Identify (see definitions) all persons who have knowledge or information in support of your answer, and identify (see definitions) all documents that you consulted, reviewed or relied upon in support of your answer.

**OBJECTION:**     PBG objects to this interrogatory to the extent that it is overbroad, harassing, unduly burdensome and seeks to impose obligations on Defendant which are greater than those imposed by the Federal Rules of Civil Procedure. PBG further objects to this interrogatory to the extent that it seeks information that is protected from discovery by the attorney-client privilege. Subject to and without waiving the foregoing objections:

**RESPONSE:**     Plaintiff was not subject to any discriminatory, harassing or retaliatory conduct at PBG. Plaintiff failed to take advantage of corrective or preventive opportunities. PBG promptly and appropriately investigated Plaintiff's complaints. Pursuant to

Federal Rule of Civil Procedure 33(d), see documents produced in response to Plaintiff's request for documents.

22.    Identify and state with particularity all facts and information (including specific provisions in the collective bargaining agreement) in support of defendant, Pepsi's Fourteenth Affirmative Defense. Identify (see definitions) all persons who have knowledge or information in support of your answer, and identify (see definitions) all documents that you consulted, reviewed or relied upon in support of your answer.

**OBJECTION:**    PBG objects to this interrogatory to the extent that it is harassing, unduly burdensome and seeks to impose obligations on Defendant which are greater than those imposed by the Federal Rules of Civil Procedure. PBG further objects to this interrogatory to the extent that it seeks information that is protected from discovery by the attorney-client privilege. Subject to and without waiving the foregoing objections:

**RESPONSE:**    Pursuant to Federal Rule of Civil Procedure 33(d), see documents produced in response to Plaintiff's request for documents and Plaintiff's deposition transcript.

23.    Identify and state with particularity all facts and information (including specific provisions in the collective bargaining agreement) in support of defendant, Pepsi's Fifteenth Affirmative Defense, Identify (see definitions) all persons who have knowledge or information in support of your answer, and identify (see definitions) all documents that you consulted, reviewed or relied upon in support of your answer.

**OBJECTION:**    PBG objects to this interrogatory to the extent that it is harassing, unduly burdensome and seeks to impose obligations on Defendant which are greater than those imposed by the Federal Rules of Civil Procedure. PBG further objects to this interrogatory to the extent that it seeks information that is protected from discovery by the attorney-client privilege. Subject to and without waiving the foregoing objections:

**RESPONSE:**    Pursuant to Federal Rule of Civil Procedure 33(d), see documents produced in response to Plaintiff's request for documents.

24.    Identify each fact witness who intends to testify at trial and, with respect to each such witness, state the subject matter and scope (as if an offer of proof had been demanded) of the proposed testimony.

**OBJECTION:**    PBG objects to this interrogatory to the extent that it seeks to impose obligations on Defendant which are greater than those imposed by the Federal Rules of Civil Procedure.  Subject to and without waiving the foregoing objections:

**RESPONSE:**    PBG has not decided which witnesses it intends to testify at trial, thus this interrogatory is premature.

Date:  November ___, 2006

William M. Kelleher (I.D. No. 3961)
Ballard Spahr Andrews & Ingersoll, LLP
919 Market Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 252-4465
Facsimile: (302) 252-4466

Attorneys for Defendant
Bottling Group, LLC

OF COUNSEL:
Daniel V. Johns
Lucretia C. Clemons
Aisha M. Barbour
Ballard Spahr Andrews & Ingersoll, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone:  (215) 665-8500
Facsimile:  (215) 864-8999

## VERIFICATION

I, Matthew Bates, verify under penalty of perjury that I am the Regional Human Resources Manager at Bottling Group, LLC, that I am authorized to and do take this verification on behalf of Bottling Group, LLC, and that the statements made in the foregoing Objections and Responses to Plaintiff's First Set of Interrogatories are true and correct to the best of my knowledge, information and belief.

