# EXHIBIT 24

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARLAYNA G. TILLMAN, | : |
| Plaintiff, | : C.A. Number: 04-1314 |
| v. | : |
| THE PEPSI BOTTLING GROUP, INC., and TEAMSTERS LOCAL UNION 830 | : |
| Defendants. | : |

**PLAINTIFF'S ANSWERS TO DEFENDANT PEPSI BOTTLING GROUP LLC.,**

**FIRST SET OF INTERROGATORIES ADDRESSED TO PLAINTIFF**

Plaintiff, Marlayna G. Tillman, by and through her undersigned counsel, hereby propounds the following Answers to Defendant's First Set of Interrogatories, pursuant to Federal Rule of Civil Procedure 33.

**INSTRUCTIONS**

A. "Document" or "documents" means any written, recorded, filmed or graphic matter, whether produced, reproduced, or on paper, cards, tapes, films, electronic facsimile, E-mail, computer storage devices or any other media, including but not limited to memoranda, notes, minutes, records, photographs, correspondence, telegrams, diaries, bookkeeper entries, financial statements, tax returns, checks, check stubs, reports, studies, responses to questionnaires, charts, graphs, statements, notebooks, handwritten notes, applications, agreements, books, pamphlets, periodicals, appointment calendars, notes, records, and recordings of oral conversations, work papers, and also including but not limited to, originals and all copies which are different in any way from the original whether by interlineation, receipt stamp, notation, indication of copies sent or received, or otherwise, and drafts.

EXHIBIT
Tillman -6
12/13/05 DAB

B. The term "communication" means the transmission of any information, in any form, including but not limited to orally, in writing, by conduct, by gesture, by electronic or computerized transmission, whether communicated intentionally and/or knowingly or not, and specifically includes but is not limited to all conversations, meetings, telephone calls, tape recordings of telephone calls, facsimiles, letters, emails and writings of any kind.

C. A request that you "describe in detail" or identify "the factual basis" of a matter means that you must describe that matter fully, by reference to underlying specific facts and specific times, places, people and actions.

D. The term "identify" when used with reference to an individual person, business or other entity shall mean to state its full name (or if not known, provide sufficient description so that the person, business or other entity will be identifiable to the recipients of your answer), business affiliation, and last known business or home address and phone number.

E. In answering the interrogatories, you must furnish all information that is available to you, including information in the possession of your attorneys, healthcare providers and/or any other person or entity subject to your direction or control. If, after exercising due diligence, you cannot answer an interrogatory in full, state that fact and answer to the extent possible.

F. If you need additional space to respond to any interrogatory, you may attach additional pages as necessary, provided however that you must clearly identify the particular interrogatory to which the additional pages respond.

G. If you claim any form of privilege or other protection from disclosure as a ground for withholding responsive information, set forth each and every fact or basis on which you claim a privilege with sufficient specificity to permit the court to make a determination as to whether the claim of privilege is valid.

H.   The interrogatories are continuing in nature and you have an affirmative obligation to promptly supplement your responses as required by any new or changed information. You must produce all responsive information and documents as soon as they become known or available to you, and in all events prior to trial of this action.

### INTERROGATORIES

1.   Identify each and every person who has knowledge of the facts underlying your claims against PBG, describe the information about which the person has knowledge, and identify all documents in the person's possession, custody or control which are known to you and which relate to or support any claim in your Complaint.

**ANSWER:**

**Plaintiff believes the following individuals have knowledge of her claims against the Pepsi Bottling Group. Plaintiff is unsure of the documents in such person's possession.**

a)   Tracey Dryzwiecki, Pepsi Bottling Group

b)   Scott Steiger, Pepsi Bottling Group

c)   Sara Swartz, Pepsi Bottling Group

d)   Pete Kraus, Pepsi Bottling Group

e)   Dave Staib, Pepsi Bottling Group

f)   Daniel Grace, Local 830

g)   John D'Elia, Local 830

h)   Doug McLauglin, Local 830

i)   Scott Michelle, Local 830

j)   Employees of the Delaware Department of Labor

k)   Employees of Counsel for all parties

2.      Identify each and every fact underlying your claims of discrimination against PBG of which you have personal knowledge and identify all documents in your possession, custody or control and which relate to or support any claim in your Complaint.

