IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARLAYNA G. TILLMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 04-1314-SLR |
| | ) |
| THE PEPSI BOTTLING GROUP, | ) |
| INC. and TEAMSTERS LOCAL | ) |
| UNION 830, | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

At Wilmington this 24th day of January, 2007, having reviewed the pending discovery motions and the papers filed in connection therewith;

IT IS ORDERED that:

1. Plaintiff's motion to quash subpoena directed to Beverly Bove, Esquire (D.I. 76) is denied. Defendant The Pepsi Bottling Group, Inc. ("Pepsi") has filed a counterclaim in this case, alleging that plaintiff, while she was employed by Pepsi, wrongfully collected worker's compensation for a claimed period of disability. At deposition, plaintiff asserted that she had no clear recollection of actually getting any compensation, that she relied on her attorney in this matter. Under these circumstances, it is appropriate for Pepsi to seek the relevant

documents from plaintiff's counsel. The subpoena will be limited at this point in time to having counsel produce for inspection:

    a. Any executed settlement agreements evidencing the settlement of plaintiff's worker's compensation claim; and

    b. Any letters sent to plaintiff regarding, enclosing or communicating the terms of the settlement agreement and/or settlement agreements.

2. Plaintiff's motion to compel discovery (D.I. 87) is granted to the following extent:

    a. Although inconvenient, plaintiff's counsel timely noticed five of the eight depositions[1] under this court's practice. Therefore, Pepsi will have to make these individuals available for deposition. The schedule for this shall be addressed below.

    b. The court requires parties, when they refer to documents instead of directly answering interrogatories, to specifically identify the responsive documents. Pepsi will supplement its interrogatory answers to comply with this requirement.

    c. The court will not require Pepsi to answer the contention interrogatories.

---

[1] The Kelleher, Swartz, Steiger, Spencer and Felicetti depositions were noticed and scheduled within the discovery period; the Drzewicki, Johnson and Matthews depositions were scheduled past the discovery deadline. (D.I. 79-85)

2

3. Plaintiff's motion to extend the discovery cutoff dates (D.I. 50) is granted. On or before **February 28, 2007**:

    a. The subpoena duces tecum shall be enforced.

    b. Pepsi shall make available for deposition, and plaintiff may conduct the depositions of, Kelleher, Swartz, Steiger, Spencer and Felicetti.

    c. Defendant Pepsi shall file its supplemental responses to plaintiff's interrogatories.

4. Given the problems with discovery, the pending motions for summary judgment (D.I. 90, 92) are denied without prejudice to renew.

5. Case dispositive motions shall be filed on or before **March 28, 2007**. The pretrial and trial dates currently scheduled are hereby cancelled.

                              _____
                              United States District Judge