IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MARLAYNA G. TILLMAN, | : | |
| | : | |
| Plaintiff, | : | C.A. No.: 04-1314-SLR |
| | : | |
| v. | : | |
| | : | |
| THE PEPSI BOTTLING GROUP, INC., | : | |
| and TEAMSTERS LOCAL UNION 830, | : | |
| | : | |
| Defendants. | : | |

---

### MEMORANDUM OF LAW OF DEFENDANT BOTTLING GROUP, LLC IN SUPPORT OF ITS MOTION FOR RECONSIDERATION

---

Leslie C. Heilman (DE Bar. No. 4716)
Ballard Spahr Andrews & Ingersoll, LLP
919 N. Market Street, 12th Floor
Wilmington, DE 19801
Telephone: (302) 252-4465
Facsimile: (302) 252-4466
Email: heilmanl@ballardspahr.com

OF COUNSEL:
Daniel V. Johns
Lucretia C. Clemons
Aisha M. Barbour
Ballard Spahr Andrews & Ingersoll, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
(215) 665-8500

Dated: April 2, 2008

DMEAST #10010393 v3

# TABLE OF CONTENTS

Page

I. INTRODUCTION ........................................................................................................... 1

II. NATURE AND STAGE OF PROCEEDINGS ............................................................... 1

III. STATEMENT OF FACTS .............................................................................................. 1

IV. SUMMARY OF ARGUMENT ....................................................................................... 1

V. ARGUMENT ................................................................................................................... 2

    A. Standard of Review............................................................................................. 2

    B. Plaintiff's Claim That She Was Denied Promotions to Several Driver Positions Fails as a Matter of Law. ................................................................... 2

    C. Plaintiff Has Not Demonstrated That She Received Unequal Pay Under the Equal Pay Act. ............................................................................................... 5

VI. CONCLUSION ................................................................................................................ 7

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Ankele v. Hambrick*, 286 F.Supp.2d 485 (E.D. Pa. 2003), aff'd, 136 Fed. Appx. 551 (2005) ................................................................................................................ 4

*Bates v. Tandy Corp.*, No. 03-5519, 2005 WL 1798825 (E.D. Pa. Aug. 1, 2005) ............. 3

*Collins v. Board of Trustees of the University of Alabama*, No. 05-16268, 2006 U.S. App. LEXIS 29989 (11th Cir. Dec. 6, 2006) ...................................................... 3

*Devore v, City of Phila.,* No. 04-3030, 2005 U.S. Dist. LEXIS 19582 (E.D. Pa. Sept. 7, 2005) ............................................................................................................. 4

*Grant v. General Motors Corp.*, 908 F.2d 1303 (6th Cir. 1990) ........................................ 5

*Harsco Corp. v. Zlotnicki*, 779 F.2d 906 (3d Cir. 1985) .................................................... 2

*Max's Seafood Caf, by Lou Ann, Inc., v. Quinteros*, 176 F.3d 669 (3d Cir. 1999) .............. 2

*Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587 (11th Cir. 1995) ........................... 4

*Robin Construction Co. v. United States*, 345 F.2d 610 (3d Cir. 1965) ............................ 4

*Tillman v. The Pepsi Bottling Group, Inc. and Teamsters Local Union 830*, No. 04-1314-SLR, 2008 U.S. Dist. LEXIS 21634 (D. Del. March 19, 2008) .................... 3

*Williams v. Rohm and Haas Co.,* 99-C 2003 U.S. Dist. LEXIS 26559 (E.D. Pa. May 2, 2003), aff'd, 90 Fed. Appx. 627 (2004) ............................................................ 4

*Williams v. Rohm and Haas Co.*, 90 Fed. Appx. 627 (3d Cir. 2004) .................................. 3

iii

## FEDERAL STATUTES

29 C.F.R. §§ 1620.15-17 ................................................................................................ 5, 6

29 U.S.C. 206(d)(1) ............................................................................................................ 5

## FEDERAL RULES

Fed. R. Civ. Pro. 59(e) ....................................................................................................... 2

## LOCAL RULES

Local R. Civ. Pro. 7.1.5 ..................................................................................................... 2

## I.    INTRODUCTION

Mindful of the stringent standard to be applied to motions for reconsideration, Defendant Bottling Group, LLC ("PBG") respectfully requests that the Court reconsider its denial of summary judgment to PBG on Plaintiff's driver-based failure to promote claims and Equal Pay Act ("EPA") claims, as there is no genuine issue of material fact as to any element of these claims and, thus, the claims fail as a matter of law.

