IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MARLAYNA G. TILLMAN, | : | C.A. No.: 04-1314(SLR) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| THE PEPSI BOTTLING GROUP, INC., | : | |
| and TEAMSTERS LOCAL UNION | : | |
| 830, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**ANSWERING BRIEF OF PLAINTIFF, MARLAYNA G. TILLMAN
IN OPPOSITION TO DEFENDANT, BOTTLING GROUP, LLC'S
<u>MOTION FOR RECONSIDERATION</u>**

Barbara H. Stratton, Esq.
KNEPPER & STRATTON
1228 North King Street
Wilmington, DE 19801
(302) 658-1717
Delaware Bar ID#2785
Attorney for Plaintiff

Pro Hac Vice Counsel:
Attorney for Plaintiff
J. Stephen Woodside, Esq.
J. STEPHEN WOODSIDE, P.C.
One Montgomery Plaza
425 Swede Street, Suite 605
Norristown, PA 19401
(610) 278-2442

Dated: April 30, 2008

# TABLE OF CONTENTS

Page

I.    NATURE AND STAGE OF THE PROCEEDINGS ........................................... 1

II    COUNTER-STATEMENT OF MATERIAL FACTS ....................................... 1

III.   SUMMARY OF THE ARGUMENT ................................................. 1

IV.   ARGUMENT ..................................................................... 2

    A.   The Court's adjudication of plaintiff's failure to promote claims
        on summary judgment in favor of plaintiff requires no alteration
        or amendment on reconsideration ........................................... 2

    B.   Plaintiff has established a *prima facie* case of unequal pay, and Pepsi
        has established no grounds to alter or amend the summary judgment
        under the Equal Pay Act or Title VII ..................................... 3

        1.   The court correctly determined that plaintiff established a
            *prima facie* case under the Equal Pay Act ................................. 4

        2.   Pepsi has produced no evidence that the male merchandisers
            temporarily working in the convenience store department
            were plaintiff's co-workers earning equal pay under the
            Equal Pay Act ........................................................... 5

        3.   Pepsi's attempt to compare plaintiff to temporary male
            merchandisers working in the convenience store department,
            to show she earned equal pay, fails as an affirmative under
            the Equal Pay Act ....................................................... 7

V.    CONCLUSION .................................................................. 8

## TABLE OF AUTHORITIES

### FEDERAL CASES

Page

*Tillman v. The Pepsi Bottling Group, Inc. and Teamsters Local Union 830,*
   No. 04-1314-SLR, 2008 U.S.Dist. LEXIS 21634 (D.Del. March 19, 2008) ........ 2, 3, 4, 5, 6, 7

*Grant v. General Motors Corporation,* 908 F.2d 1303 (6th Cir.1990) ............................... 6

### FEDERAL STATUTES AND RULES

F.R.Civ.P. 59(e) ................................................................................................................ 2, 3, 7

29 U.S.C. §206(d)(1) ........................................................................................................ 3, 7

## I.    NATURE AND STAGE OF THE PROCEEDINGS

On March 28, 2007, defendant, Pepsi Bottling Group, LLC ("Pepsi") filed its motion for summary judgment seeking a dismissal of plaintiff's claims. D.I. 111-113. On April 23, 2007, plaintiff filed her answering brief in opposition to Pepsi's motion for summary judgment. D.I. 115-117. On May 3, 2007, Pepsi filed its reply brief in further support of the motion. D.I. 118-119. On March 19, 2008, this Court entered an order granting in part and denying in part Pepsi's motion for summary judgment. D.I. 123-124. On April 2, 2008, Pepsi filed its motion for reconsideration of the order on summary judgment on plaintiff's driver-based failure to promote and Equal Pay Act claims. D.I. 120. Plaintiff files this answering brief in opposition to the motion for reconsideration, requesting that the motion be denied.

## II.    COUNTER-STATEMENT OF MATERIAL FACTS

Plaintiff incorporates by reference her counter-statement of material facts filed as part of plaintiff's answering brief in opposition to defendant, Pepsi's motion for summary judgment.

## III.    SUMMARY OF THE ARGUMENT

The court's adjudication of plaintiff's failure to promote claims on summary judgment in favor of plaintiff requires no alteration or amendment on reconsideration. The court correctly ruled plaintiff established a prima facie case of unequal pay, and Pepsi's motion establishes no grounds to alter or amend summary judgment in favor of plaintiff under the Equal Pay Act or Title VII. Pepsi's attempt to compare plaintiff to temporary non-union male merchandisers working in the convenience store department, to show plaintiff earned equal pay, fails as an attack on the prima facie case or as an affirmative defense. Overall, Pepsi's motion fails the

1

requisite standard for reconsideration under Rule 59(e), and the motion must be denied.

