IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARLAYNA G. TILLMAN, | : |
| Plaintiff, | : C.A. No.: 04-1314-SLR |
| v. | : |
| THE PEPSI BOTTLING GROUP, INC., and TEAMSTERS LOCAL UNION 830, | : |
| Defendants. | : |

---

**REPLY BRIEF OF DEFENDANT BOTTLING GROUP, LLC
IN FURTHER SUPPORT OF ITS
MOTION FOR RECONSIDERATION**

---

Leslie C. Heilman (DE Bar. No. 4716)
Ballard Spahr Andrews & Ingersoll, LLP
919 N. Market Street, 12th Floor
Wilmington, DE 19801
Telephone: (302) 252-4465
Facsimile: (302) 252-4466
Email: heilmanl@ballardspahr.com

OF COUNSEL:
Daniel V. Johns
Lucretia C. Clemons
Aisha M. Barbour
Ballard Spahr Andrews & Ingersoll, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
(215) 665-8500

Dated: May 7, 2008

## TABLE OF CONTENTS

                                                                                      **Page**

TABLE OF AUTHORITIES ................................................................................................... ii

I.     INTRODUCTION ........................................................................................................ 1

II.    PLAINTIFF'S DRIVER BASED FAILURE TO PROMOTE CLAIMS AND EPA CLAIM FAIL AS A MATTER OF LAW ................................................................... 1

III.   CONCLUSION ............................................................................................................ 2

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

*Ankele v. Hambrick*, 286 F.Supp.2d 485 (E.D. Pa. 2003), *aff'd*, 136 Fed. Appx. 551 (2005) .................................................................................................................. 1

*Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587 (11th Cir. 1995) ............................ 1

I.  **INTRODUCTION**

Defendant Bottling Group, LLC ("PBG") incorporates by reference the nature of proceedings, statement of facts, summary of argument and argument set forth in its initial brief in support of its motion for reconsideration, and writes only to address the deficiencies in plaintiff's answering brief.

II. **PLAINTIFF'S DRIVER-BASED FAILURE TO PROMOTE CLAIMS AND EPA CLAIM FAIL AS A MATTER OF LAW**

Plaintiff's response to PBG's motion for reconsideration further demonstrates why PBG's motion should be granted.

First, with respect to her driver-based failure to promote claims, Plaintiff fails to deny but instead unequivocally admits, that she failed to proffer any argument in response to PBG's motion for summary judgment. (Pl. Br. at 2-3). Because Plaintiff admittedly failed to address these claims that PBG moved to dismiss, the claims are abandoned. See Resolution Trust Corp. v. Dunmar Corp., 43 F.3d 587, 599 (11th Cir. 1995) (noting that "grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned"); Ankele v. Hambrick, 286 F. Supp. 2d 485, 496 (E.D. Pa. 2003), aff'd, 136 Fed. Appx. 551 (2005) (finding that a plaintiff who fails to respond to arguments regarding particular claims in a summary judgment motion has waived those claims). Accordingly, Plaintiff's driver-based failure to promote claims must be dismissed.

Second, in a futile effort to save her Equal Pay Act ("EPA") claim, Plaintiff wrongly contends that there is no evidence in the record that the three male employees PBG identified -- Matt Fields, Mark Maragus, and Dave Zimbala -- performed the same work as Plaintiff or received the same wages. (Pl. Br. 5-6) Yet, Plaintiff blatantly disregards, without explanation, the sworn deposition testimony of Sara Swartz Altman, the former Human

Resources Representative for PBG, that these men worked as helpers just as Plaintiff did when, like Plaintiff, they were temporarily assigned to work in the conventional sub-department and were paid the merchandiser rate. (Ex. 30, Altman Dep. at 129, 145, 148-49).

In short, try as she might, plaintiff cannot dispute that the three male employees identified by PBG, performed the same job and received the same wages as she did when they were temporarily assigned to work in the conventional sub-department. Because PBG has demonstrated that Plaintiff received equal wages for equal work, Plaintiff's claim under the EPA fails as a matter of law and should be dismissed.

### III. CONCLUSION

For the foregoing reasons, in addition to those set forth in PBG's initial brief in support of its motion for reconsideration, PBG respectfully requests that this Court grant its motion and dismiss Plaintiff's driver-based failure to promote claims and her EPA claim.

Dated: May 7, 2008
Wilmington, Delaware

Respectfully submitted,

/s/ Leslie C. Heilman
Leslie C. Heilman (DE Bar No. 4716)
Ballard Spahr Andrews & Ingersoll, LLP
919 N. Market Street, 12th Floor
Wilmington, DE 19801-3034
Telephone: (302) 252-4465
Facsimile: (302) 252-4466
Email: heilmanl@ballardspahr.com

Attorneys for Defendant,
Bottling Group, LLC

OF COUNSEL:
Daniel V. Johns
Lucretia C. Clemons
Aisha M. Barbour
Ballard Spahr Andrews & Ingersoll, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
(215) 665-8500