IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARLAYNA G. TILLMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 04-1314-SLR |
| | ) |
| THE PEPSI BOTTLING GROUP, | ) |
| INC., and TEAMSTERS LOCAL | ) |
| UNION 830, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 7th day of May, 2008, having reviewed defendant Pepsi's motion for reconsideration and the papers filed in connection therewith;

IT IS ORDERED that said motion (D.I. 125) is granted in part and denied in part, for the reasons that follow:

1. **Background**. Plaintiff Marlayna Tillman ("plaintiff") filed a complaint against defendants The Pepsi Bottling Group, Inc. ("Pepsi") and Teamsters Local Union 830 (the "Union") (collectively, "defendants") asserting various claims generally resulting from defendants' allegedly discriminatory conduct. (See D.I. 1) On March 22, 2007, the Union filed a motion for summary judgment with respect to all plaintiff's claims. (D.I. 105) The court granted the Union's motion on March 19, 2008. (D.I. 123; D.I. 124) On March 27 and March 28, 2007, Pepsi filed two motions for summary judgment. (D.I.

109; D.I. 111) Pepsi's first motion asked the court to grant summary judgment on its counterclaims for fraud and unjust enrichment, which the court denied. (D.I. 109; D.I. 123; D.I. 124) Pepsi's second motion requested summary judgment against plaintiff on all her claims. (D.I. 111) This motion was granted in part and denied in part. (D.I. 123; D.I. 124) Presently before the court is Pepsi's motion for reconsideration in which Pepsi requests the court to re-examine its determinations regarding plaintiff's driver-based failure to promote and Equal Pay Act ("EPA"), 29 U.S.C. § 206(d), claims. (D.I. 125)

      2. In the memorandum opinion addressing defendants' motions for summary judgment, the court discussed plaintiff's failure to promote claims with respect to an April 2003 jockey position in the transport department and two May 2003 route loader positions. (D.I. 124 at 35-36) Plaintiff, in her answering brief opposing summary judgment, did not discuss her allegedly wrongful denial of any driver positions, which she previously had asserted in her deposition testimony. (Id. at 36 n.42) The court noted plaintiff's failure to address the driver-based claims and, similarly, declined to address them; however, Pepsi did discuss these claims in its brief. (Id.; D.I. 112 at 24-26)

      3. The court found that genuine issues of material fact remained with respect to Pepsi's affirmative defense to plaintiff's EPA claims and denied summary judgment.[1] (D.I. 123 at 32) In particular, the court discussed the elements of a prima facie case and noted that plaintiff successfully established that she and a member of the opposite sex received unequal wages for work that was equal in terms of skill, effort, and

---

[1] Pepsi asserts that any differences in pay are attributable to a "factor other than sex."

responsibility and that was performed under similar working conditions. See 29 U.S.C. § 206(d)(1); D.I. 123 at 25.  In determining whether plaintiff performed equal work to the males in the convenience store department, the court did not place substantial weight on the fact that, technically, plaintiff was a merchandiser with different job responsibilities than the male employees whom she was assisting for eight months. (D.I. 123 at 28)  The court compared plaintiff's temporary duties in the convenience store department to relief drivers permanently assigned to the convenience store department and, viewing all facts and inferences in the light most favorable to plaintiff, determined that plaintiff had satisfied this requirement. (Id.)

    4. **Standard**. Motions for reconsideration are the "functional equivalent" of motions to alter or amend judgment under Federal Rule of Civil Procedure 59(e). See Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1352 (3d Cir. 1990) (citing Fed. Kemper Ins. Co. v. Rauscher, 807 F.2d 345, 348 (3d Cir. 1986)).  The standard for obtaining relief under Rule 59(e) is difficult for a plaintiff to meet.  The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café ex-rel Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)).  Therefore, a court may exercise its discretion to alter or amend its judgment if the movant demonstrates one of the following:  (1) a change in the controlling law; (2) a need to correct a clear error of law or fact or to prevent manifest injustice; or (3) availability of new evidence not available when the judgment was granted. See id.

    5. A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. See Glendon Energy Co. v. Borough of

Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993).  Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." Brambles USA, Inc. v. Blocker, 735 F. Supp. 1239, 1240 (D. Del. 1990).  Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension."  Id. at 1241 (citations omitted); see also D. Del. LR 7.1.5.

    6. **Discussion**.  Pepsi submits that reconsideration is necessary to "correct errors of law and fact and to prevent manifest injustice." (D.I. 126 at 2)  Specifically, Pepsi asserts that plaintiff's failure to promote claims regarding driver positions fail as a matter of law because plaintiff either did not apply or did not meet objective qualification criteria for these positions.  (Id. at 3-4)  Pepsi's motion for reconsideration is based on the wording of the court's prior order, which denied summary judgment (consistent with the memorandum opinion) with respect to plaintiff's driver-based failure to promote claims.  In reviewing the papers, however, it is evident that Pepsi did address these claims and plaintiff, who had an obligation to respond, failed to do so.  The court, therefore, grants Pepsi's motion in this regard.