Dated: November 2(, 2006

_____
Matthew Bates

# CERTIFICATE OF SERVICE

I, William M. Kelleher, hereby certify that on this date I served a copy of the foregoing Defendant Bottling Group, LLC's Objections And Responses To Plaintiff's First Set of Interrogatories Directed To Defendant via first-class mail, postage prepaid, upon the following:

Marc Gelman
Jennings Sigmond
Penn Mutual Towers
510 Walnut Street, 16th Floor
Philadelphia, PA 19106
Counsel for Teamsters Local Union 830

J. Stephen Woodside
One Montgomery Plaza
425 Swede Street
Suite 605
Norristown, PA 19401

Dated: November 22, 2006

William M. Kelleher

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MARLAYNA G. TILLMAN,                    :
                                        :
                Plaintiff,              :          C.A. Number: 04-1314
                                        :
        v.                              :
                                        :
THE PEPSI BOTTLING GROUP, INC.,         :
and TEAMSTERS LOCAL UNION 830           :
                                        :
                Defendants.             :

## DEFENDANT BOTTLING GROUP, LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANT

Defendant, Bottling Group, LLC ("PBG" or "Defendant"), incorrectly identified as Pepsi

Bottling Group, Inc., in Plaintiff's Complaint, by its undersigned counsel, hereby responds to

Plaintiff's Second Request for Production of Documents as follows:

## I.    GENERAL OBJECTIONS

The following general objections apply to each document request and are

incorporated into each specific response. Defendant's investigation is continuing, and it reserves

the right to supplement any of the following responses as necessary. Defendant also reserves the

right to raise objections at trial regarding the admissibility of any of the information that it

provides or agrees to provide.

A.    Defendant objects to each document request to the extent that it seeks information

which is neither relevant to the subject matter of this action nor reasonably calculated to lead to

the discovery of admissible evidence.

B.    Defendant objects to each document request to the extent that it is overly broad as

to time or scope.

C.    Defendant objects to each document request to the extent that it seeks information that is protected from discovery by the attorney-client privilege or the work-product doctrine or which constitutes or discloses the mental impressions, conclusions, opinions or legal theories of an attorney in this or any other litigation, or which is protected from disclosure by any other privilege or immunity.

D.    Defendant objects to each document request to the extent that it is unduly burdensome or harassing.

E.    Defendant objects to each document request to the extent that it seeks information that is not in the possession or the control of Defendant.

F.    Defendant objects to each document request to the extent that it seeks information already within the possession of Plaintiff.

G.    Defendant objects to each document request to the extent that it seeks information of a private, personal and/or confidential nature about individual employees or former employees of Defendant other than Plaintiff, the disclosure of which would result in an undue invasion of privacy with respect to such individuals.

H.    Defendant objects to each document request to the extent that it is vague or ambiguous.

I.    Defendant objects to each document request to the extent that it seeks to impose obligations on Defendant which are greater than those imposed by the Federal Rules of Civil Procedure.

## II.    OBJECTIONS AND RESPONSES TO REQUEST FOR DOCUMENTS

Subject to, and without waiving its objections set forth above, PBG responds as follows:

1.    Produce all documents you have identified in your answers to plaintiffs interrogatories addressed to defendant, Pepsi (first set).

**RESPONSE:**        See documents produced in response to Plaintiff's request for documents.

2.    Produce all documents you have been requested to produce as part of your answers to plaintiffs interrogatories addressed to defendant, Pepsi (first set).

**OBJECTION:**        PBG incorporates by reference each objection made in its responses to Plaintiff's first set of interrogatories.  Subject to and without waiving the foregoing objections:

**RESPONSE:**        See documents produced in response to Plaintiff's request for documents.

3.    Produce any and all documents that refer to, relate to, concern or discuss, for each employee identified, the information provided in your answers to subparts (a) through (d), inclusive, of interrogatory no. 4.

**OBJECTION:**        PBG incorporates by reference each objection made in its responses to Plaintiff's first set of interrogatories.  Subject to and without waiving the foregoing objections:

**RESPONSE:**        See documents produced in response to Plaintiff's request for documents.

4.    Produce any and all documents that refer to, relate to, concern or discuss, for each employee identified, the information provided in your answers to subparts (a) through (g), inclusive, of interrogatory no. 8.