**ANSWER:**

**Plaintiff asserts that she was discriminated against by the Pepsi Bottling group based on her race and gender. Plaintiff feels she was not provided proper training, compensation, promotional opportunities, and was retaliated against by the Pepsi Bottling Group.**

**Please see documentation Plaintiff has provided in response to Pepsi Bottling Group's request for production of documents. Plaintiff will supplement her answers as additional documentation is obtained.**

3.      Identify every attempt you have made to secure employment or other service for remuneration from May 8, 2001 to the present and, with respect to each such attempt:

   a.      identify every person or entity to which you applied to secure any such employment or other service for remuneration, the position for which you applied, the salary or payment for the position and the date and nature of each such attempt;

   b.      identify each person or entity by which you were offered employment or other service for remuneration after May 8, 2001, whether or not you have identified the entity or person in response to paragraph (a) above, and for each such offer state whether the offer was for employment or for service for remuneration, the nature of the position, the date offered, the salary or rate of pay, all benefits, the date on which such offer was made, whether you declined any such offer and your reasons for declining the offer; and

c.  identify all documents that relate or refer to your attempts to secure employment or service for remuneration and all such offers and all persons with any knowledge of your attempts to secure employment or service for remuneration or all such offers.

**ANSWER:**

**Plaintiff has attempted to secure employment since May 8, 2001 with the following employers, however please note that Plaintiff is unsure of position descriptions, compensation and benefits offered:**

- a) **R& S. Strauss Auto, Wilmington, Delaware**
- b) **JB Hunt, New Brunswick, New Jersey**
- c) **Cott Beverages, Glen Mills, Pennsylvania**
- d) **RJM Vending, New Castle, Delaware**
- e) **Coca-Cola, Hawthorne, New York**
- f) **Pepsi Bottling Company, College Point, New York**
- g) **Tropicana Beverages, Jersey City, New Jersey**
- h) **New York Blood Center, New York, New York**
- i) **Cardinal Logistics, Dayton, New Jersey**
- j) **Coca-Cola Enterprises, Bronx, New York**

**Any documents related to these applications will be provided as they are obtained.**

4. Identify all employment or other service for remuneration that you have had since May 8, 2001, with respect to each such employment held or service provided by you:

a.  identify each entity or person by which you were employed or for which you performed service for remuneration and describe in detail the nature of each such

employment or other service for remuneration, the salary or rate of pay, benefits, the dates during which you were so employed or such services were performed, and, if applicable, the reason(s) each such employment, service or business ended; and

        b.     identify all documents that relate or refer to each such employment or other service for remuneration and each person with any knowledge concerning each such employment or service for remuneration.

**ANSWER:**

**Plaintiff was employed by the following employers since May 8, 2001:**

    a) **R & S Strauss, Wilmington, Delaware; employment began in October 2001, Plaintiff can not recall the date of her resignation.**

    b) **Cott Beverages, Glen Mills, Pennsylvania; employed in June, 2004. Plaintiff was terminated.**

    c) **JB Hunt, New Brunswick, New Jersey; employed from November, 2004 until February, 2005. Plaintiff resigned.**

    d) **RJM Vending, New Castle, Delaware; Plaintiff resigned.**

    e) **Cardinal Logistics, Dayton, New Jersey; employed from February, 2005 until July, 2005. Plaintiff resigned.**

    f) **New York Blood Center, New York, New York; employed form July 2005, until August, 2005. Plaintiff resigned.**

    g) **Coca-Cola Enterprises, Bronx, New York; employed form August, 2005 until present.**

5.  Identify and describe in detail the nature, amount and source of any monies, income, gifts, grants, compensation, or fringe benefits received by you, including, but not limited to, salary, wages, benefits, unemployment compensation, Social Security benefits, disability benefits, worker's compensation and welfare benefits from whatever source from May 8, 2001 to the present.

**ANSWER:**

**Since May 8, 2001 Plaintiff has received unemployment compensation from the Delaware Department of Labor due to a temporary layoff initiated by the Pepsi Bottling Group in September, 2002. Plaintiff has also received disability benefits due to a work-related injury suffered at the Pepsi Bottling Group on November 6, 2003. Plaintiff does not know the exact dollar figure of compensation received.**

6.  Please provide a detailed summary of the bases of all damages claimed. Describe in detail each element of any relief you intend to seek at trial; state the amount you seek for each element of relief, including an explanation of the manner in which you calculated the amount of any claim for damages or other monetary relief; state all facts relating to each element of any such relief; identify all documents relating or referring to each element of any such relief; and identity each and every person with knowledge of each element of any such relief.

**ANSWER:**

**Plaintiff is unable to determine an exact amount of damages at this time. When Plaintiff is**

in a better position to determine and/or approximate total damages for this matter, the information will be provided as a supplement to this Interrogatory.

7. Identify each current or former employee of PBG with whom you have spoken or corresponded concerning the allegations contained in the Complaint and/or this litigation; describe in detail the substance of each correspondence or communication; and identify all documents that they supplied to you or you to them concerning the allegations contained in the Complaint and/or this litigation.