## II.    NATURE AND STAGE OF PROCEEDINGS

On March 28, 2007, PBG filed a motion for summary judgment seeking dismissal of Plaintiff's claims. [D.I. 111-113]. On April 23, 2007, Plaintiff filed an answering brief in opposition to PBG's motion.[1] [D.I. 115-117]. On May 3, 2007 PBG filed a reply brief in further support of its motion. [D.I. 118-119]. On March 19, 2008, this Court entered an Order granting in part and denying in part PBG's motion. [D.I. 123-124]. PBG now respectfully requests that the Court reconsider its denial of summary judgment to PBG on Plaintiff's driver-based failure to promote and EPA claims.

## III.    STATEMENT OF FACTS

PBG incorporates by reference the Statement of Undisputed Material Facts set forth in its memorandum of law in support of its motion for summary judgment. *See* D.I. 112.

## IV.    SUMMARY OF ARGUMENT

Plaintiff's driver-based failure to promote and EPA claims fail as a matter of law and should be dismissed. As set forth more fully below, Plaintiff's driver-based failure to promote claims fail because Plaintiff failed to apply for the positions in question and failed to

---

[1]    Plaintiff's brief also purported to respond to the motion for summary judgment filed by the Teamsters Local Union 830.

meet objective job qualifications. Similarly, Plaintiff cannot establish a claim under the EPA because Plaintiff cannot prove that she was paid less than her similarly situated male co-workers. For these reasons, summary judgment should be entered in favor of PBG and against Plaintiff on her driver-based failure to promote and EPA claims.

## V. ARGUMENT

### A. Standard of Review

Under Federal Rule of Civil Procedure 59(e), a litigant may move to alter or amend a judgment within ten days of its entry. Similarly, Local Rule 7.1.5 allows a party to seek a motion for reargument. The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Thus, a judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café, by Lou Ann, Inc., v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

PBG submits that reconsideration should be granted to correct errors of law and fact and to prevent manifest injustice.

### B. Plaintiff's Claim That She Was Denied Promotions to Several Driver Positions Fails as a Matter of Law.

In its motion for summary judgment, PBG moved to dismiss Plaintiff's claims that she was discriminatorily denied the following driver positions:

(1) all driver positions in 2001, 2002, 2003 and 2004 (Ex. 3, Pl. Dep. at 136-40, attached the Appendix of Exhibits of Defendant Bottling Group, LLC in support of its Motion for Reconsideration (the "Appendix") as Exhibit 1); and

(2) a full service vending (driving position) in 2002 (Id. at 140).

Although the Court acknowledged that Plaintiff failed to respond to PBG's motion with respect to her driver position claims, the Court nonetheless denied PBG's motion as to all of Plaintiff's failure to promote claims. Tillman v. The Pepsi Bottling Group, Inc. and Teamsters Local Union 830, No. 04-1314-SLR, 2008 U.S. Dist. LEXIS 21634, at * 59, 67-68 (D. Del. March 19, 2008). For the reasons set forth in PBG's initial brief and amplified below, however, Plaintiff's claim that she was wrongfully denied promotions to several driver positions fails as a matter of law and, thus, must be dismissed.

First, Plaintiff admitted at her deposition that she did not apply for a number of driver positions on which she bases her failure to promote claims. (See Ex. 3, Pl. Dep. at 162-66, attached to the Appendix as Exhibit 1). Given that it is undisputed that Plaintiff did not apply for many of these positions, she cannot now rely on them to support her claims for denial of promotion. See Williams v. Rohm and Haas Co., 90 Fed. Appx. 627, at *5 (3d Cir. 2004) (affirming district court's holding that plaintiff's failure to apply for posted jobs was fatal to his *prima facie case*); Bates v. Tandy Corp., No. 03-5519, 2005 WL 1798825 *16 (E.D. Pa. Aug. 1, 2005) (holding plaintiffs' failure to apply for training program precluded them from stating *prima facie* case for failure to promote).

Second, with respect to the driver positions for which she did apply, Plaintiff was not qualified for the positions because she did not have the required CDL-A license.[2] See e.g., Collins v. Board of Trustees of the University of Alabama, No. 05-16268, 2006 U.S. App. LEXIS 29989, at *3 (11th Cir. Dec. 6, 2006) (plaintiff was not qualified for promotion where he did not possess the requisite Associate's degree); Williams v. Rohm and Haas Co., 99-CV-5203, 2003 U.S. Dist. LEXIS 26559, at *36-37 (E.D. Pa. May 2, 2003), aff'd, 90 Fed. Appx. 627 (2004) (plaintiff was not qualified for two promotions where he failed to meet experiential requirements for the positions).