## IV.    ARGUMENT

### A.    The Court's adjudication of plaintiff's failure to promote claims on summary judgment in favor of plaintiff requires no alteration or amendment on reconsideration

In response to Pepsi's motion for summary judgment, "plaintiff contend[ed] that Pepsi unlawfully discriminated against her on the bases [sic] of sex and gender with respect to the decisions to not promote her to three positions: (1) an April, 2003 jockey position in the transport department; and (2) two route loader positions in May 2003 (citations to the record omitted). Tillman v. The Pepsi Bottling Group, Inc. and Teamsters Local Union 830, No. 04-1314-SLR, 2008 U.S.Dist. LEXIS 21634, at * 58 (D.Del. March 19, 2008). "Although plaintiff testified in her deposition that she wrongfully did not receive driver positions (citations to the record omitted), these failure to promote claims [were] not addressed in plaintiff's answering brief and, therefore, the court [did] not address them. (citations to the record omitted)." Id. at *58, n. at 42. "Similarly, [because] plaintiff's brief did not address any alleged discriminatory failure to transfer, consequently, neither [did] the court. (See id.)". Id.

On the record, the court correctly determined plaintiff had presented sufficient evidence of both a prima facie case and pretext sufficient to render a jury verdict in her favor on the three employment positions plaintiff claimed she was denied. With these three employment positions in view, and no others, the court as a matter of fact and law correctly denied summary judgment "with respect to plaintiff's failure to promote claims." Id. at *68.

As articulated in the memorandum opinion by the court dated March 19, 2008, plaintiff did not advance any claims with respect to "driver positions in 2001, 2002, 2003 and 2004 or a

2

full service vending (driving) position in 2002." Deft's brief p.3. Because plaintiff did not

advance the claims, the court determined it had no need to address them. The order denying

Pepsi's motion for summary judgment on plaintiff's failure to promote claims is correctly

determined and articulated. Pepsi has stated no grounds under Rule 59(e) to alter or amend the

order. There is no clear error of law or fact, and no manifest injustice in the court's order or

memorandum that would permit or require reconsideration, and Pepsi has stated none. Under

applicable standards, Pepsi's motion for reconsideration must be denied.

**B.     Plaintiff has established a *prima facie* case of unequal pay, and Pepsi
has established no grounds to alter or amend the summary judgment
under the Equal Pay Act or Title VII**

As correctly held by this court, <u>Tillman v. The Pepsi Bottling Group, Inc. et al.</u>,

No. 04-1314-SLR, 2008 U.S.Dist. LEXIS 21634, a claim under the Equal Pay Act follows a two

step burden-shifting paradigm. To establish a prima facie case of unequal pay, a plaintiff must

demonstrate that she and a member of the opposite sex: (1) worked in the same establishment;

(2) received unequal wages; (3) for work that was equal in terms of skill, effort, and

responsibility; and (4) that was performed under similar working conditions ("prima facie

unequal pay test"). <u>Id.</u>, at *40-41 (citations of the court omitted); 29 U.S.C. §206(d)(1). The

burden then shifts to the employer to demonstrate the applicability of one of the four affirmative

defenses. <u>Id.</u>, at * 41. The employer must show that the unequal pay resulted from a seniority

system, a merit system, a system that measures earnings by quantity or quality of production, or

from any other factor other than sex. <u>Id.</u> at *41; 29 U.S.C. §206(d)(1). For the employer to

prevail at the summary judgment stage, the employer must prove at least one affirmative defense

"so clearly that no rational jury could find to the contrary." <u>Id.</u> (citation omitted).

3

1.    **The court correctly determined that plaintiff established a**
      ***prima facie* case under the Equal Pay Act**

This court correctly determined on the substantial record that when plaintiff worked in the convenience store department, she worked in the same establishment as male employees in the convenience store department and received a lower hourly wage. Id. at *42 (references to the record omitted). On the summary judgment record, this court correctly focused its discussion of the prima facie elements on whether plaintiff's work was equal in terms of skill, effort and responsibility, Id. at *42, as (again, on the record) "the first two prongs and the fourth prong of the test hav[e] been conceded by both parties". Id.