    7.  Pepsi also contends that reconsideration of plaintiff's EPA claims is merited because "plaintiff cannot prove that she was paid less than her similarly situated male co-workers." (D.I. 126 at 2)  Specifically, Pepsi identified three male employees – Matt Fields, Mark Maragus and Dave Zimbala – who, it alleges, were non-union "merchandisers" temporarily assigned to work in the convenience store department and

4

who received the merchandiser rate of pay. (Id. at 5-6) Pepsi asserts that, "[b]ecause she cannot, [p]laintiff does not dispute that these men performed the same job as she and received the same wages." (Id. at 6) "In short, under the factors to be considered in determining whether job functions are substantially equal, none of which is length of time in job, [Pepsi argues it] has demonstrated that [p]laintiff received equal wages for equal work."[2] (Id.) (internal citation omitted)

8. With respect to plaintiff's prima facie case, the court understands Pepsi's argument to be that reconsideration is warranted because the court used an incorrect "comparator."[3] Plaintiff, essentially, had two sets of male co-workers while she assisted the convenience store department: (1) "merchandisers" temporarily assigned to assist; and (2) unionized relief drivers permanently assigned. Although the court did not specifically address the above mentioned male workers identified by Pepsi, Pepsi has failed to demonstrate how this omission is an error of law or fact, or results in manifest injustice such that reconsideration is warranted. The existence of these three men, who share plaintiff's job title and also were temporarily transferred to assist the convenience store department for varying amounts of time, does not negate the court's prior determination that plaintiff established a prima facie case when her work was

---

[2] It is unclear to the court whether Pepsi's contentions relate to the court's determination of plaintiff's prima facie case or Pepsi's affirmative defense.

[3] Pepsi appears to assert that the "similarly situated" male employees refute the prima facie element of unequal pay because plaintiff was paid at an equivalent rate when compared with these employees. (D.I. 126 at 5) Pepsi, however, initially discussed these "similarly situated" employees only with respect to its affirmative defense. (D.I. 112 at 20)

5

compared to the relief drivers.[4]  Moreover, Pepsi did not contend, in its initial summary judgment papers, that these three "similarly-situated" men were the proper "comparators" for plaintiff's EPA claims;[5] instead, Pepsi's initial arguments compared the work of merchandisers and relief drivers.  (See D.I. 112 at 18-20)  The court, therefore, declines to re-examine its holding with respect to plaintiff's prima facie case.  See Brambles, 735 F. Supp. at 1240 (stating that new issues, which were inexcusably not presented to the court initially, are not properly considered within a motion for reconsideration).

9.  Similarly, Pepsi's failure to assert this argument initially precludes the court from reconsidering its determination with respect to Pepsi's affirmative defense.  See id.  Moreover, Pepsi has failed to identify what the clear error of law or fact is or how the court's decision results in manifest injustice besides the general statement noted above.  (See D.I. 126)

---

[4]Pepsi relies on Grant v. General Motors Corp., 908 F.2d 1303, 1311-12 (6th Cir. 1990), in which the Court of Appeals for the Sixth Circuit discussed a plaintiff's EPA claim.  In Grant, plaintiff's employer transferred her from a higher paying department to a lower paying department.  The Court determined that it was not proper to compare plaintiff's current (lower) wages to the earnings of male workers in her previous department for purposes of the EPA.  See id.  The instant case is distinguishable from Grant because, here, the potential "comparators" co-exist within the same department.

[5]The court cannot evaluate whether these "similarly situated" employees performed "equal work" as Pepsi asserts.  See Brobst v. Columbus Servs. Int'l, 761 F.2d 148, 155 (3d Cir. 1985) (stating that for the "equal work" determination, "[p]laintiffs must establish their case by proving actual job content; by the same token the employer may not rely merely on job title").  Not only are the necessary facts for this determination not before the court, but Pepsi asserts this interpretation for the first time in this motion.  (See D.I. 112 at 18-20)  Pepsi, however, may assert this interpretation at trial as long as there is record support for it.  See Heller v. Elizabeth Forward School District, 182 Fed. Appx. 91, 95 (3d Cir. 2006) (non-precedential) (stating that determining whether jobs are similarly situated is a fact issue appropriate for the jury).

IT IS FURTHER ORDERED that Pepsi's motion for summary judgment (D.I. 111) is granted with respect to plaintiff's driver-based failure to promote claims.

_____
United States District Judge