**OBJECTION:**        PBG incorporates by reference each objection made in its responses to Plaintiff's first set of interrogatories.  Subject to and without waiving the foregoing objections:

**RESPONSE:**          See documents produced in response to Plaintiff's request for

documents.

       5.    Produce any and all documents that refer to, relate to, concern or discuss the information pertaining to Marlayna Tillman provided in your answers to subparts (a) through (f), inclusive, of interrogatory no. 14.

**OBJECTION:**          PBG incorporates by reference each objection made in its

responses to Plaintiff's first set of interrogatories. Subject to and without waiving the foregoing

objections:

**RESPONSE:**          See documents produced in response to Plaintiff's request for

documents.

       6.    Produce any and all documents that refer to, relate to, concern or discuss, for each employee identified, the information provided in your answers to subparts (a) through (f), inclusive, of interrogatory no. 15.

**OBJECTION:**          PBG incorporates by reference each objection made in its

responses to Plaintiff's first set of interrogatories. Subject to and without waiving the foregoing

objections:

**RESPONSE:**          See documents produced in response to Plaintiff's request for

documents.

       7.    Produce any and all documents that refer to, relate to, concern or discuss, for each employee identified, the information provided in your answers to subparts (a) through (f), inclusive, of interrogatory no. 16.

**OBJECTION:**          PBG incorporates by reference each objection made in its

responses to Plaintiff's first set of interrogatories. Subject to and without waiving the foregoing

objections:

**RESPONSE:**          See documents produced in response to Plaintiff's request for

documents.

8.    Produce any and all documents that refer to, relate to, concern or discuss, for each person identified, the information provided in your answers to subparts (a) through (i), inclusive, of interrogatory no. 17.

**OBJECTION:**    PBG incorporates by reference each objection made in its responses to Plaintiff's first set of interrogatories. Subject to and without waiving the foregoing objections:

9.    Produce any and all documents that refer to, relate to, concern or discuss the information provided in your answers to interrogatory no. 18.

**OBJECTION:**    PBG incorporates by reference each objection made in its responses to Plaintiff's first set of interrogatories. Subject to and without waiving the foregoing objections:

**RESPONSE:**    See documents produced in response to Plaintiff's request for documents.

10.    Produce any and all documents that refer to, relate to, concern or discuss the information provided in your answers to interrogatory no. 19.

**OBJECTION:**    PBG incorporates by reference each objection made in its responses to Plaintiff's first set of interrogatories. Subject to and without waiving the foregoing objections:

**RESPONSE:**    See documents produced in response to Plaintiff's request for documents.

11.    Produce any and all documents that refer to, relate to, concern or discuss, for each person identified, the information provided in your answers to subparts (a) through (k), inclusive., of interrogatory no. 20.

**OBJECTION:**    PBG incorporates by reference each objection made in its responses to Plaintiff's first set of interrogatories. Subject to and without waiving the foregoing objections:

**RESPONSE:**          See documents produced in response to Plaintiff's request for

documents.

Date:  November 22, 2006

                       William M. Kelleher (I.D. No. 3961)
                       Ballard Spahr Andrews & Ingersoll, LLP
                       919 Market Street, 17th Floor
                       Wilmington, DE 19801
                       Telephone: (302) 252-4465
                       Facsimile: (302) 252-4466

                       Attorneys for Defendant
                       Bottling Group, LLC

OF COUNSEL:
Daniel V. Johns
Lucretia C. Clemons
Aisha M. Barbour
Ballard Spahr Andrews & Ingersoll, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone:  (215) 665-8500
Facsimile:  (215) 864-8999

## CERTIFICATE OF SERVICE

I, William M. Kelleher, hereby certify that on this date I served a copy of the foregoing Defendant Bottling Group, LLC's Objections And Responses To Plaintiff's Second Request For Production Of Documents Directed To Defendant via first-class mail, postage prepaid, upon the following:

Marc Gelman
Jennings Sigmond
Penn Mutual Towers

510 Walnut Street, 16th Floor
Philadelphia, PA 19106
Counsel for Teamsters Local Union 830

J. Stephen Woodside
One Montgomery Plaza
425 Swede Street
Suite 605
Norristown, PA 19401

Dated: November 22, 2006

William M. Kelleher