**ANSWER:**

**Plaintiff has spoken with the following individuals regarding the allegations contained in the Complaint. Those individuals whom Plaintiff has exchanged communications will be noted below:**

  a) **Ron Flowers**

  b) **Merrill Mathews**

  c) **Ernest Turner**

  d) **Michael Johnson**

  e) **Leroy Lewis**

  f) **Bernard Stewart**

  g) **Rob Murdoch**

  h) **Kathy Baltus**

  i) **Crystal Green**

j) Peyton Spencer

k) Tracey Dryzwiecki; Plaintiff exchanged email and correspondence. All documents in Plaintiff's control will be provided.

l) Rhonda Curry; Plaintiff exchanged email and correspondence. All documents in Plaintiff's control will be provided.

m) Sara Swartz; Plaintiff exchanged email and correspondence. All documents in Plaintiff's control will be provided.

n) Scott Steiger; Plaintiff exchanged email and correspondence. All documents in Plaintiff's control will be provided.

o) John O'Barra; Plaintiff exchanged email and correspondence. All documents in Plaintiff's control will be provided.

p) Dave Staib; Plaintiff exchanged email and correspondence. All documents in Plaintiff's control will be provided.

q) Tom Riley; Plaintiff exchanged email and correspondence. All documents in Plaintiff's control will be provided.

r) Glenn Mathews; Plaintiff exchanged email and correspondence. All documents in Plaintiff's control will be provided.

8. Identify each and every doctor, psychiatrist, psychologist, or other health or mental health care professional or entity whom you have visited, consulted or sought treatment from at any time during the period from January 1, 1995 to the present. For each individual or entity identified, give the date of each visit, consultation or treatment; the reason

for each visit, consultation or treatment; and the diagnosis given at each visit, consultation or treatment.

**ANSWER:**

**Plaintiff does not recall the exact dates of all visits or consultations with below named physicians.**

- a) **Dr. Andrew Nash, Wilmington, Delaware; general physician**
- b) **Dr Peter Bandera, Wilmington, Delaware; rehabilitation physician**
- c) **Dr. Jeffrey Meyers, Wilmington, Delaware; Pepsi Bottling Group physician**
- d) **Dr. Steven Hershey, Wilmington, Delaware; Specialist**
- e) **Dr. Katie Earnest, Wilmington, Delaware; OB/GYN**
- f) **Dr. M.R. OBeidy, Wilmington, Delaware, Psychiatrist**
- g) **Dr. Brenda Farside, Wilmington, Delaware; social worker**

9. State whether you have been a party in any other lawsuit or administrative claim, and if so, as to each such lawsuit or claim, state the case or claim caption, the court or agency involved, the court term and number, the nature of the lawsuit or claim, whether you were a plaintiff or a defendant, and the outcome of the lawsuit or claim.

**ANSWER:**

**Plaintiff has been a party in a small claims lawsuit involving Precision Auto Tune located in Wilmington, Delaware. Plaintiff was the initiating party and received a successful verdict. Plaintiff does not recall the claim caption number but upon information and belief**

it was heard in Justice of the Peace Court number ten.

10. With regard to each person whom you may use as a witness at trial, identify the person and furnish a description of the testimony the person is expected to give.

**ANSWER:**

a) Ron Flowers; work environment and climate and how it influenced Plaintiff

b) James Felicetti; work environment and climate and how it influenced Plaintiff

c) Peyton Spencer; comments made by Supervisor Tom Riley, regarding Plaintiff and work climate issues

d) Merrill Mathews; work environment and climate and how it influenced Plaintiff

e) Howard Laws; comments made by himself to Plaintiff

f) Leroy Lewis; work environment and climate and how it influenced Plaintiff

g) John Oziak; comments made by Howard Laws to Plaintiff in his presence

h) Bernard Stewart; work environment and climate and how it influenced Plaintiff, and how Plaintiff was treated

i) Ernest Turner; work environment and climate and how it influenced Plaintiff, and how Plaintiff was treated

j) Eric Bling; Incident with Plaintiff and Supervisor Phil Weber, Bling was present.

k) Jeffrey Felicetti; work environment and climate and how it influenced Plaintiff

l) Mike Johnson; disparate treatment of Plaintiff

m) Jim McCormick; disparate treatment of Plaintiff

n) Cleavon Thomas; work environment and disparate treatment of Plaintiff

o) Crystal Green; the work climate for women at Pepsi Bottling Group and the disparate treatment of Plaintiff

p) Kathy Baltus; the work climate for women at Pepsi Bottling Group and the disparate treatment of Plaintiff

q) Larry Moody the work climate for women at Pepsi Bottling Group and the disparate treatment of Plaintiff

11. Identify each and every person answering or providing information used in answering these Interrogatories.

**ANSWER:**

**Plaintiff is the only person answering or providing information for use in these Answers to Interrogatories.**

12. Identify each and every person who has been interviewed by you, or who has made any oral or written statement concerning this litigation or the allegations in the Complaint to you or anyone acting on your behalf.