Third, and, most importantly, as evidenced by her failure to address the driver positions in her answering brief, Plaintiff does not dispute, but rather implicitly concedes that she did not apply for and was not qualified for these positions. See Resolution Trust Corp. v. Dunmar Corp., 43 F.3d 587, 599 (11th Cir. 1995) (noting that "grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned"); Ankele v. Hambrick, 286 F. Supp. 2d 485, 496 (E.D. Pa. 2003), aff'd, 136 Fed. Appx. 551 (2005) (finding that a plaintiff who fails to respond to arguments regarding particular claims in a summary judgment motion has waived those claims).

Nor has Plaintiff, as she must, offered anything other than her own speculation to demonstrate that the denial of these promotions occurred under circumstances giving rise to an inference of discrimination. The Third Circuit has held that this is not enough. See Robin Construction Co. v. United States, 345 F.2d 610, 614 (3d Cir. 1965) (in response to a motion for

---

[2] Indeed, Plaintiff did not obtain her CDL-A license until September 2004 and was awarded a driving position shortly thereafter. (Ex. 3, Pl. Dep. at 247, attached to the Appendix as Exhibit 1; Ex. 8, Altman Verification ¶ 10, attached to the Appendix as Exhibit 2). Thus, all of her applications for driving positions, occurred before she obtained her CDL-A license.

summary judgment "an adverse party may not rest upon the mere allegations or denials of his pleading, but his response . . . must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.") (internal citations omitted); Devore v. City of Phila., No. 04-3030, 2005 U.S. Dist. LEXIS 19582, at *11 (E.D. Pa. Sept. 7, 2005) ("The Third Circuit has held that mere inferences, conjecture, speculation or suspicion are insufficient to establish a material fact upon which to base a denial of summary judgment.") (internal citations omitted).

In short, because Plaintiff failed to raise a genuine issue of material fact as to any element of her driver-based failure to promote claims, Plaintiff's claims must be dismissed.

### C. Plaintiff Has Not Demonstrated That She Received Unequal Pay Under the Equal Pay Act.

Like her driver-based failure to promote claim, Plaintiff's EPA claim also must be dismissed.

The purpose of the EPA is to ensure that men and women who work in the same establishment and perform work which is equal in terms of skill, effort and responsibility under similar working conditions, receive equal wages. See 29 U.S.C. 206(d)(1). The federal regulations implementing the Act provide that equal skill includes the consideration of factors such as experience, training, education, and ability; equal effort is concerned "with the measurement of the physical or mental exertion needed for the performance of a job"; and equal responsibility refers to "the degree of accountability required in the performance of the job." 29 C.F.R. §§ 1620.15-17.

Although Plaintiff claims that she was paid less than her male counterparts while performing the same work, PBG has identified three male employees -- Matt Fields, Mark Maragus and Dave Zimbala -- who, like Plaintiff, were non-union merchandisers temporarily

assigned to work in the conventional sub-department and who, like Plaintiff, received the exact same merchandiser rate. (Ex. 30, Altman Dep. at 129-30, 145, 148-49, attached to the Appendix as Exhibit 3). Because she cannot, Plaintiff does not dispute that these men performed the same job as she and received the same wages. See Grant v. General Motors Corp., 908 F.2d 1303, 1311 (6th Cir. 1990) (Employer's decision to transfer female employee to lower paying job did not support an Equal Pay Act claim where she received the same wages as men performing tasks that she performed after her reassignment).

In short, under the factors to be considered in determining whether job functions are substantially equal, none of which is length of time in the job (see 29 C.F.R. §§ 1620.15-17), PBG has demonstrated that Plaintiff received equal wages for equal work. Accordingly, Plaintiff's EPA claim fails as a matter of law and must be dismissed.

[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

## VI. CONCLUSION

For all the foregoing reasons, Defendant respectfully requests that this Court grant its motion for reconsideration and dismiss Plaintiff's driver-based failure to promote claims and her EPA claim.

Dated: April 2, 2008  
Wilmington, Delaware

Respectfully submitted,

/s/ Leslie C. Heilman  
Leslie C. Heilman (DE Bar No. 4716)  
Ballard Spahr Andrews & Ingersoll, LLP  
919 N. Market Street, 12th Floor  
Wilmington, DE 19801-3034  
Telephone: (302) 252-4465  
Facsimile: (302) 252-4466  
Email: heilmanl@ballardspahr.com

Attorneys for Defendant,  
Bottling Group, LLC

OF COUNSEL:  
Daniel V. Johns  
Lucretia C. Clemons  
Aisha M. Barbour  
Ballard Spahr Andrews & Ingersoll, LLP  
1735 Market Street, 51st Floor  
Philadelphia, PA 19103-7599  
(215) 665-8500