In determining if plaintiff performed equal work to the males in the convenience store department, the court did "not place substantial weight on the fact that, technically, plaintiff was a merchandiser with different job responsibilities than the male employees whom she was assisting for eight months." Id. at *45. "Regardless of titles and classifications, [plaintiff] performed equal work and was as valuable to management as any other employee in the convenience store department for the eight months she was assigned to assist in that department". Id. Although finding plaintiff did not satisfy every job prerequisite nor performed every single job function typical to relief drivers" (Id. at *46), plaintiff "merchandised and serviced customers on an assigned route and fulfilled miscellaneous duties assigned to her by managers, responsibilities listed in the exact same job [relief driver] posting." Id.

Finding that plaintiff's work performed in the convenience store department was substantially equal to her male co-workers who were relief drivers paid the higher wage, viewing facts and inferences in light most favorable to plaintiff, this court correctly held plaintiff satisfied

4

the third prong of the prima facie equal pay test, and therefore established a prima facie case

under the Equal Pay Act. Id. at *46-47.

> **2.    Pepsi has produced no evidence that the male merchandisers temporarily working in the convenience store department were plaintiff's co-workers earning equal pay under the Equal Pay Act**

Pepsi argues on reconsideration that three male non-union merchandisers

temporarily assigned to work in the conventional sub-department, like plaintiff, received the

exact same merchandiser rate. Pepsi further argues that because plaintiff "cannot dispute that

these men performed the same job as she and received the same wages", plaintiff received an

equal wage for equal work, and her Equal Pay Act claim fails. Pepsi's memorandum of law, p. 6.

There is no evidence in the record supporting this argument. Under the strict standards on

reconsideration, the argument fails.   First, Pepsi incorrectly relies solely on a label of "non-union

merchandiser" working in the conventional (convenience store) department.  This court correctly

determined for purposes of plaintiff's work in the convenience department that labels have no

meaning, Id. at *45, and Pepsi has cited no authority to the contrary.

In addition, Pepsi appears to argue that plaintiff, while performing the relief-driver

conventional work the court found she performed, actually worked in a putative "sub-

department" of the convenience store department where the other male merchandisers  worked.

However, Pepsi offered no evidence of any job classifications, organization, or duties in this

"sub-department", and no evidence identifying the circumstances under which these men were

working in conventional.  The court correctly addressed plaintiff's claims only in the context of

the work performed by plaintiff compared to union-scale  men working in the convenience store

department for the specified eight months, and Pepsi offered virtually no evidence to direct the

court otherwise. Id. at *42, n. 35.

Third, absent from the record is any evidence of the job duties or assignments of the three male merchandisers Pepsi claimed worked in the conventional department, what work these men actually performed (if any) or what they were paid. Without such evidence (other than a mere label and speculation), it is impossible for this court to compare plaintiff's work in convenience department to the other male non-union merchandisers Pepsi claims were also working in the convenience department, either in terms of skill, effort or responsibility or by any other measure.

Because no comparison can be made, Pepsi fails in its argument that these three male non-union merchandisers working in convenience stores were plaintiff's co-workers in that department for purposes of testing plaintiff's Equal Pay Act claim.[1] No rational jury could find plaintiff performed equal work in conventional as other male merchandisers for the same pay as these men, and Pepsi has identified no evidence on reconsideration to support such a position.

Under the applicable standard of review for a motion for reconsideration, Pepsi's motion must be denied. .

### 3.    Pepsi's attempt to compare plaintiff to temporary male merchandisers working in the convenience store department, to show she earned equal pay, fails as an affirmative under the Equal Pay Act

---

[1]Grant v. General Motors Corporation, 908 F.2d 1303 (6th Cir.1990) cited by Pepsi on reconsideration is completely inapposite authority to Tillman's Equal Pay Act claim. The plaintiff in Grant v. G.M conceded she received the same pay as the men in her re-assigned department, rendering her complaint that she did not receive the same pay in the job to which she was reassigned as the men who remained in the iron pourer positions beyond the purview of the Act. To allow her claim would impart a result contrary to the Act. Here, Tillman, performing union-scale convenience store work, is not claiming she is entitled to a merchandiser wage or any wage other than what the men performing work in convenience were actually paid, and Tillman never conceded and Pepsi cannot prove the work she performed in convenience was the same work (or any work) the male non-union merchandisers performed in the convenience department.

It is unclear in its motion for reconsideration whether Pepsi asserts its equal pay argument to alter the court's decision on the prima facie case under the Act, or in the affirmative defense stage. Either way, Pepsi's argument fails.