**ANSWER:**

**No statements have been obtained at this time. If Plaintiff obtains a statement it will supplement its response to this Interrogatory.**

**MARGOLIS EDELSTEIN**

_____
Jeffrey K. Martin. (DE# 2407)
Lori Brewington, Esquire (DE# 4522)
1509 Gilpin Avenue
Wilmington, DE 19806
(302) 777-4680
jmartin@margolisedelstein.com
*Attorneys for Plaintiff*

DATED:    December 5, 2005

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARLAYNA G. TILLMAN, ) | |
| ) | |
| Plaintiff, ) | C.A. NO. 04-1314(SLR) |
| ) | |
| v. ) | JURY TRIAL DEMANDED |
| ) | |
| THE PEPSI BOTTLING GROUP, INC., ) and TEAMSTERS LOCAL UNION 830, ) | |
| ) | |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

I, Lori Brewington, do hereby certify that on December 5, 2005, two (2) true and correct copies of the foregoing *Plaintiff's Answers to Defendant The Pepsi Bottling Group, Inc.'s First Set of Interrogatories* were sent via courier service, to the following:

| William M. Kelleher, Esquire | Clifford B. Hearn, Jr. |
|---|---|
| Ballard Spahr Andrews & Ingersoll, LLP | Clifford B. Hearn, Jr. P.A. |
| 919 Market Street, 17th Floor | 606 Market Street Mall |
| Wilmington, DE 19801 | P.O. Box 1205 |
| | Wilmington, DE 19899 |

MARGOLIS EDELSTEIN

/s/ Jeffrey K. Martin

Jeffrey K. Martin. (DE#2407)
Lori Brewington, Esquire (DE#4522)
1509 Gilpin Avenue
Wilmington, DE 19806
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARLAYNA G. TILLMAN, | ) |
| | ) |
| Plaintiff, | ) C.A. NO. 04-1314(SLR) |
| | ) |
| v. | ) JURY TRIAL DEMANDED |
| | ) |
| THE PEPSI BOTTLING GROUP, INC., | ) |
| and TEAMSTERS LOCAL UNION 830, | ) |
| | ) |
| Defendants. | ) |

### CERTIFICATE OF SERVICE

I, Lori Brewington, do hereby certify that on December 5, 2005, two (2) true and correct copies of the foregoing *Plaintiff's Answers to Defendant The Pepsi Bottling Group, Inc.'s First Set of Interrogatories* were sent via U.S. Mail postage prepaid, to the following:

| Daniel Johns, Esquire | Marc. L. Gelman, Esquire |
|---|---|
| Lucretia C. Clemons, Esquire | Jennings Sigmond, P.C. |
| Ballard Spahr Andrews & Ingersoll, LLP | The Penn Mutual Street |
| 51st Floor | 510 Walnut Street |
| 1735 Market Street | Philadelphia, PA 19106 |
| Philadelphia, PA 19103 | |

MARGOLIS EDELSTEIN

Jeffrey K. Martin. (DE# 2407)
Lori Brewington, Esquire (DE# 4522)
1509 Gilpin Avenue
Wilmington, DE 19806
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MARLAYNA G. TILLMAN,           :
                               :
    Plaintiff,                 :      C.A. Number: 04-1314
                               :
    v.                         :
                               :
THE PEPSI BOTTLING GROUP, INC.,:
and TEAMSTERS LOCAL UNION 830  :
                               :
    Defendants.                :

## VERIFICATION

STATE OF New York )
                  ) SS.
COUNTY OF New York )

I, Marlayna G. Tillman, being duly sworn, state that I have reviewed the foregoing *Plaintiff's Answers to Defendant The Pepsi Bottling Group, Inc.'s First Set of Interrogatories* and that said answers are full and complete and true and correct to the best of my knowledge, information and belief.

_____
Marlayna G. Tillman

Subscribed and sworn before me on this 2 day of Dec, 2005.

_____
Notary Public

My Commission Expires: _____

ADAM GREEBLER
Notary Public State of New York
No. 0-GR5001894
Qualified in Queens County
Commission Expires Sept. 21 200 6