Under the two step burden shifting paradigm, when a prima facie case has been made out the burden shifts to the employer, Pepsi to demonstrate the applicability of one of four affirmative defenses available under the Equal Pay Act. 29 U.S.C.§206(d)(1). In meeting its burden, not only must Pepsi produce sufficient evidence from which a reasonable fact finder could conclude that the proffered reasons could explain the wage disparity, but the employer must produce sufficient evidence from which a reasonable fact finder could conclude the proffered reasons actually motivated the wage disparity. <u>Tillman v. The Pepsi Bottling Group, Inc. and Teamsters Local Union 830</u>, supra, at *41.

For the same reasons discussed in subpart §2, supra, and on the same record, Pepsi's attempt to compare plaintiff to the male non-union merchandisers performing convenience store work (if it ever happened) as a basis to claim she received equal pay as other men working in that department, fails as an affirmative defense. Viewing its argument and record on its motion, Pepsi has failed to demonstrate what the clear error of law or fact is that needs correction, or how the court's decision amounts to injustice. F.R.Civ.P. 59(e).

For Pepsi's argument to have any merit, Pepsi would have to show, by comparison, that plaintiff's work in the convenience store department for which she received a merchandiser rate, was substantially equal in skill, effort and responsibility to the work performed by the male merchandisers in convenience earning the same rate. Pepsi has offered *no evidence* on this point, rendering Pepsi's argument, if it succeeded, as an "interpretation [which] would destroy the

7

remedial purposes of the Equal Pay Act. Id. at *44.

Likewise, because of a failed record, the comparison Pepsi attempts to draw between plaintiff and the male merchandisers in the convenience store department is not the "case of genuine job classifications [where] the differences in work necessarily would be substantial and the differences in compensation therefore would be based on the differences in work which justified them." Id. at *44. All Pepsi has done by pointing to male merchandisers who might have also performed work in the convenience store department is to attempt to create an artificial job classification, and "Congress never intended that an artificially created job classification...could provide an escape for an employer from the operation of the Equal Pay Act...This would be too wide a door through which the content of the Act would disappear." Id. at *44.

Pepsi on reconsideration has presented no evidence from which the court could find its decision denying an affirmative defense on the Equal Pay Act claim (Id. at *52) must be altered or amended to correct a clear error of law or fact, or to prevent manifest injustice. Because Pepsi has not met the required standard on reconsideration, the motion must be denied.

## VI.   **CONCLUSION**

For all the foregoing reasons, plaintiff respectfully requests that defendant's motion for reconsideration of this court's order on summary judgment be denied.

8

Respectfully submitted:

KNEPPER & STRATTON

/s/ Barbara H. Stratton
Barbara H. Stratton, Esq.
1228 North King Street
Wilmington, DE 19801
(302) 658-1717
Delaware Bar ID#2785
Attorney for Plaintiff

Pro Hac Vice Counsel:
Attorney for Plaintiff
J. Stephen Woodside, Esq.
J. STEPHEN WOODSIDE, P.C.
One Montgomery Plaza
425 Swede Street, Suite 605
Norristown, PA 19401
(610) 278-2442

Dated: April 30, 2008

9

## CERTIFICATION OF SERVICE

I, Barbara H. Stratton, hereby certify that on April 30, 2008, J. Stephen Woodside caused

a true and correct copy of plaintiff's answering brief in opposition to defendant, Bottling Group,

LLC's motion for reconsideration to be served upon the following, by first class United States

Mail, postage prepaid:

> Lucretia Clemons, Esquire
> BALLARD SPAHR ANDREWS & INGERSOLL, LLP
> 51ST Floor
> 1735 Market Street
> Philadelphia, PA 19103
> (Attorney for The Pepsi Bottling Group, Inc.)
>
> Leslie C. Heilman, Esquire
> BALLARD SPAHR ANDREWS & INGERSOLL, LLP
> 919 N. Market Street, 12th Floor
> Wilmington, DE 19801
> (Attorney for The Pepsi Bottling Group, Inc.)

> KNEPPER & STRATTON
>
> /s/ Barbara H. Stratton
> Barbara H. Stratton, Esq.
> 1228 North King Street
> Wilmington, DE 19801
> (302) 658-1717
> Delaware Bar ID#2785
> Attorney for Plaintiff

Pro Hac Vice Counsel:
Attorney for Plaintiff
J. Stephen Woodside, Esq.
J. STEPHEN WOODSIDE, P.C.
One Montgomery Plaza
425 Swede Street, Suite 605
Norristown, PA 19401
(610) 278-2442

Dated:   April 30, 2008